Gena L. Sluga, 018633
gsluga@cdslawfirm.com
Justin Vanderveer, 037657
jvanderveer@cdslawfirm.com
CHRISTIAN DICHTER & SLUGA, P.C.
2800 North Central Avenue, Suite 860
Phoenix, Arizona 85004
Telephone: (602) 792-1700
Facsimile: (602) 792-1710

Wystan M. Ackerman (*Pro Hac Vice* Motion to be Filed)
Wm Maxwell Daley (*Pro Hac Vice* Motion to be Filed)
**ROBINSON & COLE LLP**
One State Street
Hartford, Connecticut 06103
Telephone:   (860) 275-8200
Facsimile:   (860) 275-8299
E-mail:      wackerman@rc.com
             wdaley@rc.com

*Attorneys for Defendants Erickson Companies, LLC
and Erickson Framing AZ, LLC*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Anwar Abdel Rahman, | C.A. No. _____ |
| Plaintiff. | |
| vs. | **NOTICE OF REMOVAL** |
| Erickson Companies, LLC, Erickson Framing AZ, LLC, and DOES 1 through 1000, inclusive, | |
| Defendants. | |

Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d)(2), 1441, 1446, 1453(b), Defendants Erickson Framing Operations LLC improperly named as Erickson Companies, LLC (the "Erickson") and Erickson Framing AZ, LLC ("Erickson Framing AZ") (collectively "Defendants") hereby remove the action captioned as *Anwar Abdel Rahman, individually, and on behalf of all others similarly situated v. Erickson Companies LLC, Erickson Framing AZ, LLC and, Does 1 through 100,* Case Number

M4830\485614\277979270

CV2025-011763 from the Superior Court of the State of Arizona in and for the County of Maricopa (the "State Court Action") to this Court. This action is removable under CAFA because it is a putative class action lawsuit and CAFA's statutory requirements are satisfied. In support of this Notice, Defendants state as follows:

## I. BACKGROUND AND PROCEDURAL HISTORY

### A. THE STATE COURT ACTION

1. Plaintiff commenced a civil action on or about April 2, 2025, by filing a Summons and Complaint in the Superior Court of the State of Arizona in and for the County of Maricopa—the State Court Action.

2. Subsequently, on or about April 23, 2025, Plaintiff filed a First Amended Complaint ("Amended Complaint"). The Amended Complaint, which is attached as **Exhibit 4**, names Erickson and Erickson Framing as defendants, in addition to unidentified "Doe" defendants "1 through 100."

3. On April 29, 2025, the Summons and Amended Complaint were served on Capital Corporate Services, Inc. as Defendants' agent for service of process.

4. As explained further below, the State Court Action is removable under CAFA, 28 U.S.C. §§ 1332(d) and 1453(b).

### B. PLAINTIFF'S CLAIMS[1]

5. Plaintiff alleges that he is a resident and citizen of the State of Arizona. (**Ex. 4**, Am. Compl., ¶ 10).

6. Erickson is a Delaware limited liability company that is wholly owned by Synergos Companies LLC, its sole member. Synergos Companies LLC is wholly owned

---

[1] Defendants do not admit the underlying facts as alleged by Plaintiff or as summarized herein. Defendants expressly deny any liability to Plaintiff or the putative class. Defendants reserve their rights to challenge the legal sufficiency of the allegations in the Complaint.

by Asahi Kasei Homes North America, Inc. which is a Delaware corporation with its principal place of business in Arizona. Accordingly, Erickson is a citizen of Delaware and Arizona for diversity jurisdiction purposes. *See*, *e.g.*, *Voltage Pictures, LLC v. Gussi, S.A. de C.V.*, 92 F.4th 815, 823 (9th Cir. 2024) ("The citizenship of a limited liability company is determined by the citizenship of its members.").

7. Erickson Framing AZ is a Delaware limited liability company, that is wholly owned by Erickson, its sole member. As stated in the preceding paragraph, Erickson is ultimately owned by Asahi Kasei Homes North America, Inc., which is a Delaware corporation with its principal place of business in Arizona. Accordingly, Erickson Framing AZ is a citizen of Delaware and Arizona for diversity jurisdiction purposes. *Voltage Pictures, LLC*, 92 F.4th at 823.

8. Plaintiff vaguely alleges that certain of his "personally identifiable information" or "PII" maintained on Defendants' network was accessed due to the actions of an unknown third-party. Am. Compl., ¶¶ 1, 2. Plaintiff seeks to bring this action on behalf of himself and a putative class of "11,820 other similarly situated persons." *Id.* ¶ 2 (footnote omitted).[2]

9. Plaintiff claims that Defendants were the victims of a cyberattack where "one or more unauthorized third parties accessed Class Members' sensitive data," and Defendants provided notice of the incident on or about March 12, 2025. *Id.* ¶¶ 2, 32, 34.

