# EXHIBIT 1

Clerk of the Superior Court
*** Electronically Filed ***
A. Marquez, Deputy
4/2/2025 2:34:58 PM
Filing ID 19605556

1  Sean Anthony Woods, Esq. (AZ S.B. #028930)
   **LAW BADGERS PLLC**
2  5055 N. 12th Street, Suite 100
   Phoenix, Arizona 85014
3  Telephone: (480) 999-1195
   Facsimile:  (480) 999-4750
4  Email:  swoods@lawbadgers.com

5  Scott Edward Cole, Esq. (CA S.B. #160744)*
   **COLE & VAN NOTE**
6  555 12th Street, Suite 2100
   Oakland, California 94607
7  Telephone: (510) 891-9800
   Facsimile:  (510) 891-7030
8  Email:  sec@colevannote.com

9  * *Pro hac vice* forthcoming

10 *Attorneys for Representative Plaintiff*
   *and the Plaintiff Class*

11

12        **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

13             **IN AND FOR THE COUNTY OF MARICOPA**

14

15 ANWAR ABDEL RAHMAN,                    **CASE NO.    CV2025-011763**
   individually, and on behalf of all others
16 similarly situated,                    **CLASS ACTION**

17                      Plaintiff,        **COMPLAINT FOR DAMAGES,**
                                          **INJUNCTIVE AND EQUITABLE**
18 v.                                     **RELIEF**

19 ERICKSON COMPANIES, LLC and
   DOES 1 through 100, inclusive,
20                      Defendants.       **[JURY TRIAL DEMANDED]**

21

22

23                        **INTRODUCTION**

24        1.      Representative Plaintiff Anwar Abdel Rahman ("Representative Plaintiff")

25 brings this class action against Erickson Companies, LLC ("Defendant") for its failure to

26 properly secure and safeguard Representative Plaintiff's and Class Members' personally

27 identifiable information stored within Defendant's information network, including names,

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

addresses and Social Security Numbers (these types of information, *inter alia*, being thereafter referred to, collectively, as and "personally identifiable information" or "PII").[1]

2.    With this action, Representative Plaintiff seeks to hold Defendant responsible for the harms it caused and will continue to cause Representative Plaintiff and, at least, 11,820[2] other similarly situated persons in the substantial and preventable cyberattack purportedly discovered by Defendant on or about November 18, 2024 by which cybercriminals infiltrated Defendant's inadequately protected network servers and accessed highly sensitive PII which was being kept unprotected (the "Data Breach").

3.    While Defendant claims to have discovered the breach as early as November 18, 2024. Defendant did not begin informing victims of the Data Breach until on or about March 12, 2025 and failed to inform victims when or for how long the Data Breach occurred. Indeed, Representative Plaintiff and Class Members were wholly unaware of the Data Breach until they received letters from Defendant informing them of it. The Notice received by Representative Plaintiff was dated March 12, 2025.

4.    Defendant acquired, collected and stored Representative Plaintiff's and Class Members' PII. Therefore, at all relevant times, Defendant knew or should have known that Representative Plaintiff and Class Members would use Defendant's services to store and/or share sensitive data, including highly confidential PII.

5.    Defendant disregarded the rights of Representative Plaintiff and Class Members by intentionally, willfully, recklessly and/or negligently failing to take and implement adequate and reasonable measures to ensure that Representative Plaintiff's and

---

[1]    Personally identifiable information ("PII") generally incorporates information that can be used to distinguish or trace an individual's identity, either alone or when combined with other personal or identifying information. 2 C.F.R. § 200.79. At a minimum, it includes all information that on its face expressly identifies an individual. PII also is generally defined to include certain identifiers that do not on its face name an individual, but that are considered to be particularly sensitive and/or valuable if in the wrong hands (for example, Social Security numbers, passport numbers, driver's license numbers, financial account numbers, etc.).
[2]    https://www.maine.gov/agviewer/content/ag/985235c7-cb95-4be2-8792-a1252b4f8318/ff856794-669c-4747-9c50-42b12b7f374e.html (last accessed March 31, 2025).

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

Class Members' PII was safeguarded, failing to take available steps to prevent an unauthorized disclosure of data and failing to follow applicable, required and appropriate protocols, policies and procedures regarding the encryption of data, even for internal use. As a result, Representative Plaintiff's and Class Members' PII was compromised through disclosure to an unknown and unauthorized third party—an undoubtedly nefarious third party seeking to profit off this disclosure by defrauding Representative Plaintiff and Class Members in the future. Representative Plaintiff and Class Members have a continuing interest in ensuring their information is and remains safe and are entitled to injunctive and other equitable relief.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this action because it is a civil action exceeding $10,000. Upon information and belief, the number of Class Members is in the thousands.

7.     Under Arizona Revised Statute §12-401 this Court has general jurisdiction over Defendant because it operates and is incorporated in this County and the server implicated in this Data Breach is likely based in Maricopa County, Arizona.

8.     Venue is proper in this Court because a substantial part of the events giving rise to this action occurred in Maricopa County. Defendant is based in Maricopa County and maintains Class Members PII in Maricopa County.

9.     The amount of Plaintiff's damages qualifies this matter as a Tier 3 case in accordance with Rule 8(b)(2) of the Arizona Rules of Civil Procedure.

## PLAINTIFF

10.     Representative Plaintiff is an adult individual and, at all relevant times herein, was a resident and citizen of the State of Arizona. Representative Plaintiff is a victim of the Data Breach.

11.     Defendant received highly sensitive PII from Representative Plaintiff in connection with the healthcare services Representative Plaintiff received. As a result,

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-3-

Representative Plaintiff's information was among the data accessed by an unauthorized third party in the Data Breach.

12.    At all times herein relevant, Representative Plaintiff is and was a member the Class.

13.    As required to obtain healthcare services from Defendant, Representative Plaintiff provided Defendant with highly sensitive PII.

14.    Representative Plaintiff's PII was exposed in the Data Breach because Defendant stored and/or shared Representative Plaintiff's PII. Representative Plaintiff's PII was within the possession and control of Defendant at the time of the Data Breach.

15.    Representative Plaintiff received a letter from Defendant, dated March 12, 2025 stating Representative Plaintiff's PII was involved in the Data Breach (the "Notice").

16.    As a result, Representative Plaintiff spent time dealing with the consequences of the Data Breach, which included and continues to include, time spent verifying the legitimacy and impact of the Data Breach, exploring credit monitoring and identity theft insurance options, self-monitoring Representative Plaintiff's accounts and seeking legal counsel regarding Representative Plaintiff's options for remedying and/or mitigating the effects of the Data Breach. This time has been lost forever and cannot be recaptured.

17.    Representative Plaintiff suffered actual injury in the form of damages to and diminution in the value of Representative Plaintiff's PII—a form of intangible property that Representative Plaintiff's entrusted to Defendant, which was compromised in and as a result of the Data Breach.

18.    Representative Plaintiff suffered lost time, annoyance, interference and inconvenience as a result of the Data Breach and has anxiety and increased concerns for the loss of privacy, as well as anxiety over the impact of cybercriminals accessing, using and selling Representative Plaintiff's PII.

19.    Representative Plaintiff suffered imminent and impending injury arising from the substantially increased risk of fraud, identity theft and misuse resulting from

1   Representative Plaintiff's PII, in combination with Representative Plaintiff's name, being

2   placed in the hands of unauthorized third parties/criminals.

3          20.     Representative Plaintiff has a continuing interest in ensuring that

4   Representative Plaintiff's PII, which, upon information and belief, remains backed up in

5   Defendant's possession, is protected and safeguarded from future breaches.

6                                    **DEFENDANT**

7          21.     Defendant is an Arizona corporation with a principal place of business

8   located at 250 N. Beck Avenue, Chandler, AZ 85226. Defendant is a construction company

9   that manufactures complete framing systems such as wall panels or panels and roof systems

10  that hip and erect at the job site.[3]

11         22.     The true names and capacities of persons or entities, whether individual,

12  corporate, associate or otherwise, who may be responsible for some of the claims alleged

13  here are currently unknown to Representative Plaintiff. Representative Plaintiff will seek

14  leave of court to amend this Complaint to reflect the true names and capacities of such

15  responsible parties when their identities become known.

16                          **CLASS ACTION ALLEGATIONS**

17         23.     Representative Plaintiff brings this action pursuant to the provisions of

18  Arizona Rule of Civil Procedure Rule 23, on behalf of Representative Plaintiff and the

19  following Class:

20                 "All individuals whose PII was exposed to unauthorized third parties

21                 as a result of the data breach discovered by Defendant on November

22                 18, 2024."

23         24.     Excluded from the Class are the following individuals and/or entities:

24  Defendant and Defendant's parents, subsidiaries, affiliates, officers and directors and any

25  entity in which Defendant has a controlling interest, all individuals who make a timely

26  election to be excluded from this proceeding using the correct protocol for opting out, any

27

28  [3]  https://www.ericksoncompanies.com (last accessed March 31, 2025).

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1    and all federal, state or local governments, including but not limited to its departments,

2    agencies, divisions, bureaus, boards, sections, groups, counsel and/or subdivisions and all

3    judges assigned to hear any aspect of this litigation, as well as their immediate family

4    members.

5           25.    In the alternative, Representative Plaintiff requests additional Subclasses as

6    necessary based on the types of PII that were compromised.

7           26.    Representative Plaintiff reserves the right to amend the above definition or

8    to propose subclasses in subsequent pleadings and motions for class certification.

9           27.    This action has been brought and may properly be maintained as a class

10   action under Arizona Rule of Civil Procedure Rule 23 because there is a well-defined

11   community of interest in the litigation and membership in the proposed Class is easily

12   ascertainable.

     a.    <u>Numerosity</u>: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Class are so numerous that joinder of all members is impractical, if not impossible. Representative Plaintiff is informed and believe and, on that basis, alleges that the total number of Class Members is in the thousands of individuals. Membership in the Class will be determined by analysis of Defendant's records.

     b.    <u>Commonality</u>: Representative Plaintiff and the Class Members share a community of interest in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including but not necessarily limited to:

     1)    Whether Defendant had a legal duty to Representative Plaintiff and the Class to exercise due care in collecting, storing, using and/or safeguarding their PII;

     2)    Whether Defendant knew or should have known of the susceptibility of its data security systems to a data breach;

     3)    Whether Defendant's security procedures and practices to protect its systems were reasonable in light of the measures recommended by data security experts;

     4)    Whether Defendant's failure to implement adequate data security measures allowed the Data Breach to occur;

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

5) Whether Defendant failed to comply with its own policies and applicable laws, regulations and industry standards relating to data security;

6) Whether Defendant adequately, promptly and accurately informed Representative Plaintiff and Class Members that their PII had been compromised;

7) How and when Defendant actually learned of the Data Breach;

8) Whether Defendant's conduct, including its failure to act, resulted in or was the proximate cause of the breach of its systems, resulting in the loss of Representative Plaintiff's and Class Members' PII;

9) Whether Defendant adequately addressed and fixed the vulnerabilities which permitted the Data Breach to occur;

10) Whether Defendant engaged in unfair, unlawful or deceptive practices by failing to safeguard Representative Plaintiff's and Class Members' PII;

11) Whether Representative Plaintiff and Class Members are entitled to actual and/or statutory damages and/or whether injunctive, corrective and/or declaratory relief and/or an accounting is/are appropriate as a result of Defendant's wrongful conduct;

12) Whether Representative Plaintiff and Class Members are entitled to restitution as a result of Defendant's wrongful conduct.

c.   Typicality: Representative Plaintiff's claims are typical of the claims of the Plaintiff Class. Representative Plaintiff and all members of the Plaintiff Class sustained damages arising out of and caused by Defendant's common course of conduct in violation of law, as alleged herein.

d.   Adequacy of Representation: Representative Plaintiff in this class action is an adequate representative of each of the Plaintiff Class in that the Representative Plaintiff has the same interest in the litigation of this case as the Class Members, is committed to vigorous prosecution of this case and has retained competent counsel who are experienced in conducting litigation of this nature. Representative Plaintiff is not subject to any individual defenses unique from those conceivably applicable to other Class Members or the Class in their entireties. Representative Plaintiff anticipates no management difficulties in this litigation.

e.   Superiority of Class Action: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impractical for members of the Plaintiff Class to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual member of the Plaintiff Class, the resulting multiplicity of lawsuits would cause undue hardship and expense for

-7-

the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings which might be dispositive of the interests of the Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

28.    Class certification is proper because the questions raised by this Complaint are of common or general interest affecting numerous persons, such that it is impracticable to bring all Class Members before the Court.

29.    This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to Class Members, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class Members and making final injunctive relief appropriate with respect to the Class in their entirety. Defendant's policies and practices challenged herein apply to and affect Class Members uniformly and Representative Plaintiff's challenge of these policies and practices hinges on Defendant's conduct with respect to the Class in their entirety, not on facts or law applicable only to Representative Plaintiff.

30.    Unless a Class-wide injunction is issued, Defendant may continue in its failure to properly secure the PII of Class Members, and Defendant may continue to act unlawfully as set forth in this Complaint.

