1  Robert T. Mills, Esq. (Arizona Bar #018853)
   Sean A. Woods, Esq. (Arizona Bar #028930)
2  **MILLS + WOODS LAW, PLLC**
   5055 N. 12th Street, Suite 100
3  Phoenix, Arizona 85014
   Telephone: (480) 999-4556
4  Email: docket@millsandwoods.com
   Email: swoods@millsandwoods.com
5
   Scott Edward Cole, Esq. (CA S.B. #160744)*
6  **COLE & VAN NOTE**
   555 12th Street, Suite 2100
7  Oakland, California 94607
   Telephone: (510) 891-9800
8  Email: sec@colevannote.com
9  *Admitted Pro Hac Vice*
10 Attorneys for Representative Plaintiff
   and the Plaintiff Class
11
12             **IN THE UNITED STATES DISTRICT COURT**
13                **FOR THE DISTRICT OF ARIZONA**
14 ANWAR ABDEL RAHMAN                  **Case No. 2:25-CV-01866-SMB**
   individually and on behalf of all others
15 similarly situated,                 **CLASS ACTION**
16                        Plaintiff,   **MEMORANDUM OF LAW IN SUPPORT
                                        OF PLAINTIFF'S UNOPPOSED**
17 v.                                   **MOTION FOR PRELIMINARY
                                        APPROVAL OF CLASS ACTION**
18 ERICKSON COMPANIES, LLC,            **SETTLEMENT AND MEMORANDUM
   ERICKSON FRAMING AZ, LLC, and      IN SUPPORT**
19 DOES 1 through 100, inclusive,
20                        Defendants.
21
22
23
24
25
26
27
28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

# TABLE OF CONTENTS

I.   INTRODUCTION .......................................................................................... 1

II.  STATEMENT OF FACTS ........................................................................... 1

III. PROCEDURAL HISTORY .......................................................................... 2

IV.  THE SETTLEMENT TERMS ...................................................................... 2

A.   Proposed Settlement Class Definition ................................................ 2

B.   Settlement Benefits – Monetary Relief .............................................. 3

  i.   Cash Payment A – Documented Losses ..................................... 3

  ii.  Cash Payment B – Flat Cash Payment ....................................... 3

C.   Non-Monetary Settlement Benefits .................................................... 3

D.   Class Notice and Settlement Administration ...................................... 3

E.   Attorneys' Fees and Representative Plaintiff's Service Award ........... 5

F.   Comparison of Settlement Benefits Against Full Recovery ............... 5

G.   Release ................................................................................................ 6

V.   ARGUMENT ............................................................................................... 6

A.   The Settlement Satisfies Rule 23(a) ................................................... 7

  i.   The Proposed Class is Sufficiently Numerous .......................... 7

  ii.  The Settlement Class Satisfies the Commonality Requirement .............. 7

  iii. Plaintiff's Claims and Defenses are Typical to Those of the Class ........ 8

  iv.  Plaintiff Will Adequately Protect the Interests of the Class .................. 8

B.   The Requirements of Rule 23(b)(3) Are Met for Settlement Purposes .......... 9

  i.   Common Questions Predominate ............................................... 9

  ii.  Class Action is Superior to Other Methods of Adjudication ................ 10

C.   The Settlement Should be Preliminarily Approved Pursuant to Rule 23(e) .. 11

  i.   The Strength of Plaintiff's Case ............................................... 13

  ii.  The Risk, Expense, Complexity and Likely Duration of Further
      Litigation ................................................................................. 13

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL.: (510) 891–9800

iii.   The Risk of Maintaining Class Action Status Through Trial ............... 13

iv.   The Amount Offered in Settlement ....................................................... 14

v.   The Extent of Discovery Completed and the Stage of Proceedings ..... 15

vi.   Class Counsel's Experience and Views ............................................... 15

vii.   Governmental Participants ..................................................................... 16

viii.  The Reaction of the Class Members to the Proposed Settlement ......... 16

ix.   Lack of Collusion Among the Parties .................................................. 16

D.   The Court Should Approve the Proposed Notice Program ............................ 16

E.   Appointment of the Settlement Administrator ............................................... 17

F.   Appointment of Settlement Class Counsel .................................................... 17

**VI.   CONCLUSION .................................................................................................... 17**

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL.: (510) 891-9800

MEMORANDUM OF LAW ISO PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 2:24-CV-01866-SMB

# TABLE OF AUTHORITIES

**Cases**

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997) ..................................................................................... 6, 7, 9

*Bykov v. DC Trans. Servs., Inc.*,
No. 2:18-cv-1692 DB, 2019 WL 1430984 (E.D.Cal. Mar. 29, 2019) .......................... 11

*Calderon v. Wolf Firm*,
No. SACV 16-1266-JLS (KESx), 2018 U.S.Dist. LEXIS 42054 (C.D.Cal.
Mar. 13, 2018).................................................................................................. 14

*Chester v. TJX Cos., Inc.*,
No. 5:15-cv-01437-ODW (DTB), 2017 WL 6205788 (C.D.Cal. Dec. 5, 2017) .......... 13

*Class Plaintiffs v. City of Seattle*,
955 F.2d 1268 (9th Cir. 1992).............................................................................. 6

*Dennis v. Kellogg Co.*,
No. 09-CV-1786-L (WMc), 2013 U.S.Dist. LEXIS 163118 (S.D.Cal.
Nov. 14, 2013)................................................................................................. 13

*Doyle v. Pekin Ins. Co.*,
No. CV-22-00638-PHX-JJT, 2025 U.S.Dist. LEXIS 77956 (D.Ariz.
Apr. 23, 2025) ................................................................................................. 11

*Ellis v. Costco Wholesale Corp.*,
657 F.3d 970 (9th Cir. 2011)........................................................................... 7, 8

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 2100
OAKLAND, CA 94607
TEL.: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL.: (510) 891-9800

*Franklin v. Kaypro Corp.*,
    884 F.2d 1222 (9th Cir. 1989)...................................................................... 12