---

[2] Plaintiff alleges that "Defendants received highly sensitive PII from Representative Plaintiff in connection with the healthcare services . . . received." *Id.* ¶ 11; *see also id.* ¶¶ 13, 39, 61, 67. However, based on his own allegations, this is demonstrably incorrect. *See id.* ¶ 21 ("Defendants operate a construction company that manufactures complete framing systems such as wall panels or panels and roof systems that hip and erect at the job site"). The data that was allegedly accessed in the incident was that of certain of Defendants' employees and *not* healthcare data, further making the Complaint's references to HIPAA entirely inapt (*id.* ¶¶ 38, 95).

3

10. Plaintiff alleges to have incurred the following classes of damages: "time spent verifying the legitimacy and impact of the Data Breach, exploring credit monitoring and identity theft insurance options, self-monitoring representative Plaintiff's accounts and seeking legal counsel regarding Representative Plaintiff's options for remedying and/or mitigating the effects of the Data Breach," "actual injury in the form of damages to and diminution in the value of Representative Plaintiff's PII"; "lost time, annoyance, interference and inconvenience as a result of the Data Breach and has anxiety and increased concerns for the loss of privacy, as well as anxiety over the impact of cybercriminals accessing, using and selling Representative Plaintiff's PII": "imminent and impending injury arising from the substantially increased risk of fraud, identity theft and misuse [of Plaintiff's PII]." Am. Compl., ¶¶ 16–19.

11. Plaintiff alleges the following with respect to purported valuations of some classes of alleged damages: "personal information can be sold at a price ranging from $40 to $200, and bank details have a price range of $50 to $200," and "a stolen credit or debit card number can sell for $5 to $110 on the dark web." Am. Compl., ¶ 60 (footnote omitted)).

12. In addition, Plaintiff seeks punitive damages and attorney's fees, Am. Compl. ¶ 116, which are potentially awardable under the Arizona Consumer Fraud Act, A.R.S. §§ 44-1521, *et seq.* ("ACFA"), and are properly considered in determining the amount in controversy. *See, e.g., Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (potential punitive damages may be considered in determining amount in controversy under CAFA); *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018) ("Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract.").

13. Based on these allegations, the Complaint asserts three causes of action against Defendants: Negligence (Am. Compl. ¶¶ 73–98); Breach of Implied Contract (*id.* ¶¶ 99–107); and Arizona Consumer Fraud Act, A.R.S. §§ 44-1521, *et seq.* (*id.* ¶¶ 108–116).

14. The Complaint also includes "Class Action Allegations." *Id.* at ¶¶ 23–31. Plaintiff claims that there are, at least, 11,820 member of the class. *Id.* at ¶¶ 2, 33.

15. Plaintiff seeks class treatment under Rule 23 of the Arizona Rules of Civil Procedure (*id.* at ¶ 23), and, subject to certain exclusions, Plaintiff defines the proposed nationwide class as "[a]ll individuals whose PII was exposed to unauthorized third parties as a result of the data breach discovered by Defendants on November 18, 2024." *Id.*

## II. VENUE

16. Venue is proper in this District because it is the district embracing the place where the State Court Action is pending. 28 U.S.C. § 1441(a); *see also Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953).

## III. BASIS FOR REMOVAL

17. The State Court Action is removable under CAFA, 28 U.S.C. §§ 1332(d) and 1453(b).

18. Removal is proper under 28 U.S.C. § 1332(d)(2), where, as here, a proposed class action is filed in which there is minimal diversity of citizenship, at least 100 members of the proposed class as alleged, and the aggregate amount in controversy for the entire proposed class as alleged exceeds $5,000,000.

### A. THIS CASE IS A CLASS ACTION

19. This case is a "class action" within the meaning of CAFA because it was pled as a putative class action by the Plaintiff, under Rule 23 of the Arizona Rules of Civil Procedure, which is a state-court rule authorizing an action to be brought by one or more

5

representative persons as a class action.  Compl., ¶ 23.  *See* 28 U.S.C. § 1332(d)(1)(B) (the term "'class action' means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action").

20. CAFA is applicable "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8).

21. Here, Plaintiff identifies the case as being brought on behalf of those similarly situated, with Plaintiff at least purporting to act as a representative of a class alleged to have been harmed by Defendants. *See*, *e.g.*, Am. Compl. ¶ 23. Accordingly, the State Court Action is a "class action" as that term is defined under CAFA.