31.    Further, Defendant has acted or refused to act on grounds generally applicable to the Class and, accordingly, final injunctive or corresponding declaratory relief with regard to the Class Members as a whole is appropriate under Arizona Rule of Civil Procedure Rule 23.

## COMMON FACTUAL ALLEGATIONS

**The Cyberattack**

32.    In the course of the Data Breach, one or more unauthorized third parties accessed Class Members' sensitive data. Representative Plaintiff was among the individuals whose data was accessed in the Data Breach.

33.    According to the Data Breach Notification, which Defendant filed with the Office of the Maine Attorney General, 11,820 persons were affected by the Data Breach.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

34.     Representative Plaintiff was provided the information detailed above upon Representative Plaintiff's receipt of a letter from Defendant, dated March 12, 2025. Representative Plaintiff was not aware of the Data Breach until receiving that letter.

**Defendant's Failed Response to the Breach**

35.     Upon information and belief, the unauthorized third-party cybercriminals gained access to Representative Plaintiff's and Class Members' PII with the intent of misusing the PII, including marketing and selling Representative Plaintiff's and Class Members' PII.

36.      Not until after roughly two months after it claims to have discovered the Data Breach did Defendant begin sending the Notice to persons whose PII Defendant confirmed was potentially compromised as a result of the Data Breach. The Notice provided basic details of the Data Breach and Defendant's recommended next steps.

37.     The Notice included, *inter alia*, the claims that Defendant had learned of the Data Breach on November 18, 2024.

38.     Defendant had and continues to have obligations created by HIPAA, applicable federal and state law as set forth herein, reasonable industry standards, common law and its own assurances and representations to keep Representative Plaintiff's and Class Members' PII confidential and to protect such PII from unauthorized access.

39.     Representative Plaintiff and Class Members were required to provide their PII to Defendant in order to receive services, and as part of providing healthcare, Defendant created, collected and stored Representative Plaintiff's and Class Members' PII with the reasonable expectation and mutual understanding that Defendant would comply with its obligations to keep such information confidential and secure from unauthorized access.

40.     Despite this, Representative Plaintiff and the Class Members remain, even today, in the dark regarding what particular data was stolen, the particular malware used and what steps are being taken, if any, to secure their PII going forward. Representative Plaintiff and Class Members are thus left to speculate as to where their PII ended up, who has used it and for what potentially nefarious purposes. Indeed, they are left to further

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1    speculate as to the full impact of the Data Breach and how exactly Defendant intends to

2    enhance its information security systems and monitoring capabilities so as to prevent

3    further breaches.

4        41.    Representative Plaintiff's and Class Members' PII may end up for sale on

5    the dark web, or simply fall into the hands of companies that will use the detailed PII for

6    targeted marketing without Representative Plaintiff's and/or Class Members' approval.

7    Either way, unauthorized individuals can now easily access Representative Plaintiff's and

8    Class Members' PII.

9    **Defendant Collected/Stored Class Members' PII**

10        42.    Defendant acquired, collected, stored and assured reasonable security over

11    Representative Plaintiff's and Class Members' PII.

12        43.    As a condition of its relationships with Representative Plaintiff and Class

13    Members, Defendant required that Representative Plaintiff and Class Members entrust

14    Defendant with highly sensitive and confidential PII. Defendant, in turn, stored that

15    information on Defendant's system that was ultimately affected by the Data Breach.

16        44.    By obtaining, collecting and storing Representative Plaintiff's and Class

17    Members' PII, Defendant assumed legal and equitable duties over the PII and knew or

18    should have known that it was thereafter responsible for protecting Representative

19    Plaintiff's and Class Members' PII from unauthorized disclosure.

20        45.    Representative Plaintiff and Class Members have taken reasonable steps to

21    maintain their PII's confidentiality. Representative Plaintiff and Class Members relied on

22    Defendant to keep their PII confidential and securely maintained, to use this information

23    for business purposes only and to make only authorized disclosures of this information.

24        46.    Defendant could have prevented the Data Breach by properly securing and

25    encrypting and/or more securely encrypting its servers generally, as well as Representative

26    Plaintiff's and Class Members' PII.

27

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

47. Defendant's negligence in safeguarding Representative Plaintiff's and Class Members' PII is exacerbated by repeated warnings and alerts directed to protecting and securing sensitive data, as evidenced by the trending data breach attacks in recent years.

48. Due to the high-profile nature of these breaches, and other breaches of its kind, Defendant was and/or certainly should have been on notice and aware of such attacks occurring in its industry and, therefore, should have assumed and adequately performed the duty of preparing for such an imminent attack. This is especially true given that Defendant is a large, sophisticated operation with the resources to put adequate data security protocols in place.

49. And yet, despite the prevalence of public announcements of data breach and data security compromises, Defendant failed to take appropriate steps to protect Representative Plaintiff's and Class Members' PII from being compromised.

**Defendant Had an Obligation to Protect the Stolen Information**

50. Defendant was prohibited by the Federal Trade Commission Act (the "FTC Act") (15 U.S.C. § 45) from engaging in "unfair or deceptive acts or practices in or affecting commerce." The Federal Trade Commission (the "FTC") has concluded that a company's failure to maintain reasonable and appropriate data security for consumers' sensitive personal information is an "unfair practice" in violation of the FTC Act. *See, e.g., FTC v. Wyndham Worldwide Corp.*, 799 F.3d 236 (3d Cir. 2015).

51. In addition to its obligations under federal and state laws, Defendant owed a duty to Representative Plaintiff and Class Members to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting and protecting the PII in Defendant's possession from being compromised, lost, stolen, accessed and misused by unauthorized persons. Defendant owed a duty to Representative Plaintiff and Class Members to provide reasonable security, including consistency with industry standards and requirements, and to ensure that its computer systems, networks and protocols adequately protected Representative Plaintiff's and Class Members' PII.

1    52.    Defendant owed a duty to Representative Plaintiff and Class Members to

2    design, maintain and test its computer systems, servers and networks to ensure that all PII

3    in its possession was adequately secured and protected.

4    53.    Defendant owed a duty to Representative Plaintiff and Class Members to

5    create and implement reasonable data security practices and procedures to protect all PII

6    in its possession, including not sharing information with other entities who maintained sub-

7    standard data security systems.

8    54.    Defendant owed a duty to Representative Plaintiff and Class Members to

9    implement processes that would immediately detect a breach on its data security systems

10    in a timely manner.

11    55.    Defendant owed a duty to Representative Plaintiff and Class Members to act

12    upon data security warnings and alerts in a timely fashion.

13    56.    Defendant owed a duty to Representative Plaintiff and Class Members to

14    disclose if its computer systems and data security practices were inadequate to safeguard

15    individuals' PII from theft, because such an inadequacy would be a material fact in the

16    decision to entrust their PII to Defendant.

17    57.    Defendant owed a duty of care to Representative Plaintiff and Class

18    Members because they were foreseeable and probable victims of any inadequate data

19    security practices.

20    58.    Defendant owed a duty to Representative Plaintiff and Class Members to

21    encrypt and/or more reliably encrypt Representative Plaintiff's and Class Members' PII

22    and monitor user behavior and activity in order to identity possible threats.

23    **Value of the Relevant Sensitive Information**

24    59.    PII are valuable commodities for which a "cyber black market" exists in

25    which criminals openly post stolen payment card numbers, Social Security numbers and

26    other personal information on a number of underground internet websites.

27    60.    The high value of PII to criminals is further evidenced by the prices they will

28    pay for it through the dark web. Numerous sources cite dark web pricing for stolen identity

-12-

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

credentials. For example, personal information can be sold at a price ranging from $40 to $200, and bank details have a price range of $50 to $200.[4] Experian reports that a stolen credit or debit card number can sell for $5 to $110 on the dark web.[5] Criminals can also purchase access to entire company data breaches from $999 to $4,995.[6]

61.    Between 2005 and 2019, at least 249 million people were affected by healthcare data breaches.[7] Indeed, during 2019 alone, over 41 million healthcare records were exposed, stolen or unlawfully disclosed in 505 data breaches.[8] In short, these sorts of data breaches are increasingly common, especially among healthcare systems, which account for 30.03 percent of overall health data breaches, according to cybersecurity firm Tenable.[9]

62.    These criminal activities have and will result in devastating financial and personal losses to Representative Plaintiff and Class Members. For example, it is believed that certain PII compromised in the 2017 Experian data breach was being used three years later by identity thieves to apply for COVID-19-related benefits in the state of Oklahoma. Such fraud will be an omnipresent threat for Representative Plaintiff and Class Members for the rest of their lives. They will need to remain constantly vigilant.

63.    The FTC defines identity theft as "a fraud committed or attempted using the identifying information of another person without authority." The FTC describes "identifying information" as "any name or number that may be used, alone or in

---

[4]    *Your personal data is for sale on the dark web. Here's how much it costs,* Digital Trends, Oct. 16, 2019, *available at:* https://www.digitaltrends.com/computing/personal-data-sold-on-the-dark-web-how-much-it-costs/ (last accessed July 20, 2023).
[5]    *Here's How Much Your Personal Information Is Selling for on the Dark Web*, Experian, Dec. 6, 2017, *available at:* https://www.experian.com/blogs/ask-experian/heres-how-much-your-personal-information-is-selling-for-on-the-dark-web/ (last accessed July 20, 2023).
[6]    *In the Dark*, VPNOverview, 2019, *available at:* https://vpnoverview.com/privacy/anonymous-browsing/in-the-dark/ (last accessed July 20, 2023).
[7]    https://www.ncbi.nlm.nih.gov/pmc/articles/PMC7349636/#B5-healthcare-08-00133 (last accessed July 20, 2023).
[8]    https://www.hipaajournal.com/december-2019-healthcare-data-breach-report/ (last accessed July 20, 2023).
[9]    https://www.tenable.com/blog/healthcare-security-ransomware-plays-a-prominent-role-in-covid-19-era-breaches (last accessed July 20, 2023).

conjunction with any other information, to identify a specific person," including, among other things, "[n]ame, Social Security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number."

64.    Identity thieves can use PII, such as that of Representative Plaintiff and Class Members which Defendant failed to keep secure, to perpetrate a variety of crimes that harm victims. For instance, identity thieves may commit various types of government fraud such as immigration fraud, obtaining a driver's license or identification card in the victim's name but with another's picture, using the victim's information to obtain government benefits or filing a fraudulent tax return using the victim's information to obtain a fraudulent refund.

65.    The ramifications of Defendant's failure to keep secure Representative Plaintiff's and Class Members' PII are long lasting and severe. Once PII is stolen, particularly identification numbers, fraudulent use of that information and damage to victims may continue for years. Indeed, Representative Plaintiff's and Class Members' PII was taken by hackers to engage in identity theft or to sell it to other criminals who will purchase the PII for that purpose. The fraudulent activity resulting from the Data Breach may not come to light for years.

66.    There may be a time lag between when harm occurs versus when it is discovered and also between when PII is stolen and when it is used. According to the U.S. Government Accountability Office ("GAO"), which conducted a study regarding data breaches:

> [L]aw enforcement officials told us that in some cases, stolen data may be held for up to a year or more before being used to commit identity theft. Further, once stolen data have been sold or posted on the Web, fraudulent use of that information may continue for years. As a result, studies that attempt to measure the harm resulting from data breaches cannot necessarily rule out all future harm.[10]

---

[10]    *Report to Congressional Requesters*, GAO, at 29 (June 2007), *available at:* http://www.gao.gov/new.items/d07737.pdf (last accessed July 20, 2023).

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

67.    The harm to Representative Plaintiff and Class Members is especially acute given the nature of the leaked data. Medical identity theft is one of the most common, most expensive and most difficult-to-prevent forms of identity theft. According to Kaiser Health News, "medical-related identity theft accounted for 43 percent of all identity thefts reported in the United States in 2013," which is more than identity thefts involving banking and finance, the government and the military, or education.[11]

68.    When cybercriminals access personally sensitive data—as they did here—there is no limit to the amount of fraud to which Defendant may have exposed Representative Plaintiff and Class Members.

69.    And data breaches are preventable.[12] As Lucy Thompson wrote in the DATA BREACH AND ENCRYPTION HANDBOOK, "[i]n almost all cases, the data breaches that occurred could have been prevented by proper planning and the correct design and implementation of appropriate security solutions."[13] She added that "[o]rganizations that collect, use, store, and share sensitive personal data must accept responsibility for protecting the information and ensuring that it is not compromised…."[14]

70.    Most of the reported data breaches are a result of lax security and the failure to create or enforce appropriate security policies, rules and procedures. Appropriate information security controls, including encryption, must be implemented and enforced in a rigorous and disciplined manner so that a *data breach never occurs*.[15]

71.    Here, Defendant knew of the importance of safeguarding PII and of the foreseeable consequences that would occur if Representative Plaintiff's and Class Members' PII was stolen, including the significant costs that would be placed on Representative Plaintiff and Class Members as a result of a breach of this magnitude. As

---

[11]    Michael Ollove, "*The Rise of Medical Identity Theft in Healthcare*," Kaiser Health News, Feb. 7, 2014, https://khn.org/news/rise-of-indentity-theft/ (last accessed July 20, 2023).
[12]    Lucy L. Thompson, "*Despite the Alarming Trends, Data Breaches Are Preventable*," *in* DATA BREACH AND ENCRYPTION HANDBOOK (Lucy Thompson, ed., 2012)
[13]    *Id.* at 17.
[14]    *Id.* at 28.
[15]    *Id.*

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

detailed above, Defendant knew or should have known that the development and use of such protocols were necessary to fulfill its statutory and common law duties to Representative Plaintiff and Class Members. Its failure to do so is therefore intentional, willful, reckless and/or grossly negligent.