*Gaston v. FabFitFun, Inc.*,
    Case No. 2:20-cv-09534-RGK-E (C.D.Cal.) ................................................ 15

*Gautreaux v. Pierce*,
    690 F.2d 616 (7th Cir. 1982)....................................................................... 12

*Green-Cooper v. Brinker Int'l, Inc.*,
    73 F. 4th 883 (11th Cir. 2023) .................................................................... 14

*Gribble v. Cool Transps. Inc.*,
    No. CV 06-4863 GAF (SHx), 2008 WL 5281665 (C.D.Cal. Dec. 15, 2008) ............... 12

*Grimm v. Am. Eagle Airlines, Inc.*,
    No. LA CV11-00406 JAK (MANx), 2014 U.S.Dist. LEXIS 199608 (C.D.Cal.
    Sep. 24, 2014) .............................................................................................. 13

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998)............................................................... 8, 9, 12

*Harris v. Wells Fargo Bank, N.A.*,
    2019 U.S.Dist. LEXIS 248499 (D.Ariz. May 13, 2019) ............................... 16

*Hillman v. Lexicon Consulting, Inc.*,
    No. EDCV 16-01186-VAP (SPx), 2017 U.S.Dist. LEXIS 231075 (C.D.Cal.
    Apr. 27, 2017) .............................................................................................. 15

*In re AudioEye, Inc.*,

No. CV-15-00163-TUC-DCB, 2017 U.S. Dist. LEXIS 70164 (D.Ariz.

May 8, 2017) ........................................................................................ 5

*In re Banner Health Data Breach Litig.*,

No. 2:16-cv-02696-SRB, 2020 U.S.Dist. LEXIS 70837 (D.Ariz. Apr. 21, 2020) .......... 5

*In re Bluetooth Headset Prods. Liab. Litig.*,

654 F.3d 935 (9th Cir. 2011) ............................................................ 12

*In re Brinker Data Incident Litig.*,

No. 3:18-cv-686-TJC-MCR, 2021 U.S.Dist. LEXIS 71965 (M.D.Fla.

Apr. 14, 2021) ................................................................................ 14

*In re Hyundai & Kia Fuel Econ. Litig.*,

926 F.3d 539 (9th Cir. 2019) .............................................................. 9

*In re Marriott Int. Inc. Customer Data Security Breach Litig.*,

345 F.R.D. 137 (D.Md. 2023) ............................................................ 14

*In re Marriott Int'l, Inc.*,

341 F.R.D. 128 (D.Md. 2022) ............................................................ 14

*In re Tableware Antitrust Litig.*,

484 F.Supp.2d 1078 (N.D.Cal. 2007) ................................................ 11

*In re the Home Depot, Inc., Customer Data Sec. Breach Litig.*,

No. 1:14-md-02583-TWT, 2016 WL 6902351 (N.D.Ga. Aug. 23, 2016)...................... 7

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 2100
OAKLAND, CA 94607
TEL.: (510) 891-9800

*In Re: Hanna Andersson and Salesforce.com Data Breach Litigation*,

  Master File No. 3:20-cv-00812-EMC (N.D Cal.) .......................................................... 14

*Just Film, Inc. v. Buono*,

  847 F.3d 1108 (9th Cir. 2017) .................................................................................. 10

*Koch v. Desert States Emp'rs & UFCW Unions Pension Plan*,

  No. CV-20-02187-PHX-DJH, 2021 U.S.Dist. LEXIS 182347 (D.Ariz.

  Sep. 23, 2021) ....................................................................................................... 17

*Linney v. Cellular Alaska Partnership*,

  151 F.3d 1234 (9th Cir. 1998) .................................................................................. 15

*Local Joint Exec. Bd. of Culinary/ Bartender Tr. Fund v. Las Vegas Sands, Inc.*,

  244 F.3d 1152 (9th Cir. 2001) .................................................................................. 10

*Malta v. Fed. Home Loan Mortg. Corp.*,

  No. 10-CV-1290 BEN (NLS), 2013 U.S. Dist. LEXIS 15731 (S.D.Cal.

  Feb. 4, 2013) ......................................................................................................... 10

*Meyer v Portfolio Recovery Assocs.*,

  707 F.3d 943 (9th Cir. 2012) ..................................................................................... 8

*Mullane v. Central Hanover Bank & Trust Co.*,

  339 U.S. 306 (1950) ................................................................................................ 16

*Murillo v. Pac. Gas & Elec. Co.*,

  266 F.R.D. 468 (E.D.Cal. 2010) ............................................................................... 12

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 2100
OAKLAND, CA 94607
TEL.: (510) 891-9800

*Pygin v. Bombas, LLC, et al.*,

   Case No. 20-cv-04412-JSW (N.D.Cal.) .......................................................................... 15

*Reyes v. Experian Info. Sols., Inc.*,

   No. SACV1600563AGAFMX, 2020 WL 466638 (C.D.Cal. Jan. 27, 2020) ............... 11

*Rong Zhang v. Voice of Guo Media Inc.*,

   No. CV-21-01079-PHX-SMB, 2023 U.S.Dist. LEXIS 194181 (D.Ariz.

   Sep. 1, 2023) ........................................................................................................... 7, 9

*Smith v. Triad of Ala.*, LLC,

   No. 1:14-CV-324-WKW, 2017 U.S.Dist. LEXIS 38574 (M.D.Ala.