### C. MINIMAL DIVERSITY REQUIREMENTS ARE MET

22. This case satisfies the minimal diversity requirement of CAFA because at least one member of the putative class is a citizen of a state different from at least one defendant. *See* 28 U.S.C. § 1332(d)(2)(A) (merely requiring that "any member of a class of plaintiffs is a citizen of a State different from any defendant").

23. The Complaint, in relevant part, defines the proposed nationwide class as follows:

> All individuals whose PII was exposed to unauthorized third parties as a result of the data breach discovered by Defendants on November 18, 2024.

Am. Compl., ¶ 23.

24. Based on information presently available to Defendants, members of the proposed class are residents and likely citizens of the following thirty-six (36) states: Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maine, Maryland, Massachusetts, Michigan, Mississippi, Missouri, Montana, Nevada, New Mexico, New York, North Carolina, North

Dakota, Ohio, Oklahoma, Oregon, South Carolina, Tennessee, Texas, Utah, Virginia, Washington, and Wisconsin. Accordingly, there is minimal diversity under CAFA because a "member of a class of plaintiffs is a citizen of a State different from [Defendants]." 28 U.S.C. § 1332(d)(2)(A).

### D. CAFA'S 100-MEMBER REQUIREMENT IS ALLEGED

25. CAFA provides that it does not apply where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5)(B).

26. Here, Plaintiff's Complaint alleges that there are 11,820 members of the proposed class. Am. Compl., ¶¶ 2, 33. Accordingly, the 100 class member requirement of CAFA is readily satisfied.

### E. THE AMOUNT IN CONTROVERSY ALLEGED EXCEEDS $5 MILLION

27. The amount in controversy as alleged for the putative class claims exceeds the jurisdictional threshold under CAFA. *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").

28. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability"); *Baker v. Am. Soc'y of Composers, Authors & Publishers*, 2021 WL 6125710, at *3 (D. Ariz. Dec. 28, 2021) ("CAFA's amount-in-controversy requirement is satisfied if the proponent of federal jurisdiction shows that the plaintiff is 'seeking recovery from a pot . . . that could exceed $5 million'").

29. Here, Plaintiff seeks to pursue negligence, implied contract, and ACFA claims on behalf of a class of allegedly 11,820 individuals. Am. Compl. ¶ 33. In order to satisfy the Court's jurisdictional minimum under CAFA, the amount in controversy alleged with respect to each class member would only need to be $423 per individual to exceed the $5 million threshold.

30. Plaintiff alleges to have suffered various purported harms, including allegd diminution of value to his PII; lost time, annoyance, interference and inconvenience; imminent and impending injury arising from the increased risk of fraud, identity theft, or misuse of his personal information; and ascertainable losses of money or property and monetary and nonmonetary damages. Am. Compl. ¶¶ 16–19, 115.

31. Plaintiff further alleges as follows with respect to purported valuation of individual claims: "personal information can be sold at a price ranging from $40 to $200, and bank details have a price range of $50 to $200" and "a stolen credit or debit card number can sell for $5 to $110 on the dark web." Am. Compl. ¶ 60. Plaintiff thus alleges that each individual claim potentially could be worth up at least $510. Plaintiff further alleges that his "claims are typical of the claims of the Plaintiff Class." *Id.* ¶ 27(c). Based on the alleged 11,820 class members, the Complaint can plausibly be read to seek damages in excess of $6 million, exclusive of interest and costs, even before taking into account the alleged claims for punitive damages and attorney's fees, which must also be considered.

32. As part of the alleged ACFA claim, Plaintiff also seeks "disgorgement, punitive damages, injunctive relief and reasonable attorneys' fees and costs." Am. Compl. ¶ 116. The ACFA provides for a potential award of punitive damages. *See In re Arizona Theranos, Inc., Litig.*, 308 F. Supp. 3d 1026, 1042 (D. Ariz. 2018) ("the CFA provides for punitive damages"). If punitive damages were sought at a 1:1 ratio to compensatory

damages, that would readily demonstrate that the amount in controversy under CAFA would be satisfied even if compensatory damages alleged were lower than what is set forth above. *See*, *e.g.*, *Greene*, 965 F.3d at 770, 772 (potential punitive damages at 1:1 ratio properly considered in determining amount in controversy under CAFA); *Newport v. Dell Inc.*, No. CIV 08-096-TUCCKJJCG, 2008 WL 2705364, at *7 (D. Ariz. July 2, 2008) (claim for punitive damages further demonstrated that amount in controversy requirement under CAFA was satisfied); *Aseltine v. Panera, LLC*, No. 21-CV-04284-JST, 2021 WL 8267421, at *5 (N.D. Cal. Dec. 13, 2021) (using 2:1 ratio of punitive damages to compensatory damages in estimating amount in controversy under CAFA where consumer fraud claim was alleged).