72.    Defendant disregarded the rights of Representative Plaintiff and Class Members by, *inter alia*, (i) intentionally, willfully, recklessly and/or negligently failing to take adequate and reasonable measures to ensure that its network servers were protected against unauthorized intrusions, (ii) failing to disclose that it did not have adequately robust security protocols and training practices in place to adequately safeguard Representative Plaintiff's and Class Members' PII, (iii) failing to take standard and reasonably available steps to prevent the Data Breach, (iv) concealing the existence and extent of the Data Breach for an unreasonable duration of time and (v) failing to provide Representative Plaintiff and Class Members prompt and accurate notice of the Data Breach.

**FIRST CLAIM FOR RELIEF**
**Negligence**

73.    Each and every allegation of the preceding paragraphs is incorporated in this Claim for Relief with the same force and effect as though fully set forth herein.

74.    At all times herein relevant, Defendant owed Representative Plaintiff and Class Members a duty of care, *inter alia*, to act with reasonable care to secure and safeguard their PII and to use commercially reasonable methods to do so. Defendant took on this obligation upon accepting and storing Representative Plaintiff's and Class Members' PII on its computer systems and networks.

75.    Among these duties, Defendant was expected:

    a.    to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting and protecting the PII in its possession;

    b.    to protect Representative Plaintiff's and Class Members' PII using reasonable and adequate security procedures and systems that were/are compliant with industry-standard practices;

    c.    to implement processes to quickly detect the Data Breach and to timely act on warnings about data breaches; and

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

d.    to promptly notify Representative Plaintiff and Class Members of any data breach, security incident or intrusion that affected or may have affected their PII.

76.    Defendant knew that the PII was private and confidential and should be protected as private and confidential and, thus, Defendant owed a duty of care not to subject Representative Plaintiff and Class Members to an unreasonable risk of harm because they were foreseeable and probable victims of any inadequate security practices.

77.    Defendant knew or should have known of the risks inherent in collecting and storing PII, the vulnerabilities of its data security systems and the importance of adequate security. Defendant knew about numerous, well-publicized data breaches.

78.    Defendant knew or should have known that its data systems and networks did not adequately safeguard Representative Plaintiff's and Class Members' PII.

79.    Only Defendant was in the position to ensure that its systems and protocols were sufficient to protect the PII that Representative Plaintiff and Class Members had entrusted to it.

80.    Defendant breached its duties to Representative Plaintiff and Class Members by failing to provide fair, reasonable or adequate computer systems and data security practices to safeguard Representative Plaintiff's and Class Members' PII.

81.    Because Defendant knew that a breach of its systems could damage thousands of individuals, including Representative Plaintiff and Class Members, Defendant had a duty to adequately protect its data systems and the PII contained thereon.

82.    Representative Plaintiff's and Class Members' willingness to entrust Defendant with its PII was predicated on the understanding that Defendant would take adequate security precautions. Moreover, only Defendant had the ability to protect its systems and the PII it stored on them from attack. Thus, Defendant had a special relationship with Representative Plaintiff and Class Members.

83.    Defendant also had independent duties under state and federal laws that required Defendant to reasonably safeguard Representative Plaintiff's and Class Members'

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

PII and promptly notify them about the Data Breach. These "independent duties" are untethered to any contract between Defendant and Representative Plaintiff and/or the remaining Class Members.

84.    Defendant breached its general duty of care to Representative Plaintiff and Class Members in, but not necessarily limited to, the following ways:

a.    by failing to provide fair, reasonable or adequate computer systems and data security practices to safeguard Representative Plaintiff's and Class Members' PII;

b.    by failing to timely and accurately disclose that Representative Plaintiff's and Class Members' PII had been improperly acquired or accessed;

c.    by failing to adequately protect and safeguard the PII by knowingly disregarding standard information security principles, despite obvious risks, and by allowing unmonitored and unrestricted access to unsecured PII;

d.    by failing to provide adequate supervision and oversight of the PII with which it was and is entrusted, in spite of the known risk and foreseeable likelihood of breach and misuse, which permitted an unknown third party to gather Representative Plaintiff's and Class Members' PII, misuse the PII and intentionally disclose it to others without consent;

e.    by failing to adequately train its employees to not store PII longer than absolutely necessary;

f.    by failing to consistently enforce security policies aimed at protecting Representative Plaintiff's and the Class Members' PII;

g.    by failing to implement processes to quickly detect data breaches, security incidents or intrusions; and

h.    by failing to encrypt Representative Plaintiff's and Class Members' PII and monitor user behavior and activity in order to identify possible threats.

85.    Defendant's willful failure to abide by these duties was wrongful, reckless and/or grossly negligent in light of the foreseeable risks and known threats.

86.    As a proximate and foreseeable result of Defendant's grossly negligent conduct, Representative Plaintiff and Class Members have suffered damages and are at imminent risk of additional harms and damages (as alleged above).

87.    The law further imposes an affirmative duty on Defendant to timely disclose the unauthorized access and theft of the PII to Representative Plaintiff and Class Members so that they could and/or still can take appropriate measures to mitigate damages, protect against adverse consequences and thwart future misuse of their PII.

88.    Defendant breached its duty to notify Representative Plaintiff and Class Members of the unauthorized access by waiting almost a year after learning of the Data Breach to notify Representative Plaintiff and Class Members and then by failing and continuing to fail to provide Representative Plaintiff and Class Members sufficient information regarding the breach. To date, Defendant has not provided sufficient information to Representative Plaintiff and Class Members regarding the extent of the unauthorized access and continues to breach its disclosure obligations to Representative Plaintiff and Class Members.

89.    Further, through its failure to provide timely and clear notification of the Data Breach to Representative Plaintiff and Class Members, Defendant prevented Representative Plaintiff and Class Members from taking meaningful, proactive steps to, *inter alia*, secure and/or access their PII.

90.    There is a close causal connection between Defendant's failure to implement security measures to protect Representative Plaintiff's and Class Members' PII and the harm suffered, or risk of imminent harm suffered by Representative Plaintiff and Class Members. Representative Plaintiff's and Class Members' PII was accessed as the proximate result of Defendant's failure to exercise reasonable care in safeguarding such PII by adopting, implementing and maintaining appropriate security measures.

91.    Defendant's wrongful actions, inactions and omissions constituted (and continue to constitute) common law negligence.

92.    The damages Representative Plaintiff and Class Members have suffered (as alleged above) and will continue to suffer were and are the direct and proximate result of Defendant's grossly negligent conduct.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-19-

93.    Additionally, 15 U.S.C. § 45 (FTC Act, Section 5) prohibits "unfair […] practices in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair act or practice by businesses, such as Defendant, of failing to use reasonable measures to protect PII. The FTC publications and orders described above also form part of the basis of Defendant's duty in this regard.

94.    Defendant violated 15 U.S.C. § 45 by failing to use reasonable measures to protect PII and not complying with applicable industry standards, as described in detail herein. Defendant's conduct was particularly unreasonable given the nature and amount of PII it obtained and stored and the foreseeable consequences of the immense damages that would result to Representative Plaintiff and Class Members.

95.    Defendant's violation of 15 U.S.C. § 45 constitutes negligence *per se.* Defendant also violated the HIPAA Privacy and Security rules which, likewise, constitutes negligence *per se.*

96.    As a direct and proximate result of Defendant's negligence and negligence *per se*, Representative Plaintiff and Class Members have suffered and will continue to suffer injury, including but not limited to (i) actual identity theft, (ii) the loss of the opportunity of how their PII is used, (iii) the compromise, publication and/or theft of their PII, (iv) out-of-pocket expenses associated with the prevention, detection and recovery from identity theft, tax fraud and/or unauthorized use of their PII, (v) lost opportunity costs associated with effort expended and the loss of productivity addressing and attempting to mitigate the actual and future consequences of the Data Breach, including but not limited to efforts spent researching how to prevent, detect, contest and recover from embarrassment and identity theft, (vi) lost continuity in relation to their personal records, (vii) the continued risk to their PII, which may remain in Defendant's possession and is subject to further unauthorized disclosures so long as Defendant fails to undertake appropriate and adequate measures to protect Representative Plaintiff's and Class Members' PII in its continued possession and (viii) future costs in terms of time, effort and money that will be expended to prevent, detect, contest and repair the impact of the PII

-20-

1    compromised as a result of the Data Breach for the remainder of the lives of Representative

2    Plaintiff and Class Members.

3        97.    As a direct and proximate result of Defendant's negligence and negligence

4    *per se*, Representative Plaintiff and Class Members have suffered and will continue to

5    suffer other forms of injury and/or harm, including but not limited to anxiety, emotional

6    distress, loss of privacy and other economic and noneconomic losses.

7        98.    Additionally, as a direct and proximate result of Defendant's negligence and

8    negligence *per se*, Representative Plaintiff and Class Members have suffered and will

9    continue to suffer the continued risks of exposure of their PII, which remains in

10   Defendant's possession and is subject to further unauthorized disclosures so long as

11   Defendant fails to undertake appropriate and adequate measures to protect PII in its

12   continued possession.

**SECOND CLAIM FOR RELIEF**
**Breach of Implied Contract**

13

14

15       99.    Each and every allegation of the preceding paragraphs is incorporated in this

16   Claim for Relief with the same force and effect as though fully set forth herein.

17       100.   Through their course of conduct, Defendant, Representative Plaintiff and

18   Class Members entered into implied contracts for Defendant to implement data security

19   adequate to safeguard and protect the privacy of Representative Plaintiff's and Class

20   Members' PII.

21       101.   Defendant required Representative Plaintiff and Class Members to provide

22   and entrust their PII as a condition of obtaining Defendant's healthcare from Defendant.

23       102.   Defendant solicited and invited Representative Plaintiff and Class Members

24   to provide their PII as part of Defendant's regular business practices. Representative

25   Plaintiff and Class Members accepted Defendant's offers and provided their PII to

26   Defendant.

27       103.   As a condition of being direct customers and/or employees of Defendant,

28   Representative Plaintiff and Class Members provided and entrusted their PII to Defendant.

-21-

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

In so doing, Representative Plaintiff and Class Members entered into implied contracts with Defendant by which Defendant agreed to safeguard and protect such non-public information, to keep such information secure and confidential and to timely and accurately notify Representative Plaintiff and Class Members if its data had been breached and compromised or stolen.

104.    A meeting of the minds occurred when Representative Plaintiff and Class Members agreed to, and did, provide their PII to Defendant, in exchange for, amongst other things, the protection of their PII.

105.    Representative Plaintiff and Class Members fully performed their obligations under the implied contracts with Defendant.

106.    Defendant breached the implied contracts it made with Representative Plaintiff and Class Members by failing to safeguard and protect their PII and by failing to provide timely and accurate notice to them that their PII was compromised as a result of the Data Breach.

107.    As a direct and proximate result of Defendant's above-described breach of implied contract, Representative Plaintiff and Class Members have suffered and will continue to suffer (i) ongoing, imminent and impending threat of identity theft crimes, fraud and abuse, resulting in monetary loss and economic harm, (ii) actual identity theft crimes, fraud and abuse, resulting in monetary loss and economic harm, (iii) loss of the confidentiality of the stolen confidential data, (iv) the illegal sale of the compromised data on the dark web, (v) lost work time and (vi) other economic and noneconomic harm.

**THIRD CLAIM FOR RELIEF**
**ARIZONA CONSUMER FRAUD ACT**
**A.R.S. §§ 44-1521, *et seq.***

108.    Each and every allegation of the preceding paragraphs is incorporated in this Claim for Relief with the same force and effect as though fully set forth therein.