   Mar. 17, 2017) ............................................................................................................ 14

*Tyson Foods, Inc. v. Bouaphakeo*,

   136 S. Ct. 1036 (2016) .................................................................................................. 9

*Wal-Mart Stores, Inc. v. Dukes*,

   564 U.S. 338 (2011) ...................................................................................................... 7

*Wolin v. Jaguar Land Rover N. Am., LLC*,

   617 F.3d 1168 (9th Cir. 2010) ...................................................................................... 10

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 2100
OAKLAND, CA 94607
TEL.: (510) 891-9800

MEMORANDUM OF LAW ISO PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 2:24-CV-01866-SMB

**Statutes**

Fed. R. Civ. P. 23(a) ................................................................................................ 7, 8

Fed. R. Civ. P. 23(b)(3) ........................................................................................... 9, 10

Fed. R. Civ. P. 23(e) ................................................................................................. 12

Fed. R. Civ. P. 23(g)(1)(A)(i–iv) ............................................................................ 17

**Other Authorities**

Manual for Complex Litigation (Fourth), § 21.632 ................................................ 6, 7

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 2100
OAKLAND, CA 94607
TEL.: (510) 891-9800

## I.    INTRODUCTION

Pursuant to the terms set forth in the Parties' Settlement Agreement (the "Settlement Agreement" or "S.A.")[1] the Parties have reached an agreement to resolve this class action. The Settlement creates a non-reversionary common fund of $225,000. Additionally, Defendant has implemented Business Practice Changes valued at approximately $330,000 to safeguard Settlement Class Members' Private Information.

The Settlement represents an especially outstanding result considering some of the legal and practical hurdles Plaintiff would have faced had the case proceeded further into litigation. Indeed, the Parties reached a Settlement while Defendants' Motion to Dismiss was pending. Defendants deny liability, and Plaintiff and Defendants recognize the outcome of the Action and the claims asserted in the Complaint are uncertain, and that pursuing the Action to Judgment would entail substantial cost, risk and delay. Accordingly, Plaintiff respectfully requests that the Court preliminarily approve the terms and conditions of the Settlement and permit notice to the Settlement Class.

## II.    STATEMENT OF FACTS

Defendants Erickson Framing Operations, LLC and Erickson Framing AZ, LLC operate an Arizona-based construction company that manufactures complete framing systems such as wall panels that are then shipped and erected at the job site. As part of their business, Defendants maintain personally identifiable information pertaining to their employees and dependents/beneficiaries of employees, including, names, some postal addresses, some driver's license numbers and Social Security numbers (collectively, "Private Information"). Cole Decl. ¶ 3.

On or about November 18, 2024, Defendants discovered unusual activity on their network. Following a forensic investigation and manual review, on February 19, 2025, Defendants confirmed that Private Information may have been made accessible to unauthorized parties. On or about March 12, 2025, Defendants began sending notice of the

---

[1] The Settlement Agreement is attached as **Exhibit A** to the Declaration of Scott Edward Cole ("Cole Decl."). Unless otherwise indicated, capitalized terms have the same definition as set forth in the Settlement Agreement.

MEMORANDUM OF LAW ISO PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 2:24-CV-01866-SMB

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

Data Breach to Plaintiff and approximately 11,820 other individuals whose Private Information is believed to have been exposed in the Data Breach. Cole Decl. ¶ 4.

Plaintiff alleges that Defendants' failure to properly safeguard Plaintiff's and Class Member's Private Information resulted in damages. Defendants denied, and continue to deny, liability and any wrongdoing.

## III.    PROCEDURAL HISTORY

On April 2, 2025, Plaintiff Rahman, individually and on behalf of all others similarly situated, filed a class action complaint in the Superior Court of the State of Arizona in and for the County of Maricopa. On April 23, 2025, Plaintiff amended his complaint. ECF No. 1-1, at 35. On April 29, 2025, the Summons and Amended Complaint were served on Defendants' agent for service of process. *Id.* at 63-69. On May 29, 2025, Defendants removed the case to the United States District Court for the District of Arizona and filed a Motion to Dismiss on June 20, 2025. ECF No. 1. While the Motion to Dismiss was pending, the Parties engaged in arms-length negotiations and agreed upon the material terms of a Settlement. Cole Decl. ¶ 6.

Thereafter, the Parties settled this matter for a non-reversionary cash fund of $225,000. Over the next several months the Parties continued to negotiate and, on August 29, 2025, memorialized the terms of the agreement in the instant Settlement Agreement. It was negotiated in good faith and without collusion, by capable and experienced counsel, with full knowledge of the facts, the law, and the risks inherent in litigating this action, and with the active involvement of the Parties.

## IV.    THE SETTLEMENT TERMS

### A.    <u>PROPOSED SETTLEMENT CLASS DEFINITION</u>

The proposed nationwide class definition for settlement purposes is defined as "all persons in the United States whose Private Information was potentially compromised as a result of the Data Security Incident and who were sent notice by mail of the Data Security Incident prior to the execution of th[e] [Settlement] Agreement." S.A. ¶ 58. Excluded from the Settlement Class are (a) all persons who are governing board members of Defendants;

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1  (b) governmental entities; (c) the Court, the Court's immediate family, and Court staff; and

2  (d) any individual who timely and validly opts-out of the Settlement. *Id.*

3  **B. <u>SETTLEMENT BENEFITS – MONETARY RELIEF</u>**

4  **i.    Cash Payment A – Documented Losses**

5  Settlement Class Members with Documented Losses related to the Data Security

6  Incident may submit a claim for up to a $5,000 Cash Payment per Settlement Class

7  Member. S.A. ¶ 70(a). Settlement Class Members will be required to submit reasonable

8  documentation supporting the losses and shall not be reimbursed for expenses if they have

9  been reimbursed for the same expenses by another source. *Id.* Settlement Class Members

10 with Documented Losses submitting a valid claim will be given priority over those who

11 are only entitled to Cash Payment B. *Id.*

12 **ii.    Cash Payment B – Flat Cash Payment**

13 All Settlement Class Members, including Settlement Class Members who elected

14 Cash Payment A, shall also receive Cash Payment B. S.A. ¶ 70(b). Cash Payment B is a

15 flat cash payment representing a *pro-rata* share of what remains in the Net Settlement Fund

16 after payment of all valid Documented Loss claims, and payment of settlement

17 administration costs and attorney's fees and Service Award, as awarded by the Court. *Id.*

18 **C. <u>NON-MONETARY SETTLEMENT BENEFITS</u>**

19 Defendants have taken reasonable steps to further secure their systems. These steps

20 include security enhancements, including deployment of multi-factor authentication,

21 endpoint management, VPN, network segmentation, email scanning and filtering, separate

22 security keys for administrative accounts, and employee education and training. S.A. ¶ 71.