33. Similarly, Plaintiff's claims for attorney's fees are properly included, if necessary, when assessing whether or not CAFA's jurisdictional threshold is satisfied. *See*, *e.g.*, *Fritsch*, 899 F.3d at 793; *Hughes v. Fosdick*, 106 F. Supp. 3d 1078, 1083 (N.D. Cal. 2015) (including potential attorney's fees of 25 percent of alleged compensatory damages in determining that amount in controversy under CAFA was satisfied).

34. When Plaintiff's claims for punitive damages and attorney's fees are considered together with the compensatory damages sought, this further confirms that the amount in controversy under CAFA exceeds the $5 million threshold.

**F.    NO EXCEPTION TO CAFA JURISDICTION APPLIES**

35. None of the mandatory exceptions to CAFA jurisdiction applies, and it would be Plaintiff's burden to establish that any exception applies. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007) ("although the removing party bears the initial burden of establishing federal jurisdiction under § 1332(d)(2), once federal jurisdiction has been established under that provision, the objecting party bears the burden

of proof as to the applicability of any express statutory exception under §§ 1332(d)(4)(A) and (B)").

36. Section 1332(d)(4) is inapplicable because, based on the addresses of the potential class members, "greater than two-thirds of the members of the proposed classes in the aggregate" are *not* citizens of Arizona, where "the action was originally filed."

37. Section 1332(d)(5)(A) is inapplicable because Defendants are not a State, State official or other governmental entity against whom the district court may be foreclosed from ordering relief.

38. Section 1332(d)(5)(B) is inapplicable because there are more than 100 putative class members as alleged. Am. Compl. ¶ 33.

39. Section 1332(d)(9) is inapplicable because Plaintiff's claims do not involve securities or the internal affairs or governance of a corporation or other form of business enterprise.

### V.     CONCLUSION

40. A copy of this notice of removal is being served upon all known counsel of record in accordance with 28 U.S.C. § 1446(d).

41. As required by 28 U.S.C. § 1446(a) and Rule 3.6 of the Local Rules Civil Procedure of the United States District Court for the District of Arizona, a copy of the docket from the State Court Action is attached hereto as **Exhibit 7**.

42. Filing copies of all pleadings and other documents that were previously filed with the state court, accompanied by a verification from the removing party's counsel that they are true and complete copies of all pleadings and other documents filed in the state court proceeding, pursuant to LRCiv Rule 3.6 of the Local Rules of Civil Procedure of the United States District Court for the District of Arizona. *See* **Exhibits 1-6; 8**

10

**WHEREFORE**, pursuant to 28 U.S.C. § 1332(d), Defendants Erickson Framing Operations LLC improperly named as Erickson Companies, LLC and Erickson Framing AZ, LLC give notice that this action is hereby removed from the Superior Court of the State of Arizona in and for the County of Maricopa to the United States District Court for the District of Arizona.

RESPECTFULLY SUBMITTED this 29th day of May, 2025.

/s/ Gena L. Sluga
Gena L. Sluga, 018633
gsluga@cdslawfirm.com
Justin Vanderveer, 020180
jvanderveer@cdslawfirm.com
**CHRISTIAN DICHTER & SLUGA, P.C.**
2800 North Central Avenue, Suite 860
Phoenix, Arizona 85004

Wystan M. Ackerman (*Pro Hac Vice* Motion to be Filed)
Wm Maxwell Daley (*Pro Hac Vice* Motion to be Filed)
**ROBINSON & COLE LLP**
One State Street
Hartford, Connecticut 06103
Telephone:   (860) 275-8200
Facsimile:   (860) 275-8299
E-mail:      wackerman@rc.com
             wdaley@rc.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and emailed the attached document to:

Sean Anthony Woods, Esq. (AZ S.B. #028930)
LAW BADGERS PLLC
5055 N. 12th Street, Suite 100
Phoenix, Arizona 85014
Email: swoods@lawbadgers.com
*Attorneys for Plaintiff*

Scott Edward Cole, Esq. (CA S.B. #160744)*
COLE & VAN NOTE
555 12 Street, Suite 2100
Oakland, California 94607
Email: sec@colevannote.com
* Pro hac vice forthcoming
*Attorneys for Plaintiff*

By: */s/ April Schofield*