109.    Defendant is a "person" as defined by A.R.S. § 44-1521(6).

110.    Defendant advertised, offered or sold goods or services in Arizona and engaged in trade or commerce directly or indirectly affecting the people of Arizona.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

111.    Defendant engaged in deceptive and unfair acts and practices, misrepresentation and the concealment, suppression and omission of material facts affecting the people of Arizona in connection with the sale and advertisement of "merchandise" (as defined in Arizona Consumer Fraud Act, A.R.S. § 44-1521(5)) in violation of A.R.S. § 44-1522(A), including:

a.    Failing to implement and maintain reasonable security and privacy measures to protect Plaintiff's and Class Members' PII, which was a direct and proximate cause of the Data Breach;

b.    Failing to identify foreseeable security and privacy risks, remediate identified security and privacy risks and adequately maintain and/or improve security and privacy measures, which was a direct and proximate cause of the Data Breach;

c.    Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiff's and Class Members' PII, including duties imposed by the FTC Act, 15 U.S.C. § 45, *et seq.*, which was a direct and proximate cause of the Data Breach;

d.    Misrepresenting that it would protect the privacy and confidentiality of Plaintiff's and Class Members' PII, including by implementing and maintaining reasonable security measures;

e.    Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiff's and Class Members' PII, including duties imposed by the FTC Act, 15 U.S.C. § 45, *et seq.*;

f.    Omitting, suppressing and concealing the material fact that it did not reasonably or adequately secure Plaintiff's and Class Members' PII; and

g.    Omitting, suppressing and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiff's and Class Members' PII, including duties imposed by the FTC Act, 15 U.S.C. § 45, *et seq.*

112.    Defendant's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of Defendant's data security and ability to protect the confidentiality of consumers' PII.

113.    Defendant intended to mislead Plaintiff and Class Members and induce them to rely on its misrepresentations and omissions. Had Defendant disclosed to Plaintiff and Class Members that its data systems were not secure and, thus, vulnerable to attack, Defendant would have been unable to continue in business and it would have been forced

-23-

to adopt reasonable data security measures and comply with the law. Instead, Defendant held itself out as a large, sophisticated entity with the resources to put adequate data security protocols in place, an organization that could be trusted with valuable PII regarding numerous consumers, including Plaintiff and Class Members. Defendant accepted the responsibility of hosting and keeping PII secure while keeping the inadequate state of its security controls secret from the public. Accordingly, because Defendant held itself out as having the ability to maintain a secure environment for users' email accounts with a corresponding duty of trustworthiness and care, Plaintiff and Class Members acted reasonably in relying on Defendant's misrepresentations and omissions, the truth of which they could not have discovered.

114.    Defendant acted intentionally, knowingly and maliciously to violate Arizona's Consumer Fraud Act and recklessly disregarded Plaintiff's and Class Members' rights.

115.    As a direct and proximate result of Defendant's unfair and deceptive acts and practices, Plaintiff and Class Members have suffered and will continue to suffer injury, ascertainable losses of money or property and monetary and nonmonetary damages, including from fraud and identity theft, time and expenses related to monitoring their financial accounts for fraudulent activity, an increased, imminent risk of fraud and identity theft and loss of value of their PII.

116.    Plaintiff and Class Members seek all monetary and nonmonetary relief allowed by law, including compensatory damages, disgorgement, punitive damages, injunctive relief and reasonable attorneys' fees and costs.

## RELIEF SOUGHT

**WHEREFORE,** Representative Plaintiff, on Representative Plaintiff's own behalf and on behalf of each member of the proposed Class, respectfully requests the Court enter judgment in favor of Representative Plaintiff and the Class and for the following specific relief against Defendant as follows:

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1.      That the Court declare, adjudge and decree that this action is a proper class action and certify each of the proposed Class and/or any other appropriate Subclasses under Arizona Rule of Civil Procedure Rule 23, including appointment of Representative Plaintiff's counsel as Class Counsel;

2.      For an award of damages, including actual, nominal and consequential damages, as allowed by law in an amount to be determined;

3.      That the Court enjoin Defendant, ordering it to cease and desist from unlawful activities;

4.      For equitable relief enjoining Defendant from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of Representative Plaintiff's and Class Members' PII, and from refusing to issue prompt, complete and accurate disclosures to Representative Plaintiff and Class Members;

5.      For injunctive relief requested by Representative Plaintiff, including but not limited to injunctive and other equitable relief as is necessary to protect the interests of Representative Plaintiff and Class Members, including but not limited to an Order:

     a.      prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

     b.      requiring Defendant to protect, including through encryption, all data collected through the course of business in accordance with all applicable regulations, industry standards and federal, state or local laws;

     c.      requiring Defendant to delete and purge Representative Plaintiff's and Class Members' PII unless Defendant can provide to the Court reasonable justification for the retention and use of such information when weighed against the privacy interests of Representative Plaintiff and Class Members;

     d.      requiring Defendant to implement and maintain a comprehensive Information Security Program designed to protect the confidentiality and integrity of Representative Plaintiff's and Class Members' PII;

     e.      requiring Defendant to engage independent third-party security auditors and internal personnel to run automated security monitoring, simulated attacks, penetration tests and audits on Defendant's systems on a periodic basis;

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

f.    prohibiting Defendant from maintaining Representative Plaintiff's and Class Members' PII on a cloud-based database;

g.    requiring Defendant to segment data by creating firewalls and access controls so that if one area of Defendant's network is compromised, hackers cannot gain access to other portions of Defendant's systems;

h.    requiring Defendant to conduct regular database scanning and securing checks;

i.    requiring Defendant to establish an information security training program that includes at least annual information security training for all employees, with additional training to be provided as appropriate based upon the employees' respective responsibilities with handling PII, as well as protecting the PII of Representative Plaintiff and Class Members;

j.    requiring Defendant to implement a system of tests to assess its respective employees' knowledge of the education programs discussed in the preceding subparagraphs, as well as randomly and periodically testing employees' compliance with Defendant's policies, programs and systems for protecting personal identifying information;

k.    requiring Defendant to implement, maintain, review and revise as necessary a threat management program to appropriately monitor Defendant's networks for internal and external threats, and assess whether monitoring tools are properly configured, tested and updated;

l.    requiring Defendant to meaningfully educate all Class Members about the threats that they face as a result of the loss of their confidential personal identifying information to third parties, as well as the steps affected individuals must take to protect themselves.

6.    For prejudgment interest on all amounts awarded, at the prevailing legal rate;

7.    For an award of attorneys' fees, costs and litigation expenses, as allowed by law;

8.    For all other Orders, findings and determinations identified and sought in this Complaint.

**<u>JURY DEMAND</u>**

Representative Plaintiff, individually and on behalf of the Plaintiff Class, hereby demands a trial by jury for all issues triable by jury.

///

///

///

-26-

1  Dated: April 2, 2025                    By:    _____/s/ Sean A. Woods_____

2                                                 Sean Anthony Woods
                                                  **LAW BADGERS PLLC**
3                                                 5055 N. 12th Street, Suite 100
                                                  Phoenix, Arizona 85014
4                                                 Telephone:   (480) 999-1195
                                                  Facsimile:   (480) 999-4750
5                                                 Email: swoods@lawbadgers.com

6                                                 Scott Edward Cole, Esq.*
                                                  **COLE & VAN NOTE**
7                                                 555 12th Street, Suite 2100
                                                  Oakland, California 94607
8                                                 Telephone:   (510) 891-9800
                                                  Facsimile:   (510) 891-7030
9                                                 Email: lvn@colevannote.com

10                                                *Attorneys for Representative Plaintiff and the*
                                                  *Plaintiff Class*
11

12                                                *Pro hac vice forthcoming*

13

14  **ORIGINAL** filed this 2nd day of April, 2025
    via AZTurboCourt with the Clerk of the
15  Maricopa County Superior Court.

16

17  _____/s/ Ben Dangerfield_____

18

19

20

21

22

23

24

25

26

27

28

-27-

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

# EXHIBIT 2

ORIGINAL

Person Filing: Sean Anthony Woods
Address (if not protected): 5055 N. 12th Street, Suite 100
City, State, Zip Code: Phoenix, Arizona 85014
Telephone: (480) 999-1195
Email Address: swoods@lawbadgers.com
Lawyer's Bar Number: 028930

Representing ☐ Self, without a Lawyer or ☒ Attorney for ☒ Plaintiff OR ☐ Defendant

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

ANWAR ABDEL RAHMAN

Name of Plaintiff

And

ERICKSON COMPANIES, LLC et al.

Name of Defendant

Case No.: CV2025-011763

**SUMMONS**

Connect with a qualified lawyer through the Lawyer Referral Service. Simply scan the QR code to complete a referral or call us directly at 602-257-4434. Sponsored by the Maricopa County Bar Association

---

**WARNING: This is an official document from the court that affects your rights. Read this carefully. If you do not understand it, contact a lawyer for help.**

---

FROM THE STATE OF ARIZONA TO: ERICKSON FRAMING AZ, LLC

Name of Defendant

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers are served on you with this *"Summons."*

2. If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court, and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to the:

   • Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix, Arizona 85003-2205 OR

   • Office of the Clerk of the Superior Court, 18380 North 40th Street, Phoenix, Arizona 85032 *OR*

   • Office of the Clerk of Superior Court, 222 East Javelina Avenue, Mesa, Arizona 85210-6201 *OR*

   • Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane, Surprise, Arizona, 85374.

   Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons.

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CV11f 031820

Case Number: <u>CV2025-011763</u>

3. If this *"Summons"* and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your *"Response"* or *"Answer"* must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If this *"Summons"* and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4. You can get a copy of the court papers filed in this case from the Petitioner at the address listed at the top of the preceding page, from the Clerk of the Superior Court's Customer Service Center at:

   - 601 West Jackson, Phoenix, Arizona 85003
   - 18380 North 40th Street, Phoenix, Arizona 85032
   - 222 East Javelina Avenue, Mesa, Arizona 85210
   - 14264 West Tierra Buena Lane, Surprise, Arizona 85374.

5. Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled proceeding.

6. Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

7. Eviction Actions/Forcible Detainers: If you want to request a telephonic hearing, please contact the judge assigned to your case. If you do not know your assigned judge, or have not been assigned a judge, please contact Civil Court Administration at 602-506-1497.

SIGNED AND SEALED this date APR 2 4 2025

JEFF FINE, CLERK

_____
CLERK OF SUPERIOR COURT

_____
Deputy Clerk

T. Spratt
Deputy Clerk

# EXHIBIT 3

Clerk of the Superior Court
*** Electronically Filed ***
A. Marquez, Deputy
4/2/2025 2:34:58 PM
Filing ID 19605558

Person/Attorney Filing: Sean A. Woods
Mailing Address: 5055 N. 12th St. Suite 100
City, State, Zip Code: Phoenix, AZ 85014
Phone Number: (833)383-4448
E-Mail Address: swoods@lawbadgers.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 028930, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

Anwar Abdel Rahman
Plaintiff(s),

v.

Erickson Companies, LLC
Defendant(s).

Case No.  **CV2025-011763**

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Maricopa County Superior Court, and I further certify that
this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of
the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this  April 02, 2025

By: Sean A. Woods /s/
    Plaintiff/Attorney for Plaintiff

AZTurboCourt.gov Form Set #1370621

# EXHIBIT 4

Clerk of the Superior Court
*** Electronically Filed ***
C. Nasui, Deputy
4/23/2025 10:21:18 AM
Filing ID 19722047

1  Sean Anthony Woods, Esq. (AZ S.B. #028930)
   **LAW BADGERS PLLC**
2  5055 N. 12th Street, Suite 100
   Phoenix, Arizona 85014
3  Telephone: (480) 999-1195
   Facsimile:  (480) 999-4750
4  Email: swoods@lawbadgers.com

5  Scott Edward Cole, Esq. (CA S.B. #160744)*
   **COLE & VAN NOTE**
6  555 12th Street, Suite 2100
   Oakland, California 94607
7  Telephone: (510) 891-9800
   Facsimile:  (510) 891-7030
8  Email: sec@colevannote.com

9  * *Pro hac vice* forthcoming

10 *Attorneys for Representative Plaintiff*
   *and the Plaintiff Class*

11

12            **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

13                **IN AND FOR THE COUNTY OF MARICOPA**

14

15 ANWAR ABDEL RAHMAN,            CASE NO.  CV2025-011763
   individually, and on behalf of all others
16 similarly situated,            **CLASS ACTION**

17                Plaintiff,       **FIRST AMENDED COMPLAINT FOR**
                                   **DAMAGES, INJUNCTIVE AND**
18 v.                             **EQUITABLE RELIEF**

19 ERICKSON COMPANIES, LLC,
   ERICKSON FRAMING AZ, LLC and
20 DOES 1 through 100, inclusive,  **[JURY TRIAL DEMANDED]**

21                Defendants.

22

23                        **INTRODUCTION**

24      1.      Representative Plaintiff Anwar Abdel Rahman ("Representative Plaintiff")

25 brings this class action against Defendants Erickson Companies, LLC and Erickson

26 Framing AZ, LLC (collectively, "Defendants") for their failure to properly secure and

27 safeguard Representative Plaintiff's and Class Members' personally identifiable

28 information stored within Defendants' information network, including names, addresses

FIRST AMENDED COMPLAINT FOR DAMAGES

and Social Security Numbers (these types of information, *inter alia*, being thereafter referred to, collectively, as and "personally identifiable information" or "PII").[1]

2.     With this action, Representative Plaintiff seeks to hold Defendants responsible for the harms they caused and will continue to cause Representative Plaintiff and, at least, 11,820[2] other similarly situated persons in the substantial and preventable cyberattack purportedly discovered by Defendants on or about November 18, 2024 by which cybercriminals infiltrated Defendants' inadequately protected network servers and accessed highly sensitive PII which was being kept unprotected (the "Data Breach").