23 Defendants will pay the estimated $332,758 cost of these security enhancements separate

24 and apart from the cash component paid to Class Members.

25 **D. <u>CLASS NOTICE AND SETTLEMENT ADMINISTRATION</u>**

26 The Parties selected CPT Group ("CPT") as the Settlement Administrator. CPT is a

27 nationally recognized claims administrator that has handled dozens of similar data breach

28 settlements across the country. All costs of the Class Notice and Settlement Administrator

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

will be paid from the Settlement Fund. S.A. ¶ 66. The Notice Plan provides for individual Notice to Class Members by direct U.S. Mail. S.A. ¶ 80. The Settlement Administrator will send the notices after taking steps to ensure that notice reaches a percentage of the class consistent with due process.

The Settlement Administrator will also establish a dedicated Settlement Website that will inform Class Members of the terms of this Settlement Agreement, their rights, dates and deadlines, and related information. S.A. ¶ 82. The Settlement Website shall include relevant documents, including the following: (1) the Class Notice, (2) the Claim Form, (3) the Motion for Preliminary Approval, (4) the Settlement Agreement, (5) the Complaint, (6) any Motion for Final Approval, Application for Attorney's Fees, Costs and Service Award, (7) any preliminary approval and final approval orders, and (8) any other materials agreed upon by the Parties and/or required by the Court. S.A. ¶ 62.

The Settlement Administrator will also create a toll-free help line so Class Members can obtain additional Settlement information. *Id.* ¶ 76(e).

The timing of the claims process is structured to ensure that all Class Members have adequate time to review the terms of the Settlement Agreement, compile documents supporting their claim, and decide whether they would like to opt-out or object. Class Members will have until sixty (60) days after the Class Notice is issued to complete and submit their Claim Form. S.A. ¶ 19. The Claim Form is written in plain language to facilitate Class Members' ease in completing it. S.A. at **Exhibit 1** (Claim Form). The Settlement Administrator will be responsible for reviewing the Claim Forms and determining if they are complete and valid. S.A. ¶ 90.

Class Members will have sixty (60) days from the Class Notice Date to object to or submit a request for exclusion from the Settlement. S.A. ¶¶ 43-44. Similar to the timing of the claims process, the timing with regard to objections and Requests for Exclusion is structured to give Class Members sufficient time to access and review the Settlement documents. Overall, the Settlement Agreement provides an effective and simple method for Class Members to make Claims, object, or exclude themselves from the Settlement.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL.: (510) 891-9800

**E. ATTORNEYS' FEES AND REPRESENTATIVE PLAINTIFF'S SERVICE AWARD**

Plaintiff will separately file a motion for an award of attorneys' fees of up to 33.33% of the Settlement Fund ($74,992.50), plus reimbursement of costs. S.A. ¶ 103. This will be paid from the Settlement Fund. S.A. ¶ 66. These fees are reasonable as Defendants are providing valuable cash and non-cash benefits paying for claims administration, etc., all of which add substantial value to the Settlement. Based on these settlement benefits, this awarded is not a disproportionate share of the Settlement. *See*, *In re AudioEye, Inc.*, No. CV-15-00163-TUC-DCB, 2017 U.S. Dist. LEXIS 70164, at *12 (D.Ariz. May 8, 2017) (finding 33.33% of the fund plus expenses fair and reasonable). The Settlement was not made contingent upon approval of the requested fees, costs and/or the service payment.

Plaintiff also intends to request a service award of $2,500. S.A. ¶¶ 70(b), 102. This too is presumptively reasonable. *See*, *In re Banner Health Data Breach Litig.*, No. 2:16-cv-02696-SRB, 2020 U.S. Dist. LEXIS 70837, at *23 (D.Ariz. Apr. 21, 2020) (finding incentive awards of $5,000 fair and reasonable).

**F. COMPARISON OF SETTLEMENT BENEFITS AGAINST FULL RECOVERY**

The benefits made available under this Settlement give Plaintiff and Class Members cash and identity theft protection, and cybersecurity enhancements, which is beyond what Class Members would be seeking on their best day in Court.

Data breach litigation is complex, risky and evolving, and the result is of no guarantee. Cole Decl. ¶ 34. Defendants would undoubtedly take this case very seriously, retain the best experts and pursue all procedural measures to ensure this case never reached a jury. *Id.* All of these specific risks are on top of the general risks inherently present in data breach cases, which generally face substantial hurdles—even just to make it past the pleading stage, as evidenced here. Given the heavy obstacles and inherent risks Plaintiff faces with respect to the novel claims in data breach class actions, including class certification, summary judgment and trial, the substantial benefits this Settlement provides favors its

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL.: (510) 891-9800

approval. At the outset, class certification, outside the settlement context, almost always poses a significant challenge. Even if the Court certified the Class, the risk of decertification is great because data security incident litigation is constantly evolving. Cole Decl. ¶¶ 34-36.

Data breach litigation is still in its infancy. *Id.* ¶ 37. Few, if any, trials have been conducted and class certification presents unique damages analysis challenges. *Id.* Nonetheless, various independent studies have been conducted regarding data breach victim experiences, some of which seek to quantify the average loss for victims. *Id.* The weight of the limited academic studies conclude that most victims have very limited damages, often under $50. *Id.*

### G. RELEASE

In exchange for the Settlement benefits provided for under the Settlement Agreement, Class Members will release any and all claims against Defendants and its Released Parties as set forth in the Settlement Agreement. The release is tailored to cover the claims that were asserted or that could have been asserted by Class Members related to the Data Breach. S.A. ¶ 106.