3.     While Defendants claim to have discovered the breach as early as November 18, 2024, Defendants did not begin informing victims of the Data Breach until on or about March 12, 2025 and failed to inform victims when or for how long the Data Breach occurred. Indeed, Representative Plaintiff and Class Members were wholly unaware of the Data Breach until they received letters from Defendants informing them of it. The Notice received by Representative Plaintiff was dated March 12, 2025.

4.     Defendants acquired, collected and stored Representative Plaintiff's and Class Members' PII. Therefore, at all relevant times, Defendants knew or should have known that Representative Plaintiff and Class Members would use Defendants' services to store and/or share sensitive data, including highly confidential PII.

5.     Defendants disregarded the rights of Representative Plaintiff and Class Members by intentionally, willfully, recklessly and/or negligently failing to take and implement adequate and reasonable measures to ensure that Representative Plaintiff's and Class Members' PII was safeguarded, failing to take available steps to prevent an

---

[1] Personally identifiable information ("PII") generally incorporates information that can be used to distinguish or trace an individual's identity, either alone or when combined with other personal or identifying information. 2 C.F.R. § 200.79. At a minimum, it includes all information that on its face expressly identifies an individual. PII also is generally defined to include certain identifiers that do not on its face name an individual, but that are considered to be particularly sensitive and/or valuable if in the wrong hands (for example, Social Security numbers, passport numbers, driver's license numbers, financial account numbers, etc.).
[2] https://www.maine.gov/agviewer/content/ag/985235c7-cb95-4bc2-8792-a1252b4f8318/ff856794-669c-4747-9c50-42b12b71374c.html (last accessed March 31, 2025).

-2-

FIRST AMENDED COMPLAINT FOR DAMAGES

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12th STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

unauthorized disclosure of data and failing to follow applicable, required and appropriate protocols, policies and procedures regarding the encryption of data, even for internal use. As a result, Representative Plaintiff's and Class Members' PII was compromised through disclosure to an unknown and unauthorized third party—an undoubtedly nefarious third party seeking to profit off this disclosure by defrauding Representative Plaintiff and Class Members in the future. Representative Plaintiff and Class Members have a continuing interest in ensuring their information is and remains safe and are entitled to injunctive and other equitable relief.

## JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction over this action because it is a civil action exceeding $10,000. Upon information and belief, the number of Class Members is in the thousands.

7.    Under Arizona Revised Statute §12-401 this Court has general jurisdiction over Defendants because they operate and are incorporated in this County and the server implicated in this Data Breach is likely based in Maricopa County, Arizona.

8.    Venue is proper in this Court because a substantial part of the events giving rise to this action occurred in Maricopa County. Defendants are based in Maricopa County and maintain Class Members PII in Maricopa County.

9.    The amount of Plaintiff's damages qualifies this matter as a Tier 3 case in accordance with Rule 8(b)(2) of the Arizona Rules of Civil Procedure.

## PLAINTIFF

10.    Representative Plaintiff is an adult individual and, at all relevant times herein, was a resident and citizen of the State of Arizona. Representative Plaintiff is a victim of the Data Breach.

11.    Defendants received highly sensitive PII from Representative Plaintiff in connection with the healthcare services Representative Plaintiff received. As a result, Representative Plaintiff's information was among the data accessed by an unauthorized third party in the Data Breach.

-3-

FIRST AMENDED COMPLAINT FOR DAMAGES

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12th STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

12. At all times herein relevant, Representative Plaintiff is and was a member the Class.

13. As required to obtain healthcare services from Defendants, Representative Plaintiff provided Defendants with highly sensitive PII.

14. Representative Plaintiff's PII was exposed in the Data Breach because Defendants stored and/or shared Representative Plaintiff's PII. Representative Plaintiff's PII was within the possession and control of Defendants at the time of the Data Breach.

15. Representative Plaintiff received a letter from Defendants, dated March 12, 2025 stating Representative Plaintiff's PII was involved in the Data Breach (the "Notice").

16. As a result, Representative Plaintiff spent time dealing with the consequences of the Data Breach, which included and continues to include, time spent verifying the legitimacy and impact of the Data Breach, exploring credit monitoring and identity theft insurance options, self-monitoring Representative Plaintiff's accounts and seeking legal counsel regarding Representative Plaintiff's options for remedying and/or mitigating the effects of the Data Breach. This time has been lost forever and cannot be recaptured.

17. Representative Plaintiff suffered actual injury in the form of damages to and diminution in the value of Representative Plaintiff's PII—a form of intangible property that Representative Plaintiff's entrusted to Defendants, which was compromised in and as a result of the Data Breach.

18. Representative Plaintiff suffered lost time, annoyance, interference and inconvenience as a result of the Data Breach and has anxiety and increased concerns for the loss of privacy, as well as anxiety over the impact of cybercriminals accessing, using and selling Representative Plaintiff's PII.

19. Representative Plaintiff suffered imminent and impending injury arising from the substantially increased risk of fraud, identity theft and misuse resulting from Representative Plaintiff's PII, in combination with Representative Plaintiff's name, being placed in the hands of unauthorized third parties/criminals.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵗʰ STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-4-

FIRST AMENDED COMPLAINT FOR DAMAGES

20.    Representative Plaintiff has a continuing interest in ensuring that Representative Plaintiff's PII, which, upon information and belief, remains backed up in Defendants' possession, is protected and safeguarded from future breaches.

## DEFENDANTS

21.    Defendants operate a construction company that manufactures complete framing systems such as wall panels or panels and roof systems that hip and erect at the job site.[3] Defendants' principal place of business is located at 250 N. Beck Avenue, Chandler, AZ 85226.

22.    The true names and capacities of persons or entities, whether individual, corporate, associate or otherwise, who may be responsible for some of the claims alleged here are currently unknown to Representative Plaintiff. Representative Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of such responsible parties when their identities become known.

## CLASS ACTION ALLEGATIONS

23.    Representative Plaintiff brings this action pursuant to the provisions of Arizona Rule of Civil Procedure Rule 23, on behalf of Representative Plaintiff and the following Class:

"All individuals whose PII was exposed to unauthorized third parties as a result of the data breach discovered by Defendants on November 18, 2024."

24.    Excluded from the Class are the following individuals and/or entities: Defendants and Defendants' parents, subsidiaries, affiliates, officers and directors and any entity in which Defendants have a controlling interest, all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out, any and all federal, state or local governments, including but not limited to their departments, agencies, divisions, bureaus, boards, sections, groups, counsel and/or subdivisions and all

---

[3]    https://www.ericksoncompanies.com/ (last accessed March 31, 2025).

-5-

FIRST AMENDED COMPLAINT FOR DAMAGES

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12th STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1 judges assigned to hear any aspect of this litigation, as well as their immediate family
2 members.

3      25.    In the alternative, Representative Plaintiff requests additional Subclasses as
4 necessary based on the types of PII that were compromised.

5      26.    Representative Plaintiff reserves the right to amend the above definition or
6 to propose subclasses in subsequent pleadings and motions for class certification.

7      27.    This action has been brought and may properly be maintained as a class
8 action under Arizona Rule of Civil Procedure Rule 23 because there is a well-defined
9 community of interest in the litigation and membership in the proposed Class is easily
10 ascertainable.

11      a.    Numerosity: A class action is the only available method for the fair
12           and efficient adjudication of this controversy. The members of the
             Plaintiff Class are so numerous that joinder of all members is
13           impractical, if not impossible. Representative Plaintiff is informed
             and believe and, on that basis, alleges that the total number of Class
14           Members is in the thousands of individuals. Membership in the Class
             will be determined by analysis of Defendants' records.

15      b.    Commonality: Representative Plaintiff and the Class Members share
16           a community of interest in that there are numerous common questions
             and issues of fact and law which predominate over any questions and
17           issues solely affecting individual members, including but not
             necessarily limited to:

18      1)    Whether Defendants had a legal duty to Representative Plaintiff
19           and the Class to exercise due care in collecting, storing, using
             and/or safeguarding their PII;

20      2)    Whether Defendants knew or should have known of the
21           susceptibility of their data security systems to a data breach;

22      3)    Whether Defendants' security procedures and practices to protect
             their systems were reasonable in light of the measures
23           recommended by data security experts;

24      4)    Whether Defendants' failure to implement adequate data security
             measures allowed the Data Breach to occur;

25      5)    Whether Defendants failed to comply with their own policies and
26           applicable laws, regulations and industry standards relating to
             data security;

27

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵗʰ STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-6-

FIRST AMENDED COMPLAINT FOR DAMAGES

6)  Whether Defendants adequately, promptly and accurately informed Representative Plaintiff and Class Members that their PII had been compromised;

7)  How and when Defendants actually learned of the Data Breach;

8)  Whether Defendants' conduct, including their failure to act, resulted in or was the proximate cause of the breach of their systems, resulting in the loss of Representative Plaintiff's and Class Members' PII;

9)  Whether Defendants adequately addressed and fixed the vulnerabilities which permitted the Data Breach to occur;

10) Whether Defendants engaged in unfair, unlawful or deceptive practices by failing to safeguard Representative Plaintiff's and Class Members' PII;

11) Whether Representative Plaintiff and Class Members are entitled to actual and/or statutory damages and/or whether injunctive, corrective and/or declaratory relief and/or an accounting is/are appropriate as a result of Defendants' wrongful conduct;

12) Whether Representative Plaintiff and Class Members are entitled to restitution as a result of Defendants' wrongful conduct.

c.  <u>Typicality</u>: Representative Plaintiff's claims are typical of the claims of the Plaintiff Class. Representative Plaintiff and all members of the Plaintiff Class sustained damages arising out of and caused by Defendants' common course of conduct in violation of law, as alleged herein.

d.  <u>Adequacy of Representation</u>: Representative Plaintiff in this class action is an adequate representative of each of the Plaintiff Class in that the Representative Plaintiff has the same interest in the litigation of this case as the Class Members, is committed to vigorous prosecution of this case and has retained competent counsel who are experienced in conducting litigation of this nature. Representative Plaintiff is not subject to any individual defenses unique from those conceivably applicable to other Class Members or the Class in their entireties. Representative Plaintiff anticipates no management difficulties in this litigation.

e.  <u>Superiority of Class Action</u>: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impractical for members of the Plaintiff Class to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual member of the Plaintiff Class, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings which might be dispositive of the interests of the Class Members who are not parties to the

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵗʰ STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-7-

FIRST AMENDED COMPLAINT FOR DAMAGES

adjudications and/or may substantially impede their ability to adequately protect their interests.

28.    Class certification is proper because the questions raised by this Complaint are of common or general interest affecting numerous persons, such that it is impracticable to bring all Class Members before the Court.

29.    This class action is also appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to Class Members, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class Members and making final injunctive relief appropriate with respect to the Class in their entirety. Defendants' policies and practices challenged herein apply to and affect Class Members uniformly and Representative Plaintiff's challenge of these policies and practices hinges on Defendants' conduct with respect to the Class in their entirety, not on facts or law applicable only to Representative Plaintiff.

30.    Unless a Class-wide injunction is issued, Defendants may continue in their failure to properly secure the PII of Class Members, and Defendants may continue to act unlawfully as set forth in this Complaint.

31.    Further, Defendants have acted or refused to act on grounds generally applicable to the Class and, accordingly, final injunctive or corresponding declaratory relief with regard to the Class Members as a whole is appropriate under Arizona Rule of Civil Procedure Rule 23.

## COMMON FACTUAL ALLEGATIONS

### The Cyberattack

32.    In the course of the Data Breach, one or more unauthorized third parties accessed Class Members' sensitive data. Representative Plaintiff was among the individuals whose data was accessed in the Data Breach.

33.    According to the Data Breach Notification, which Defendants filed with the Office of the Maine Attorney General, 11,820 persons were affected by the Data Breach.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵗʰ STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-8-

FIRST AMENDED COMPLAINT FOR DAMAGES

34.    Representative Plaintiff was provided the information detailed above upon Representative Plaintiff's receipt of a letter from Defendants, dated March 12, 2025. Representative Plaintiff was not aware of the Data Breach until receiving that letter.

**Defendants' Failed Response to the Breach**

35.    Upon information and belief, the unauthorized third-party cybercriminals gained access to Representative Plaintiff's and Class Members' PII with the intent of misusing the PII, including marketing and selling Representative Plaintiff's and Class Members' PII.

36.    Not until after roughly two months after they claim to have discovered the Data Breach did Defendants begin sending the Notice to persons whose PII Defendants confirmed was potentially compromised as a result of the Data Breach. The Notice provided basic details of the Data Breach and Defendants' recommended next steps.

37.    The Notice included, *inter alia*, the claims that Defendants had learned of the Data Breach on November 18, 2024.

38.    Defendants had and continue to have obligations created by HIPAA, applicable federal and state law as set forth herein, reasonable industry standards, common law and their own assurances and representations to keep Representative Plaintiff's and Class Members' PII confidential and to protect such PII from unauthorized access.