## V. ARGUMENT

Courts within the Ninth Circuit strongly favor class action settlements where the inherent costs, delays, and risks of continued litigation might otherwise overwhelm any potential benefit the class could hope to obtain. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (noting the "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned").

The Manual for Complex Litigation (Fourth) advises that in cases presented for both preliminary approval and class certification, the "judge should make a preliminary determination that the proposed class satisfies the criteria." § 21.632. Because a court evaluating certification of a class action that settled is considering certification only in the context of settlement, the court's evaluation is somewhat different than in a case that has not yet settled. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). Plaintiff

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL.: (510) 891-9800

seeks certification of a Settlement Class consisting of approximately 11,820 individuals. For the reasons set forth below, the Court should certify the Settlement Class for settlement purposes and preliminarily approve the Settlement.

**A.  THE SETTLEMENT SATISFIES RULE 23(A)**

Before assessing the Parties' settlement, the Court should first confirm the underlying settlement class meets the requirements of Federal Rules of Civil Procedure Rule 23(a). *See Amchem*, 521 U.S. at 620; Manual for Complex Litigation (Fourth), § 21.632. The requirements are well known: numerosity, commonality, typicality, and adequacy—each of which is met here. FRCP 23(a); *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979–80 (9th Cir. 2011).

**i.    The Proposed Class is Sufficiently Numerous**

Generally, courts will find numerosity is satisfied where a class includes at least 40 members. *See, e.g., Rong Zhang v. Voice of Guo Media Inc.*, No. CV-21-01079-PHX-SMB, 2023 U.S.Dist. LEXIS 194181, at *2 (D.Ariz. Sep. 1, 2023). The proposed Settlement Class of 11,820 individuals easily satisfies Rule 23's numerosity requirement.

**ii.   The Settlement Class Satisfies the Commonality Requirement**

The Settlement Class satisfies the commonality requirement, which requires that class members' claims "depend upon a common contention," of such a nature that "determination of its truth or falsity will resolve an issue that is central to the validity of each [claim] in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Here, as in most data breach cases, "[t]hese common issues all center on [Defendants'] conduct, satisfying the commonality requirement." *In re the Home Depot, Inc., Customer Data Sec. Breach Litig.*, No. 1:14-md-02583-TWT, 2016 WL 6902351, at *2 (N.D.Ga. Aug. 23, 2016). Thus, common questions include, *inter alia*, whether Defendants engaged in the wrongful conduct alleged; whether Class Members' PII was compromised in the Data Incident; whether Defendants owed a duty to Plaintiff and Class Members; whether Defendants breached its duties. Accordingly, Plaintiff has met the commonality requirement of Rule 23(a).

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

### iii.    Plaintiff's Claims and Defenses are Typical to Those of the Class

Plaintiff satisfies the typicality requirement of Rule 23 because Plaintiff's claims, which are based on Defendants' alleged failure to protect Plaintiff's and Class Members' Private Information, are "reasonably coextensive with those of the absent class members." *See* FRCP 23(a)(3); *Meyer v Portfolio Recovery Assocs.*, 707 F.3d 943, 1041-42 (9th Cir. 2012) (upholding typicality finding). Plaintiff alleges his personal information was compromised, and that he was therefore impacted by the same allegedly inadequate data security that allegedly harmed the rest of the Settlement Class.

### iv.    Plaintiff Will Adequately Protect the Interests of the Class

The adequacy requirement of Rule 23 is satisfied where (1) there are no antagonistic or conflicting interests between named plaintiffs and their counsel and the absent class members; and (2) the named plaintiffs and their counsel will vigorously prosecute the action on behalf of the class. FRCP 23(a)(4); *see also, Ellis*, 657 F.3d at 985, citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

Plaintiff was available as proposed class representative, filed a lawsuit and worked with his attorneys as needed throughout the litigation. Plaintiff was available for questions and to supply documents to his attorneys and helped vigorously litigate the case. Plaintiff expended time and resources that other Class Members did not in litigating his case. His efforts should be rewarded. Cole Decl. ¶ 17. Plaintiff's counsel is not aware of any antagonism or conflict of interest between Plaintiff and the putative Class. In fact, Plaintiff has been appropriately involved in his case and has stayed in routine contact with Plaintiff's counsel. Additionally, he assisted with the prosecution efforts that included frequent emails and telephone calls with counsel. Cole Decl. ¶ 18. As described below, the Class Representative has retained knowledgeable and well-qualified counsel who have successfully prosecuted many class actions, including many actions arising from data breaches. *Id.* ¶¶ 42-51.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

**B. THE REQUIREMENTS OF RULE 23(B)(3) ARE MET FOR SETTLEMENT PURPOSES**

"In addition to meeting the conditions imposed by Rule 23(a), the Parties seeking class certification must also show that the action is maintainable under Fed. R. Civ. P. 23(b)(1), (2) or (3)." *Hanlon*, 150 F.3d at 1022. Here, Plaintiff alleges that the Settlement Class is maintainable for settlement under Rule 23(b)(3) as common questions predominate over questions affecting individual members and class resolution is superior to other available methods for a fair and efficient resolution of the controversy. *Id.*

**i. Common Questions Predominate**

The predominance requirement "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623 (citation omitted). "[W]hen "common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis," and the predominance test is satisfied. *Rong Zhang*, 2023 U.S.Dist. LEXIS 194181, at *4 (internal citation and quotation marks omitted).

Consistent with the position on commonality, Plaintiff alleges that predominance is readily met here where the class is a "cohesive group of individuals [who] suffered the same harm in the same way because of the [defendants'] conduct."" *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 559 (9th Cir. 2019). Plaintiff's claims depend on whether Defendants used reasonable data security measures to protect consumers' personal information. That question can be resolved using the same evidence for all Class Members, and thus is precisely the type of predominant question that makes a class-wide settlement worthwhile. *See, e.g., Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016) ("When 'one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3). . . .'") (citation omitted).