39.    Representative Plaintiff and Class Members were required to provide their PII to Defendants in order to receive services, and as part of providing healthcare, Defendants created, collected and stored Representative Plaintiff's and Class Members' PII with the reasonable expectation and mutual understanding that Defendants would comply with their obligations to keep such information confidential and secure from unauthorized access.

40.    Despite this, Representative Plaintiff and the Class Members remain, even today, in the dark regarding what particular data was stolen, the particular malware used and what steps are being taken, if any, to secure their PII going forward. Representative Plaintiff and Class Members are thus left to speculate as to where their PII ended up, who

-9-

FIRST AMENDED COMPLAINT FOR DAMAGES

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1    has used it and for what potentially nefarious purposes. Indeed, they are left to further

2    speculate as to the full impact of the Data Breach and how exactly Defendants intend to

3    enhance their information security systems and monitoring capabilities so as to prevent

4    further breaches.

5        41.    Representative Plaintiff's and Class Members' PII may end up for sale on

6    the dark web, or simply fall into the hands of companies that will use the detailed PII for

7    targeted marketing without Representative Plaintiff's and/or Class Members' approval.

8    Either way, unauthorized individuals can now easily access Representative Plaintiff's and

9    Class Members' PII.

10   **Defendants Collected/Stored Class Members' PII**

11       42.    Defendants acquired, collected, stored and assured reasonable security over

12   Representative Plaintiff's and Class Members' PII.

13       43.    As a condition of their relationships with Representative Plaintiff and Class

14   Members, Defendants required that Representative Plaintiff and Class Members entrust

15   Defendants with highly sensitive and confidential PII. Defendants, in turn, stored that

16   information on Defendants' system that was ultimately affected by the Data Breach.

17       44.    By obtaining, collecting and storing Representative Plaintiff's and Class

18   Members' PII, Defendants assumed legal and equitable duties over the PII and knew or

19   should have known that they were thereafter responsible for protecting Representative

20   Plaintiff's and Class Members' PII from unauthorized disclosure.

21       45.    Representative Plaintiff and Class Members have taken reasonable steps to

22   maintain their PII's confidentiality. Representative Plaintiff and Class Members relied on

23   Defendants to keep their PII confidential and securely maintained, to use this information

24   for business purposes only and to make only authorized disclosures of this information.

25       46.    Defendants could have prevented the Data Breach by properly securing and

26   encrypting and/or more securely encrypting their servers generally, as well as

27   Representative Plaintiff's and Class Members' PII.

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12th STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-10-

FIRST AMENDED COMPLAINT FOR DAMAGES

47.     Defendants' negligence in safeguarding Representative Plaintiff's and Class Members' PII is exacerbated by repeated warnings and alerts directed to protecting and securing sensitive data, as evidenced by the trending data breach attacks in recent years.

48.     Due to the high-profile nature of these breaches, and other breaches of its kind, Defendants were and/or certainly should have been on notice and aware of such attacks occurring in their industry and, therefore, should have assumed and adequately performed the duty of preparing for such an imminent attack. This is especially true given that Defendants are a large, sophisticated operation with the resources to put adequate data security protocols in place.

49.     And yet, despite the prevalence of public announcements of data breach and data security compromises, Defendants failed to take appropriate steps to protect Representative Plaintiff's and Class Members' PII from being compromised.

**Defendants Had an Obligation to Protect the Stolen Information**

50.     Defendants were prohibited by the Federal Trade Commission Act (the "FTC Act") (15 U.S.C. § 45) from engaging in "unfair or deceptive acts or practices in or affecting commerce." The Federal Trade Commission (the "FTC") has concluded that a company's failure to maintain reasonable and appropriate data security for consumers' sensitive personal information is an "unfair practice" in violation of the FTC Act. *See, e.g., FTC v. Wyndham Worldwide Corp.*, 799 F.3d 236 (3d Cir. 2015).

51.     In addition to their obligations under federal and state laws, Defendants owed a duty to Representative Plaintiff and Class Members to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting and protecting the PII in Defendants' possession from being compromised, lost, stolen, accessed and misused by unauthorized persons. Defendants owed a duty to Representative Plaintiff and Class Members to provide reasonable security, including consistency with industry standards and requirements, and to ensure that their computer systems, networks and protocols adequately protected Representative Plaintiff's and Class Members' PII.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12th STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-11-

FIRST AMENDED COMPLAINT FOR DAMAGES

52.    Defendants owed a duty to Representative Plaintiff and Class Members to design, maintain and test their computer systems, servers and networks to ensure that all PII in their possession was adequately secured and protected.

53.    Defendants owed a duty to Representative Plaintiff and Class Members to create and implement reasonable data security practices and procedures to protect all PII in their possession, including not sharing information with other entities who maintained sub-standard data security systems.

54.    Defendants owed a duty to Representative Plaintiff and Class Members to implement processes that would immediately detect a breach on their data security systems in a timely manner.

55.    Defendants owed a duty to Representative Plaintiff and Class Members to act upon data security warnings and alerts in a timely fashion.

56.    Defendants owed a duty to Representative Plaintiff and Class Members to disclose if their computer systems and data security practices were inadequate to safeguard individuals' PII from theft, because such an inadequacy would be a material fact in the decision to entrust their PII to Defendants.

57.    Defendants owed a duty of care to Representative Plaintiff and Class Members because they were foreseeable and probable victims of any inadequate data security practices.

58.    Defendants owed a duty to Representative Plaintiff and Class Members to encrypt and/or more reliably encrypt Representative Plaintiff's and Class Members' PII and monitor user behavior and activity in order to identity possible threats.

**Value of the Relevant Sensitive Information**

59.    PII are valuable commodities for which a "cyber black market" exists in which criminals openly post stolen payment card numbers, Social Security numbers and other personal information on a number of underground internet websites.

60.    The high value of PII to criminals is further evidenced by the prices they will pay for it through the dark web. Numerous sources cite dark web pricing for stolen identity

-12-

FIRST AMENDED COMPLAINT FOR DAMAGES

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵗʰ STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵗʰ STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1  credentials. For example, personal information can be sold at a price ranging from $40 to

2  $200, and bank details have a price range of $50 to $200.[4] Experian reports that a stolen

3  credit or debit card number can sell for $5 to $110 on the dark web.[5] Criminals can also

4  purchase access to entire company data breaches from $999 to $4,995.[6]

5      61.    Between 2005 and 2019, at least 249 million people were affected by

6  healthcare data breaches.[7] Indeed, during 2019 alone, over 41 million healthcare records

7  were exposed, stolen or unlawfully disclosed in 505 data breaches.[8] In short, these sorts of

8  data breaches are increasingly common, especially among healthcare systems, which

9  account for 30.03 percent of overall health data breaches, according to cybersecurity firm

10  Tenable.[9]

11      62.    These criminal activities have and will result in devastating financial and

12  personal losses to Representative Plaintiff and Class Members. For example, it is believed

13  that certain PII compromised in the 2017 Experian data breach was being used three years

14  later by identity thieves to apply for COVID-19-related benefits in the state of Oklahoma.

15  Such fraud will be an omnipresent threat for Representative Plaintiff and Class Members

16  for the rest of their lives. They will need to remain constantly vigilant.

17      63.    The FTC defines identity theft as "a fraud committed or attempted using the

18  identifying information of another person without authority." The FTC describes

19  "identifying information" as "any name or number that may be used, alone or in

20  conjunction with any other information, to identify a specific person," including, among

21

22  [4]  *Your personal data is for sale on the dark web. Here's how much it costs,* Digital Trends, Oct. 16, 2019, *available at:* https://www.digitaltrends.com/computing/personal-data-sold-on-the-dark-web-how-much-it-costs/ (last accessed July 20, 2023).

23  [5]  *Here's How Much Your Personal Information Is Selling for on the Dark Web,* Experian, Dec. 6, 2017, *available at:* https://www.experian.com/blogs/ask-experian/heres-how-much-your-personal-information-is-selling-for-on-the-dark-web/ (last accessed July 20, 2023).

24

25  [6]  *In the Dark,* VPNoverview, 2019, *available at:* https://vpnoverview.com/privacy/anonymous-browsing/in-the-dark/ (last accessed July 20, 2023).

26  [7]  https://www.ncbi.nlm.nih.gov/pmc/articles/PMC7349636/#B5-healthcare-08-00133 (last accessed July 20, 2023).

27  [8]  https://www.hipaajournal.com/december-2019-healthcare-data-breach-report/ (last accessed July 20, 2023).

28  [9]  https://www.tenable.com/blog/healthcare-security-ransomware-plays-a-prominent-role-in-covid-19-era-breaches (last accessed July 20, 2023).

-13-

FIRST AMENDED COMPLAINT FOR DAMAGES

1    other things, "[n]ame, Social Security number, date of birth, official State or government

2    issued driver's license or identification number, alien registration number, government

3    passport number, employer or taxpayer identification number."

4        64.    Identity thieves can use PII, such as that of Representative Plaintiff and Class

5    Members which Defendants failed to keep secure, to perpetrate a variety of crimes that

6    harm victims. For instance, identity thieves may commit various types of government fraud

7    such as immigration fraud, obtaining a driver's license or identification card in the victim's

8    name but with another's picture, using the victim's information to obtain government

9    benefits or filing a fraudulent tax return using the victim's information to obtain a

10    fraudulent refund.

11        65.    The ramifications of Defendants' failure to keep secure Representative

12    Plaintiff's and Class Members' PII are long lasting and severe. Once PII is stolen,

13    particularly identification numbers, fraudulent use of that information and damage to

14    victims may continue for years. Indeed, Representative Plaintiff's and Class Members' PII

15    was taken by hackers to engage in identity theft or to sell it to other criminals who will

16    purchase the PII for that purpose. The fraudulent activity resulting from the Data Breach

17    may not come to light for years.

18        66.    There may be a time lag between when harm occurs versus when it is

19    discovered and also between when PII is stolen and when it is used. According to the U.S.

20    Government Accountability Office ("GAO"), which conducted a study regarding data

21    breaches:

22        [L]aw enforcement officials told us that in some cases, stolen data may be
        held for up to a year or more before being used to commit identity theft.
23        Further, once stolen data have been sold or posted on the Web, fraudulent
        use of that information may continue for years. As a result, studies that
24        attempt to measure the harm resulting from data breaches cannot necessarily
        rule out all future harm.[10]
25

26

27    _____

28    [10]    *Report to Congressional Requesters*, GAO, at 29 (June 2007), *available at:*
    http://www.gao.gov/new.items/d07737.pdf (last accessed July 20, 2023).

FIRST AMENDED COMPLAINT FOR DAMAGES

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12th STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

67.    The harm to Representative Plaintiff and Class Members is especially acute given the nature of the leaked data. Medical identity theft is one of the most common, most expensive and most difficult-to-prevent forms of identity theft. According to Kaiser Health News, "medical-related identity theft accounted for 43 percent of all identity thefts reported in the United States in 2013," which is more than identity thefts involving banking and finance, the government and the military, or education.[11]

68.    When cybercriminals access personally sensitive data—as they did here—there is no limit to the amount of fraud to which Defendants may have exposed Representative Plaintiff and Class Members.

69.    And data breaches are preventable.[12] As Lucy Thompson wrote in the DATA BREACH AND ENCRYPTION HANDBOOK, "[i]n almost all cases, the data breaches that occurred could have been prevented by proper planning and the correct design and implementation of appropriate security solutions."[13] She added that "[o]rganizations that collect, use, store, and share sensitive personal data must accept responsibility for protecting the information and ensuring that it is not compromised...."[14]

70.    Most of the reported data breaches are a result of lax security and the failure to create or enforce appropriate security policies, rules and procedures. Appropriate information security controls, including encryption, must be implemented and enforced in a rigorous and disciplined manner so that a *data breach never occurs.*[15]

71.    Here, Defendants knew of the importance of safeguarding PII and of the foreseeable consequences that would occur if Representative Plaintiff's and Class Members' PII was stolen, including the significant costs that would be placed on Representative Plaintiff and Class Members as a result of a breach of this magnitude. As

---

[11]    Michael Ollove, "*The Rise of Medical Identity Theft in Healthcare,*" Kaiser Health News, Feb. 7, 2014, https://khn.org/news/rise-of-indentity-theft/ (last accessed July 20, 2023).
[12]    Lucy L. Thompson, "*Despite the Alarming Trends, Data Breaches Are Preventable,*" in DATA BREACH AND ENCRYPTION HANDBOOK (Lucy Thompson, ed., 2012)
[13]    *Id.* at 17.
[14]    *Id.* at 28.
[15]    *Id.*

FIRST AMENDED COMPLAINT FOR DAMAGES

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

detailed above, Defendants knew or should have known that the development and use of such protocols were necessary to fulfill their statutory and common law duties to Representative Plaintiff and Class Members. Their failure to do so is therefore intentional, willful, reckless and/or grossly negligent.