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

**ii.    Class Action is Superior to Other Methods of Adjudication**

Rule 23(b)(3) also requires that a district court determine that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." In determining whether the "superiority" requirement is satisfied, a court may consider: (1) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (4) the difficulties likely to be encountered in the management of a class action. FRCP 23(b)(3).

First, adjudicating individual actions here is impracticable: the amount in dispute for individual class members is too small, the technical issues involved are too complex, and the required expert testimony and document review too costly. *See*, *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1123 (9th Cir. 2017). There are thousands of class members with modest individual claims, most of whom likely lack the resources necessary to seek individual legal redress. *See, Local Joint Exec. Bd. of Culinary/ Bartender Tr. Fund v. Las Vegas Sands, Inc*., 244 F.3d 1152, 1163 (9th Cir. 2001) (cases involving "multiple claims for relatively small individual sums" are particularly well suited to class treatment); *see also, Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) ("Where recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis, this factor weighs in favor of class certification."). *See* FRCP 23(b)(3); Second, there are no other individual actions currently pending arising from this Data Incident. *See*, *Malta v. Fed. Home Loan Mortg. Corp.*, No. 10-CV-1290 BEN (NLS), 2013 U.S. Dist. LEXIS 15731, at *11 (S.D.Cal. Feb. 4, 2013) (superiority met where "considerations of judicial economy favor litigating a predominant common issue once in a class action instead of many times in separate lawsuits" and the "small individual claims of class members" made it "unlikely that individual actions will be filed"). Third, this forum is home to the Defendants, and a significant portion of the class members.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 2100
OAKLAND, CA 94607
TEL.: (510) 891-9800

-10-
MEMORANDUM OF LAW ISO PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 2:24-CV-01866-SMB

Finally, because the claims are being certified for purposes of settlement, there are no issues with manageability. Resolution of thousands of claims in one action is far superior to individual lawsuits and promotes consistency and efficiency of adjudication. For these reasons, certification of the Settlement Class for purposes of settlement is appropriate.

## C. THE SETTLEMENT SHOULD BE PRELIMINARILY APPROVED PURSUANT TO RULE 23(E)

"[U]nder Rule 23(e)(1), the issue at preliminary approval turns on whether the Court 'will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal.'" *Reyes v. Experian Info. Sols., Inc.*, No. SACV1600563AGAFMX, 2020 WL 466638, at *1 (C.D.Cal. Jan. 27, 2020); *See also Doyle v. Pekin Ins. Co.*, No. CV-22-00638-PHX-JJT, 2025 U.S.Dist. LEXIS 77956, at *5 (D.Ariz. Apr. 23, 2025). Rule 23(e) provides that a proposed class action may be "settled, voluntarily dismissed, or compromised only with the court's approval." Moreover, "[t]he parties must provide the court with information sufficient to enable it to determine whether to give notice of the proposal to the class." *Id*. If the parties make a sufficient showing that the Court will likely be able to "approve the proposal" and "certify the class for purposes of judgment on the proposal," "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." *Id*. Thus, notice should be given to the class, and hence preliminary approval should be granted, where the Court "will likely be able to" finally approve the settlement under Rule 23(e)(2) and certify the class for settlement purposes. *Id*. "In evaluating a proposed settlement at the preliminary approval stage, some district courts . . . have stated that the relevant inquiry is whether the settlement 'falls within the range of possible approval' or 'within the range of reasonableness.'" *Bykov v. DC Trans. Servs., Inc*., No. 2:18-cv-1692 DB, 2019 WL 1430984, at *2 (E.D.Cal. Mar. 29, 2019); *See also Doyle*, 2025 U.S.Dist. Lexis 77956, at *7. That is, "preliminary approval of a settlement has both a procedural and a substantive component." *In re Tableware Antitrust Litig.*, 484 F.Supp.2d 1078, 1080 (N.D.Cal. 2007).

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL.: (510) 891-9800

As to the procedural component, "a presumption of fairness applies when settlements are negotiated at arm's length, because of the decreased chance of collusion between the negotiating parties." *Gribble v. Cool Transps. Inc*., No. CV 06-4863 GAF (SHx), 2008 WL 5281665, at *9 (C.D.Cal. Dec. 15, 2008). With respect to the substantive component, "[a]t this preliminary approval stage, the court need only 'determine whether the proposed settlement is within the range of possible approval.'" *Murillo v. Pac. Gas & Elec. Co*., 266 F.R.D. 468, 479 (E.D.Cal. 2010), quoting *Gautreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir. 1982).

The Ninth Circuit has identified nine factors to consider in analyzing the fairness, reasonableness, and adequacy of a class settlement: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the views of counsel; (7) the presence of a governmental participant; (8) the reaction of the class members to the proposed settlement and; (9) whether the settlement is a product of collusion among the parties. *In re Bluetooth Headset Prods. Liab. Litig*., 654 F.3d 935, 946 (9th Cir. 2011); *see also Hanlon*, 150 F.3d at 1026. Rule 23(e) requires a court to consider several additional factors, including whether the class representative and class counsel have adequately represented the class, and whether the settlement treats class members equitably relative to one another. FRCP 23(e).

In applying these factors, this Court should be guided foremost by the general principle that settlements of class actions are favored by federal courts. *See*, *Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989) ("It hardly seems necessary to point out that there is an overriding public interest in settling and quieting litigation. This is particularly true in class action suits"). Here, the relevant factors support the conclusion that the negotiated settlement is fundamentally fair, reasonable, and adequate, and should be preliminarily approved.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

### i.    The Strength of Plaintiff's Case

This case involves a proposed class of approximately 11,820 individuals (each of whom, Defendants have argued, would need to establish cognizable harm and causation); a complicated and technical factual background; and motivated Defendants that have already provided some relief to Class Members through complimentary credit monitoring. Notwithstanding, Plaintiff believes he has and would continue to build a strong case for liability if this matter were to continue.