72.     Defendants disregarded the rights of Representative Plaintiff and Class Members by, *inter alia*, (i) intentionally, willfully, recklessly and/or negligently failing to take adequate and reasonable measures to ensure that their network servers were protected against unauthorized intrusions, (ii) failing to disclose that it did not have adequately robust security protocols and training practices in place to adequately safeguard Representative Plaintiff's and Class Members' PII, (iii) failing to take standard and reasonably available steps to prevent the Data Breach, (iv) concealing the existence and extent of the Data Breach for an unreasonable duration of time and (v) failing to provide Representative Plaintiff and Class Members prompt and accurate notice of the Data Breach.

## FIRST CLAIM FOR RELIEF
### Negligence

73.     Each and every allegation of the preceding paragraphs is incorporated in this Claim for Relief with the same force and effect as though fully set forth herein.

74.     At all times herein relevant, Defendants owed Representative Plaintiff and Class Members a duty of care, *inter alia*, to act with reasonable care to secure and safeguard their PII and to use commercially reasonable methods to do so. Defendants took on this obligation upon accepting and storing Representative Plaintiff's and Class Members' PII on their computer systems and networks.

75.     Among these duties, Defendants were expected:

   a.     to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting and protecting the PII in their possession;

   b.     to protect Representative Plaintiff's and Class Members' PII using reasonable and adequate security procedures and systems that were/are compliant with industry-standard practices;

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-16-

FIRST AMENDED COMPLAINT FOR DAMAGES

     c.     to implement processes to quickly detect the Data Breach and to timely act on warnings about data breaches; and

     d.     to promptly notify Representative Plaintiff and Class Members of any data breach, security incident or intrusion that affected or may have affected their PII.

76.     Defendants knew that the PII was private and confidential and should be protected as private and confidential and, thus, Defendants owed a duty of care not to subject Representative Plaintiff and Class Members to an unreasonable risk of harm because they were foreseeable and probable victims of any inadequate security practices.

77.     Defendants knew or should have known of the risks inherent in collecting and storing PII, the vulnerabilities of their data security systems and the importance of adequate security. Defendants knew about numerous, well-publicized data breaches.

78.     Defendants knew or should have known that their data systems and networks did not adequately safeguard Representative Plaintiff's and Class Members' PII.

79.     Only Defendants were in the position to ensure that their systems and protocols were sufficient to protect the PII that Representative Plaintiff and Class Members had entrusted to it.

80.     Defendants breached their duties to Representative Plaintiff and Class Members by failing to provide fair, reasonable or adequate computer systems and data security practices to safeguard Representative Plaintiff's and Class Members' PII.

81.     Because Defendants knew that a breach of their systems could damage thousands of individuals, including Representative Plaintiff and Class Members, Defendants had a duty to adequately protect their data systems and the PII contained thereon.

82.     Representative Plaintiff's and Class Members' willingness to entrust Defendants with their PII was predicated on the understanding that Defendants would take adequate security precautions. Moreover, only Defendants had the ability to protect their systems and the PII it stored on them from attack. Thus, Defendants had a special relationship with Representative Plaintiff and Class Members.

-17-

FIRST AMENDED COMPLAINT FOR DAMAGES

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

83.     Defendants also had independent duties under state and federal laws that required Defendants to reasonably safeguard Representative Plaintiff's and Class Members' PII and promptly notify them about the Data Breach. These "independent duties" are untethered to any contract between Defendants and Representative Plaintiff and/or the remaining Class Members.

84.     Defendants breached their general duty of care to Representative Plaintiff and Class Members in, but not necessarily limited to, the following ways:

a.     by failing to provide fair, reasonable or adequate computer systems and data security practices to safeguard Representative Plaintiff's and Class Members' PII;

b.     by failing to timely and accurately disclose that Representative Plaintiff's and Class Members' PII had been improperly acquired or accessed;

c.     by failing to adequately protect and safeguard the PII by knowingly disregarding standard information security principles, despite obvious risks, and by allowing unmonitored and unrestricted access to unsecured PII;

d.     by failing to provide adequate supervision and oversight of the PII with which it was and is entrusted, in spite of the known risk and foreseeable likelihood of breach and misuse, which permitted an unknown third party to gather Representative Plaintiff's and Class Members' PII, misuse the PII and intentionally disclose it to others without consent;

e.     by failing to adequately train their employees to not store PII longer than absolutely necessary;

f.     by failing to consistently enforce security policies aimed at protecting Representative Plaintiff's and the Class Members' PII;

g.     by failing to implement processes to quickly detect data breaches, security incidents or intrusions; and

h.     by failing to encrypt Representative Plaintiff's and Class Members' PII and monitor user behavior and activity in order to identify possible threats.

85.     Defendants' willful failure to abide by these duties was wrongful, reckless and/or grossly negligent in light of the foreseeable risks and known threats.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12th STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-18-

FIRST AMENDED COMPLAINT FOR DAMAGES

86.    As a proximate and foreseeable result of Defendants' grossly negligent conduct, Representative Plaintiff and Class Members have suffered damages and are at imminent risk of additional harms and damages (as alleged above).

87.    The law further imposes an affirmative duty on Defendants to timely disclose the unauthorized access and theft of the PII to Representative Plaintiff and Class Members so that they could and/or still can take appropriate measures to mitigate damages, protect against adverse consequences and thwart future misuse of their PII.

88.    Defendants breached their duty to notify Representative Plaintiff and Class Members of the unauthorized access by waiting almost a year after learning of the Data Breach to notify Representative Plaintiff and Class Members and then by failing and continuing to fail to provide Representative Plaintiff and Class Members sufficient information regarding the breach. To date, Defendants have not provided sufficient information to Representative Plaintiff and Class Members regarding the extent of the unauthorized access and continue to breach their disclosure obligations to Representative Plaintiff and Class Members.

89.    Further, through their failure to provide timely and clear notification of the Data Breach to Representative Plaintiff and Class Members, Defendants prevented Representative Plaintiff and Class Members from taking meaningful, proactive steps to, *inter alia*, secure and/or access their PII.

90.    There is a close causal connection between Defendants' failure to implement security measures to protect Representative Plaintiff's and Class Members' PII and the harm suffered, or risk of imminent harm suffered by Representative Plaintiff and Class Members. Representative Plaintiff's and Class Members' PII was accessed as the proximate result of Defendants' failure to exercise reasonable care in safeguarding such PII by adopting, implementing and maintaining appropriate security measures.

91.    Defendants' wrongful actions, inactions and omissions constituted (and continue to constitute) common law negligence.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-19-

FIRST AMENDED COMPLAINT FOR DAMAGES

92.     The damages Representative Plaintiff and Class Members have suffered (as alleged above) and will continue to suffer were and are the direct and proximate result of Defendants' grossly negligent conduct.

93.     Additionally, 15 U.S.C. § 45 (FTC Act, Section 5) prohibits "unfair […] practices in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair act or practice by businesses, such as Defendants, of failing to use reasonable measures to protect PII. The FTC publications and orders described above also form part of the basis of Defendants' duty in this regard.

94.     Defendants violated 15 U.S.C. § 45 by failing to use reasonable measures to protect PII and not complying with applicable industry standards, as described in detail herein. Defendants' conduct was particularly unreasonable given the nature and amount of PII it obtained and stored and the foreseeable consequences of the immense damages that would result to Representative Plaintiff and Class Members.

95.     Defendants' violation of 15 U.S.C. § 45 constitutes negligence *per se*. Defendants also violated the HIPAA Privacy and Security rules which, likewise, constitutes negligence *per se*.

96.     As a direct and proximate result of Defendants' negligence and negligence *per se*, Representative Plaintiff and Class Members have suffered and will continue to suffer injury, including but not limited to (i) actual identity theft, (ii) the loss of the opportunity of how their PII is used, (iii) the compromise, publication and/or theft of their PII, (iv) out-of-pocket expenses associated with the prevention, detection and recovery from identity theft, tax fraud and/or unauthorized use of their PII, (v) lost opportunity costs associated with effort expended and the loss of productivity addressing and attempting to mitigate the actual and future consequences of the Data Breach, including but not limited to efforts spent researching how to prevent, detect, contest and recover from embarrassment and identity theft, (vi) lost continuity in relation to their personal records, (vii) the continued risk to their PII, which may remain in Defendants' possession and is subject to further unauthorized disclosures so long as Defendants fail to undertake

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-20-

FIRST AMENDED COMPLAINT FOR DAMAGES

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12th STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1   appropriate and adequate measures to protect Representative Plaintiff's and Class

2   Members' PII in their continued possession and (viii) future costs in terms of time, effort

3   and money that will be expended to prevent, detect, contest and repair the impact of the PII

4   compromised as a result of the Data Breach for the remainder of the lives of Representative

5   Plaintiff and Class Members.

6          97.    As a direct and proximate result of Defendants' negligence and negligence

7   *per se*, Representative Plaintiff and Class Members have suffered and will continue to

8   suffer other forms of injury and/or harm, including but not limited to anxiety, emotional

9   distress, loss of privacy and other economic and noneconomic losses.

10         98.    Additionally, as a direct and proximate result of Defendants' negligence and

11  negligence *per se*, Representative Plaintiff and Class Members have suffered and will

12  continue to suffer the continued risks of exposure of their PII, which remains in

13  Defendants' possession and is subject to further unauthorized disclosures so long as

14  Defendants fail to undertake appropriate and adequate measures to protect PII in their

15  continued possession.

16

17                    **SECOND CLAIM FOR RELIEF**
                      **Breach of Implied Contract**

18

19         99.    Each and every allegation of the preceding paragraphs is incorporated in this

20  Claim for Relief with the same force and effect as though fully set forth herein.

21         100.   Through their course of conduct, Defendants, Representative Plaintiff and

22  Class Members entered into implied contracts for Defendants to implement data security

23  adequate to safeguard and protect the privacy of Representative Plaintiff's and Class

24  Members' PII.

25         101.   Defendants required Representative Plaintiff and Class Members to provide

26  and entrust their PII as a condition of obtaining services from Defendants.

27         102.   Defendants solicited and invited Representative Plaintiff and Class Members

28  to provide their PII as part of Defendants' regular business practices. Representative

-21-

FIRST AMENDED COMPLAINT FOR DAMAGES

1   Plaintiff and Class Members accepted Defendants' offers and provided their PII to

2   Defendants.

3        103.   As a condition of being direct customers and/or employees of Defendants,

4   Representative Plaintiff and Class Members provided and entrusted their PII to Defendants.

5   In so doing, Representative Plaintiff and Class Members entered into implied contracts

6   with Defendants by which Defendants agreed to safeguard and protect such non-public

7   information, to keep such information secure and confidential and to timely and accurately

8   notify Representative Plaintiff and Class Members if their data had been breached and

9   compromised or stolen.

10       104.   A meeting of the minds occurred when Representative Plaintiff and Class

11  Members agreed to, and did, provide their PII to Defendants, in exchange for, amongst

12  other things, the protection of their PII.

13       105.   Representative Plaintiff and Class Members fully performed their obligations

14  under the implied contracts with Defendants.

15       106.   Defendants breached the implied contracts it made with Representative

16  Plaintiff and Class Members by failing to safeguard and protect their PII and by failing to

17  provide timely and accurate notice to them that their PII was compromised as a result of

18  the Data Breach.

19       107.   As a direct and proximate result of Defendants' above-described breach of

20  implied contract, Representative Plaintiff and Class Members have suffered and will

21  continue to suffer (i) ongoing, imminent and impending threat of identity theft crimes,

22  fraud and abuse, resulting in monetary loss and economic harm, (ii) actual identity theft

23  crimes, fraud and abuse, resulting in monetary loss and economic harm, (iii) loss of the

24  confidentiality of the stolen confidential data, (iv) the illegal sale of the compromised data

25  on the dark web, (v) lost work time and (vi) other economic and noneconomic harm.

26  ///

27  ///

28  ///

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-22-

FIRST AMENDED COMPLAINT FOR DAMAGES

**THIRD CLAIM FOR RELIEF**
**ARIZONA CONSUMER FRAUD ACT**
**A.R.S. §§ 44-1521, *et seq.***

108.    Each and every allegation of the preceding paragraphs is incorporated in this Claim for Relief with the same force and effect as though fully set forth therein.

109.    Defendants are a "person" as defined by A.R.S. § 44-1521(6).

110.    Defendants advertised, offered or sold goods or services in Arizona and engaged in trade or commerce directly or indirectly affecting the people of Arizona.