### ii.    The Risk, Expense, Complexity and Likely Duration of Further Litigation

While Plaintiff believes he has strong claims, his success is not guaranteed. It is "plainly reasonable for the parties at this stage to agree that the actual recovery realized and risks avoided here outweigh the opportunity to pursue potentially more favorable results through full adjudication." *Dennis v. Kellogg Co.*, No. 09-CV-1786-L (WMc), 2013 U.S.Dist. LEXIS 163118, at *9 (S.D.Cal. Nov. 14, 2013). "Here, as with most class actions, there was risk to both sides in continuing towards trial. The settlement avoids uncertainty for all parties involved." *Chester v. TJX Cos.*, *Inc.*, No. 5:15-cv-01437-ODW (DTB), 2017 WL 6205788, at *6 (C.D.Cal. Dec. 5, 2017). Given the inherent risks Plaintiff faces with the novel claims in data breach class actions, including Defendants' motion to dismiss, class certification, summary judgment, and trial, the substantial benefits the Settlement provides favors preliminary approval of the Settlement. Furthermore, Defendants fully oppose Plaintiff's claims. Thus, this factor favors approval.

### iii.    The Risk of Maintaining Class Action Status Through Trial

While Plaintiff would expect to survive Defendants' Motion to Dismiss, in part, the Parties have not briefed, and the Court has not yet certified, any class treatment of this case. If he were to proceed to litigate his claims through trial, Plaintiff would encounter risks in obtaining and maintaining class certification. Defendants will certainly oppose certification if the case proceeds. Thus, Plaintiff "necessarily risk[s] losing class action status." *Grimm v. Am. Eagle Airlines, Inc.*, No. LA CV11-00406 JAK (MANx), 2014 U.S.Dist. LEXIS 199608, at *26 (C.D.Cal. Sep. 24, 2014). Class certification in contested

consumer data breach cases is not common—first occurring in *Smith v. Triad of Ala.*, LLC, No. 1:14-CV-324-WKW, 2017 U.S.Dist. LEXIS 38574, at *45-46 (M.D.Ala. Mar. 17, 2017), and more recently in *In re Brinker Data Incident Litig.*, No. 3:18-cv-686-TJC-MCR, 2021 U.S.Dist. LEXIS 71965, at *40-43 (M.D.Fla. Apr. 14, 2021) (vacated in part *Green-Cooper v. Brinker Int'l, Inc.*, 73 F.4th 883 (11th Cir. 2023), where a class was certified over objection to plaintiffs' damage calculation. Most recently, class certification was granted in part and denied in part in *In re Marriott Int'l, Inc.*, 341 F.R.D. 128 (D.Md. 2022) (vacated and remanded *In re Marriott Int. Inc.*, 78 F.4th 677 (4th Cir. 2023)) (reinstated on remand *In re Marriott Int. Inc. Customer Data Security Breach Litig.*, 345 F.R.D. 137 (D.Md. 2023) (certifying several classes). While certification of additional consumer data breach classes may well follow, it still remains a substantial risk here.

### iv.    The Amount Offered in Settlement

As noted above, each Class Member is eligible to make a claim for monetary benefits out of the $225,000 non-reversionary common fund. Additionally, Plaintiff has negotiated cybersecurity enhancements that Defendants have implemented as a result of this lawsuit and will maintain that have substantial value to the Class. Here, the settlement has an approximate value of $19.03 per class member, not including the value of the security enhancements. This settlement is a strong result, and as discussed below, is in line with other settlements in cases involving data breaches of similar scope, which reflects that the Settlement is fair. *See*, *Calderon v. Wolf Firm*, No. SACV 16-1266-JLS (KESx), 2018 U.S.Dist. LEXIS 42054, at *21 (C.D.Cal. Mar. 13, 2018) (comparing class settlement with other settlements in similar cases).

The settlement reached in this case compares favorably to past settlements approved by courts in this circuit. For example, in a data breach impacting approximately 200,000 settlement class members a common settlement fund of $400,000 was created, providing for a recovery of $2.00 per class member. *In Re: Hanna Andersson and Salesforce.com Data Breach Litigation*, Master File No. 3:20-cv-00812-EMC (N.D.Cal.). In *Pygin v. Bombas, LLC, et al.*, the settlement fund of $225,000.00 for a class of

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

approximately 83,000 persons, provided for a recovery of approximately $2.71 per class member. Case No. 20-cv-04412-JSW (N.D.Cal.). And in *Gaston v. FabFitFun, Inc.*, a fund of $625,000 was created for a class of approximately 441,160, providing for a recovery of $1.42 per class member. Case No. 2:20-cv-09534-RGK-E (C.D.Cal.).

### v.    The Extent of Discovery Completed and the Stage of Proceedings

Before entering into settlement discussions on behalf of class members, counsel should have "sufficient information to make an informed decision." *Linney v. Cellular Alaska Partnership,* 151 F.3d 1234, 1239 (9th Cir. 1998). Here, the Parties engaged in informal discovery. Plaintiff's counsel has gathered sufficient and reliable information that was available regarding Defendants and the Data Breach. The Parties informally exchanged non-public information concerning the Data Breach and the size of the Class during negotiations. Cole Decl. ¶ 50.

Class Counsel's collective experience in similar types of privacy and data protection practices provided substantive knowledge on the subject to enable Class Counsel to evaluate the risks and value of the litigation and adequately represent Plaintiff's and Class Members' interests without expending hundreds of hours and substantial financial resources to come up to speed on the subject area. *Id*. ¶¶ 43-50. "[T]he efficiency with which the Parties were able to reach an agreement need not prevent this Court from granting . . . approval." *Hillman v. Lexicon Consulting, Inc.*, No. EDCV 16-01186-VAP (SPx), 2017 U.S.Dist. LEXIS 231075, at *19 (C.D.Cal. Apr. 27, 2017). Accordingly, Plaintiff is well informed about the strengths and weaknesses of this case.