111.    Defendants engaged in deceptive and unfair acts and practices, misrepresentation and the concealment, suppression and omission of material facts affecting the people of Arizona in connection with the sale and advertisement of "merchandise" (as defined in Arizona Consumer Fraud Act, A.R.S. § 44-1521(5)) in violation of A.R.S. § 44-1522(A), including:

a.    Failing to implement and maintain reasonable security and privacy measures to protect Plaintiff's and Class Members' PII, which was a direct and proximate cause of the Data Breach;

b.    Failing to identify foreseeable security and privacy risks, remediate identified security and privacy risks and adequately maintain and/or improve security and privacy measures, which was a direct and proximate cause of the Data Breach;

c.    Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiff's and Class Members' PII, including duties imposed by the FTC Act, 15 U.S.C. § 45, *et seq.*, which was a direct and proximate cause of the Data Breach;

d.    Misrepresenting that they would protect the privacy and confidentiality of Plaintiff's and Class Members' PII, including by implementing and maintaining reasonable security measures;

e.    Misrepresenting that they would comply with common law and statutory duties pertaining to the security and privacy of Plaintiff's and Class Members' PII, including duties imposed by the FTC Act, 15 U.S.C. § 45, *et seq.*;

f.    Omitting, suppressing and concealing the material fact that they did not reasonably or adequately secure Plaintiff's and Class Members' PII; and

g.    Omitting, suppressing and concealing the material fact that they did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiff's and Class Members' PII, including duties imposed by the FTC Act, 15 U.S.C. § 45, *et seq.*

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL. (510) 891-9800

-23-

FIRST AMENDED COMPLAINT FOR DAMAGES

112.    Defendants' representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of Defendants' data security and ability to protect the confidentiality of consumers' PII.

113.    Defendants intended to mislead Plaintiff and Class Members and induce them to rely on their misrepresentations and omissions. Had Defendants disclosed to Plaintiff and Class Members that their data systems were not secure and, thus, vulnerable to attack, Defendants would have been unable to continue in business and they would have been forced to adopt reasonable data security measures and comply with the law. Instead, Defendants held itself out as large, sophisticated entities with the resources to put adequate data security protocols in place, organizations that could be trusted with valuable PII regarding numerous consumers, including Plaintiff and Class Members. Defendants accepted the responsibility of hosting and keeping PII secure while keeping the inadequate state of their security controls secret from the public. Accordingly, because Defendants held themselves out as having the ability to maintain a secure environment for users' email accounts with a corresponding duty of trustworthiness and care, Plaintiff and Class Members acted reasonably in relying on Defendants' misrepresentations and omissions, the truth of which they could not have discovered.

114.    Defendants acted intentionally, knowingly and maliciously to violate Arizona's Consumer Fraud Act and recklessly disregarded Plaintiff's and Class Members' rights.

115.    As a direct and proximate result of Defendants' unfair and deceptive acts and practices, Plaintiff and Class Members have suffered and will continue to suffer injury, ascertainable losses of money or property and monetary and nonmonetary damages, including from fraud and identity theft, time and expenses related to monitoring their financial accounts for fraudulent activity, an increased, imminent risk of fraud and identity theft and loss of value of their PII.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-24-

FIRST AMENDED COMPLAINT FOR DAMAGES

116.    Plaintiff and Class Members seek all monetary and nonmonetary relief allowed by law, including compensatory damages, disgorgement, punitive damages, injunctive relief and reasonable attorneys' fees and costs.

## RELIEF SOUGHT

**WHEREFORE,** Representative Plaintiff, on Representative Plaintiff's own behalf and on behalf of each member of the proposed Class, respectfully requests the Court enter judgment in favor of Representative Plaintiff and the Class and for the following specific relief against Defendants as follows:

1.    That the Court declare, adjudge and decree that this action is a proper class action and certify each of the proposed Class and/or any other appropriate Subclasses under Arizona Rule of Civil Procedure Rule 23, including appointment of Representative Plaintiff's counsel as Class Counsel;

2.    For an award of damages, including actual, nominal and consequential damages, as allowed by law in an amount to be determined;

3.    That the Court enjoin Defendants, ordering them to cease and desist from unlawful activities;

4.    For equitable relief enjoining Defendants from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of Representative Plaintiff's and Class Members' PII, and from refusing to issue prompt, complete and accurate disclosures to Representative Plaintiff and Class Members;

5.    For injunctive relief requested by Representative Plaintiff, including but not limited to injunctive and other equitable relief as is necessary to protect the interests of Representative Plaintiff and Class Members, including but not limited to an Order:

    a.    prohibiting Defendants from engaging in the wrongful and unlawful acts described herein;

    b.    requiring Defendants to protect, including through encryption, all data collected through the course of business in accordance with all applicable regulations, industry standards and federal, state or local laws;

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-25-

FIRST AMENDED COMPLAINT FOR DAMAGES

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵗʰ STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

c.  requiring Defendants to delete and purge Representative Plaintiff's and Class Members' PII unless Defendants can provide to the Court reasonable justification for the retention and use of such information when weighed against the privacy interests of Representative Plaintiff and Class Members;

d.  requiring Defendants to implement and maintain a comprehensive Information Security Program designed to protect the confidentiality and integrity of Representative Plaintiff's and Class Members' PII;

e.  requiring Defendants to engage independent third-party security auditors and internal personnel to run automated security monitoring, simulated attacks, penetration tests and audits on Defendants' systems on a periodic basis;

f.  prohibiting Defendants from maintaining Representative Plaintiff's and Class Members' PII on a cloud-based database;

g.  requiring Defendants to segment data by creating firewalls and access controls so that if one area of Defendants' network is compromised, hackers cannot gain access to other portions of Defendants' systems;

h.  requiring Defendants to conduct regular database scanning and securing checks;

i.  requiring Defendants to establish an information security training program that includes at least annual information security training for all employees, with additional training to be provided as appropriate based upon the employees' respective responsibilities with handling PII, as well as protecting the PII of Representative Plaintiff and Class Members;

j.  requiring Defendants to implement a system of tests to assess their respective employees' knowledge of the education programs discussed in the preceding subparagraphs, as well as randomly and periodically testing employees' compliance with Defendants' policies, programs and systems for protecting personal identifying information;

k.  requiring Defendants to implement, maintain, review and revise as necessary a threat management program to appropriately monitor Defendants' networks for internal and external threats, and assess whether monitoring tools are properly configured, tested and updated;

l.  requiring Defendants to meaningfully educate all Class Members about the threats that they face as a result of the loss of their confidential personal identifying information to third parties, as well as the steps affected individuals must take to protect themselves.

6.  For prejudgment interest on all amounts awarded, at the prevailing legal rate;

7.  For an award of attorneys' fees, costs and litigation expenses, as allowed by law;

-26-

FIRST AMENDED COMPLAINT FOR DAMAGES

8.      For all other Orders, findings and determinations identified and sought in this Complaint.

## JURY DEMAND

Representative Plaintiff, individually and on behalf of the Plaintiff Class, hereby demands a trial by jury for all issues triable by jury.


Dated: April 23, 2025                By: _____/s/ Sean A. Woods_____
                                          Sean Anthony Woods
                                          **LAW BADGERS PLLC**
                                          5055 N. 12th Street, Suite 100
                                          Phoenix, Arizona 85014
                                          Telephone:   (480) 999-1195
                                          Facsimile:    (480) 999-4750
                                          Email:        swoods@lawbadgers.com


                                          Scott Edward Cole, Esq.*
                                          **COLE & VAN NOTE**
                                          555 12th Street, Suite 2100
                                          Oakland, California 94607
                                          Telephone:   (510) 891-9800
                                          Facsimile:    (510) 891-7030
                                          Email:        lvn@colevannote.com

                                          *Attorneys for Representative Plaintiff and the Plaintiff Class*

                                          *Pro hac vice forthcoming*


Filed April 23, 2025 via AZTurboCourt with the Clerk of the Maricopa County Superior Court.


_____/s/ Ben Dangerfield_____

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12th STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-27-

FIRST AMENDED COMPLAINT FOR DAMAGES

# EXHIBIT 5

CLERK OF THE
SUPERIOR COURT
FILED
V. SATURNINO, DEP

2025 APR 30 PM 12: 17

1   T. Scott Legal Support Services
    Gary Steiner  ID#  MC 7767
2   (480) 227-7297
3   Tscottlegal2007@aol.com

4                    **SUPERIOR COURT OF ARIZONA**
                     **MARICOPA COUNTY**
5

6   In re the matter of:                    )
                                            )
7   ANWAR ABDEL RAHMAN, et al.,             )        Case No: CV2025-011763
                                            )
8                                           )
                                            )
9        Plaintiff(s),                      )        **CERTIFICATE OF SERVICE**
                                            )
10  v.                                      )
                                            )
11  ERICKSON COMPANIES, LLC, et al,         )
                                            )
12       Defendant(s).                      )
                                            )
13  _____    )

14  1.      I, Gary Steiner, swear that I am currently registered as a Private Process Server pursuant to

15          Rule 4(c) of the Arizona Rules of Civil Procedure. I further swear that on April 29, 2025, I

16          received: Summons, First Amended Complaint For Damages, Injunctive And Equitable Relief

17          and a Certificate Of Compulsory Arbitration from The Plaintiff(s).

18  2.      I then proceeded to successfully serve the above described documents on Mike Vernon,

19          Statutory Agent for Erickson Companies, LLC at 8825 N. 23rd. Ave., #100, Phoenix, AZ on

20          April 29, 2025 at approximately 2:00 pm. I verified Mike could accept service and served him.

21  3.      This is considered to be personal service.

22  4.      The fee I charged for this service was $85

23  I declare under the penalty of perjury that the foregoing is true and correct

24

25  Gary Steiner                                     Date                    4/30/25

26

27

28                                          Page 1

29

# EXHIBIT 6

CLERK OF THE
SUPERIOR COURT
FILED
T. WILSON, DEP

2025 MAY 12  PM 1: 03

1
2
3

T. Scott Legal Support Services
Gary Steiner  ID# MC 7767
(480) 227-7297
Tscottlegal2007@aol.com

4
5

**SUPERIOR COURT OF ARIZONA**
**MARICOPA COUNTY**

6     In re the matter of:

7     ANWAR ABDEL RAHMAN, et al.,              Case No: CV2025-011763

8
9              Plaintiff(s),               **AMENDED CERTIFICATE OF SERVICE**

10    v.

11    ERICKSON COMPANIES, LLC, et al,

12             Defendant(s).

13

14    1.    I, Gary Steiner, swear that I am currently registered as a Private Process Server pursuant to

15          Rule 4(c) of the Arizona Rules of Civil Procedure. I further swear that on April 29, 2025, I

16          received; Summons, First Amended Complaint For Damages, Injunctive And Equitable Relief

17          and a Certificate Of Compulsory Arbitration from The Plaintiff(s).

18    2.    I then proceeded to successfully serve the above described documents on Mike Vernon,

19          Statutory Agent for Erickson Framing AZ, LLC at 8825 N. 23rd. Ave., #100, Phoenix, AZ on

20          April 29, 2025 at approximately 2:00 pm. I verified Mike could accept service and served him.

21    3.    This is considered to be personal service.

22    4.    The fee I charged for this service was $85

23    I declare under the penalty of perjury that the foregoing is true and correct

24

25          Gary Steiner                              5/7/25
                                                      Date

26

27

28                                    Page 1

29

# EXHIBIT 7

« Return to search results

## Case Information

| | | | |
|---|---|---|---|
| **Case Number:** | CV2025-011763 | **Judge:** | Ryan, Timothy |
| **File Date:** | 4/2/2025 | **Location:** | Downtown |
| **Case Type:** | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Anwar Abdel Rahman | Plaintiff | Unknown | Sean Woods |
| Erickson Companies L L C | Defendant | | Pro Per |
| Erickson Framing A Z, L L C | Defendant | | Pro Per |
| Mike Vernon | Defendant | Male | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 5/12/2025 | AFS - Affidavit Of Service | 5/15/2025 | |
| **NOTE:** | AMENDED / MIKE VERNON | | |
| 4/30/2025 | AFS - Affidavit Of Service | 5/6/2025 | |
| **NOTE:** | MIKE VERNON | | |
| 4/23/2025 | AMC - Amended Complaint | 4/23/2025 | |
| **NOTE:** | FIRST AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF | | |
| 4/2/2025 | COM - Complaint | 4/3/2025 | |
| **NOTE:** | Complaint | | |
| 4/2/2025 | CSH - Coversheet | 4/3/2025 | |
| **NOTE:** | Civil Cover Sheet | | |
| 4/2/2025 | CCN - Cert Arbitration - Not Subject | 4/3/2025 | |
| **NOTE:** | Certificate Of Compulsory Arbitration - Is Not Subject To | | |
| 4/2/2025 | SUM - Summons | 4/3/2025 | |
| **NOTE:** | Summons | | |

## Case Calendar

**There are no calendar events on file**

## Judgments

| Date | (F)or / (A)gainst | Amount | Frequency | Type | Status |
|---|---|---|---|---|---|
| **No records found.** | | | | | |

# EXHIBIT 8

## VERIFICATION

Pursuant to Rule 3.6(b) of the Rules of Practice of the U.S. District Court for the District of Arizona, I, Gena L. Sluga, verify that the documents labeled Exhibits 1-6 constitute true and complete copies of all pleadings and other documents of which I am aware that have been filed in the state court proceeding known as *Anwar Abdel Rahman v. Erickson Companies, et al.*, In the Superior Court of the State of Arizona in and For the County of Maricopa, Cause No. CV2025-011763. This statement is based upon my review today of the Maricopa County Superior Court's online docket and upon the documents Plaintiff has provided to our client, to date.

5/29/25
_____
Date

_____
Gena L. Sluga