### vi.    Class Counsel's Experience and Views

Class Counsel has substantial experience litigating complex class cases of various types, including data breach cases such as this one. Cole Decl. ¶¶ 46-49. Having worked on behalf of the putative class since the Data Incident was first announced, evaluated the legal and factual disputes, and dedicated significant time and monetary resources to this litigation, proposed Class Counsel fully supports the Settlement. *Id.* at ¶ 50. A great deal of weight is accorded to the recommendation of counsel, who are most closely acquainted

with the facts of the underlying litigation. *See, e.g.*, *Harris v. Wells Fargo Bank, N.A.*, 2019 U.S.Dist. LEXIS 248499, at *20 (D.Ariz. May 13, 2019). Thus, this factor supports approval.

### vii.    Governmental Participants

There is no governmental participant in this matter. This factor is neutral.

### viii.    The Reaction of the Class Members to the Proposed Settlement

Because notice has not yet been given, this factor is not yet implicated; however, Representative Plaintiff supports the Settlement.

### ix.    Lack of Collusion Among the Parties

The Parties' arms'-length negotiations resulted in a settlement that provides broad and substantial value to the Class with substantial monetary compensation and injunctive relief (*i.e.*, enhanced security). Furthermore, Class Counsel and Defendants' counsel are well-versed in handling data breach class actions such as this one and fully understand the values recovered in similar cases. Therefore, the Court can be assured that the negotiations were not collusive. Pursuant to Rule 23(e)(3), there are no other agreements that would modify any term of the Settlement. Cole Decl. ¶ 23.

### D. <u>THE COURT SHOULD APPROVE THE PROPOSED NOTICE PROGRAM</u>

Pursuant to Rule 23(c)(2)(B), the notice must be the "best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Notice "must be disseminated in a manner "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950) (internal citations omitted). The Notice Program achieves all of these objectives. The Notice Plan provides for individual Notice by direct U.S. Mail. S.A. ¶ 80. Further, in accordance with Rule 23(c)(2)(B), the Notice sets forth in clear, concise and easily understood language all requisite information and all available rights under the Settlement. Cole Decl. ¶ 30. The claims process here is designed to be efficient, yet comprehensive to ensure fair and equitable treatment of

MEMORANDUM OF LAW ISO PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 2:24-CV-01866-SMB

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 2100
OAKLAND, CA 94607
TEL.: (510) 891-9800

individual damages. As the notice plan ensures that Settlement Class Members' due process rights are amply protected, this Court should approve it. *See*, *Koch v. Desert States Emp'rs & UFCW Unions Pension Plan*, No. CV-20-02187-PHX-DJH, 2021 U.S.Dist. LEXIS 182347, at \*26 (D.Ariz. Sep. 23, 2021).

### E. <u>APPOINTMENT OF THE SETTLEMENT ADMINISTRATOR</u>

In connection with implementation of the Notice Program and administration of the settlement benefits, the Parties request the Court appoint CPT Group to serve as the Settlement Administrator. CPT Group has a trusted and proven track record of supporting thousands of class action administrations. Decl. of Carole Thompson (**Exhibit C** to Cole Decl.), ¶ 4. CPT agreed to a fee not to exceed $37,800, a reasonable amount in relation to the size of the Class and value of the Settlement. Cole Decl. ¶ 14.

### F. <u>APPOINTMENT OF SETTLEMENT CLASS COUNSEL</u>

Under Rule 23, "a court that certifies a class must appoint class counsel [who must] fairly and adequately represent the interests of the class." FRCP 23(g)(1)(B). In making this determination, courts generally consider the following attributes: the proposed class counsel's (1) work in identifying or investigating potential claims, (2) experience in handling class actions or other complex litigation, and the types of claims asserted in the case, (3) knowledge of the applicable law, and (4) resources committed to representing the class. FRCP 23(g)(1)(A)(i–iv). Here, proposed Class Counsel has extensive experience prosecuting class actions and other complex cases, and specifically data breach cases. *See* Cole Decl. ¶¶ 42-51.

Plaintiff respectfully requests that the Court appoint Scott Edward Cole of Cole & Van Note as Settlement Class Counsel.

## VI.    CONCLUSION

For all the above reasons, Plaintiff respectfully requests this Court grant Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1    Dated: October 31, 2025         By:  /s/Scott Edward Cole
2                                         Scott Edward Cole, Esq. (CA S.B. #160744)*
                                          **COLE & VAN NOTE**
3                                         555 12th Street, Suite 2100
                                          Oakland, California 94607
4                                         Telephone: (510) 891-9800
                                          Facsimile: (510) 891-7030
5                                         Email: sec@colevannote.com

6                                         Robert T. Mills (Arizona Bar #018853)
                                          Sean A. Woods (Arizona Bar #028930)
7                                         **MILLS + WOODS LAW, PLLC**
                                          5055 N. 12th Street, Suite 100
8                                         Phoenix, Arizona 85014
                                          Telephone: (480) 999-4556
9                                         Email: docket@millsandwoods.com
                                          Email: swoods@millsandwoods.com

10                                        *Admitted Pro Hac Vice*

11                                        Attorneys for Representative Plaintiff
                                          and the Plaintiff Class
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL.: (510) 891-9800

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2025, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Gena L. Sluga
gsluga@cdslawfirm.com
Justin Vanderveer
jvanderveer@cdslawfirm.com
ycanez@cdslawfirm.com
file@cdslawfirm.com
**CHRISTIAN DICHTER & SLUGA, P.C.**
2800 N Central Ave., Ste. 860
Phoenix, Arizona 85004
Telephone: (602) 792-1700

Wystan M. Ackerman
wackerman@rc.com
Wm Maxwell Daley
wdaley@rc.com
**ROBINSON & COLE LLP**
One State Street
Hartford, Connecticut 06103
Telephone: (860) 275-8200

*Attorneys for Defendants*

/s/ Karri Loud
Karri Loud

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL.: (510) 891-9800

MEMORANDUM OF LAW ISO PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 2:24-CV-01866-SMB