COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

ANWAR ABDEL RAHMAN
individually and on behalf of all others
similarly situated,

            Plaintiff,

v.

ERICKSON COMPANIES, LLC,
ERICKSON FRAMING AZ, LLC, and
DOES 1 through 100, inclusive,

            Defendants.

**Case No. 2:25-CV-01866-SMB**

**CLASS ACTION**

**[PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Before the Court is Plaintiff's Motion for Preliminary Approval of Class Action Settlement, (the "Motion"), the terms of which are set forth in a Settlement Agreement with accompanying exhibits attached as Exhibit A to the Declaration of Scott Edward Cole in Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement (the "Settlement Agreement").[1] Having fully considered the issue, the Court hereby **GRANTS** the Motion and orders as follows:

    **1.    Class Certification for Settlement Purposes Only**. The Settlement Agreement provides for a Settlement Class defined as follows:

> "[A]ll persons in the United States whose Private Information was potentially compromised as a result of the Data Security Incident and who were sent notice by mail of the Data Security Incident prior to the execution of this Agreement."

---

[1] All defined terms herein have the same meaning as set forth in the Settlement Agreement.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1    Excluded from the Settlement Class is (a) all persons who are governing board

2    members of Defendants; (b) governmental entities; (c) the Court, the Court's immediate

3    family, and Court staff; and (d) any individual who timely and validly opts-out of the

4    Settlement.

5    Pursuant to Federal Rules of Civil Procedure Rule 23(e)(1), the Court finds giving

6    notice is justified. The Court finds that it will likely be able to approve the proposed

7    Settlement as fair, reasonable and adequate. The Court also finds it will likely be able to

8    certify the Settlement Class for purposes of judgment on the Settlement because it meets

9    the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the

10   Court finds for settlement purposes only that (i) the Settlement Class is so numerous that

11   joinder of all Settlement Class Members would be impracticable, (ii) there are issues of

12   law and fact that are common to the Settlement Class, (iii) the claims of Representative

13   Plaintiff are typical of and arise from the same operative facts and Representative Plaintiff

14   seeks similar relief as the claims of the Settlement Class Members, (iv) Representative

15   Plaintiff will fairly and adequately protect the interests of the Settlement Class as

16   Representative Plaintiff has no interest antagonistic to or in conflict with the Settlement

17   Class and has retained experienced and competent counsel to prosecute this Litigation on

18   behalf of the Settlement Class, (v) questions of law or fact common to Settlement Class

19   Members predominate over any questions affecting only individual members, and (vi) a

20   class action and class settlement are superior to other methods available for a fair and

21   efficient resolution of this Litigation.

22   **2.      Settlement Class Representatives and Settlement Class Counsel.** The

23   Court finds Plaintiff Anwar Abdel Rahman will likely satisfy the requirements of Rule

24   23(e)(2)(A) and should be appointed as Settlement Class Representative. Additionally, the

25   Court finds that Scott Edward Cole of Cole & Van Note satisfies the requirements of Rule

26   23(e)(2)(A) and should be appointed as Settlement Class Counsel pursuant to Rule

27   23(g)(1).

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1    **3.**    **Preliminary Settlement Approval.** Upon preliminary review, the Court

2   finds the Settlement is fair, reasonable and adequate to warrant providing Notice of

3   Settlement to the Settlement Class and accordingly is preliminarily approved. In making

4   this determination, the Court has considered the monetary and nonmonetary benefits

5   provided to the Settlement Class through the Settlement, the specific risks faced by the

6   Settlement Class in prevailing on their claims, the stage of the proceedings at which the

7   Settlement was reached and the discovery that was conducted, the effectiveness of the

8   proposed method for distributing relief to the Settlement Class, the proposed manner of

9   allocating benefits to Settlement Class Members and all of the other factors required by

10  Rule 23.

11    **4**.    **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C.

12  § 1332(d)(2) and personal jurisdiction over the Parties before it. Additionally, venue is

13  proper in this District pursuant to 28 U.S.C. § 1391(b)(1).

14    **5.**    **Final Approval Hearing.** A Final Approval Hearing shall be held on _____

15  _____, 202___, at _____ [via telephone or videoconference or in-person] at the

16  Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, SPC 19, Phoenix,

17  Arizona 85003, to determine, among other things, whether (i) this Litigation should be

18  finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. Rule

19  23(a) and (b)(3), (ii) the Settlement should be approved as fair, reasonable and adequate

20  and finally approved pursuant to Fed. R. Civ. P. Rule 23(e), (iii) Settlement Class Members

21  should be bound by the releases set forth in the Settlement Agreement, (iv) the application

22  of Settlement Class Counsel for an award of attorneys' fees, costs and expenses should be

23  approved pursuant to Fed. R. Civ. P. Rule 23(h) and (v) the application of the Settlement

24  Class Representative for a Service Award should be approved.

25    **6.**    **Claims Administrator.** The Court appoints CPT Group, Inc. as the Claims

26  Administrator, with responsibility for class notice and claims administration. The Claims

27  Administrator is directed to perform all tasks the Settlement Agreement requires. The

28

1  Claims Administrator's fees will be paid pursuant to the terms of the Settlement

2  Agreement.

3  **7.  Notice.** The proposed Notice Plan set forth in the Settlement Agreement and

4  the Notices and Claim Form attached to the Settlement Agreement as **Exhibits 1-3** are

5  hereby approved. Non-material modifications to these Exhibits may be made with approval

6  by the Parties but without further order of the Court.

7  **8.  Findings Concerning Notice.** The Court finds the proposed form, content

8  and method of giving Notice to the Settlement Class as described in the Notice Plan and

9  the Settlement Agreement and its Exhibits: (i) will constitute the best practicable notice to

10  the Settlement Class; (ii) are reasonably calculated, under the circumstances, to apprise

11  Settlement Class Members of the pendency of the Litigation, the terms of the proposed

12  Settlement and their rights under the proposed Settlement, including but not limited to,

13  their rights to object to or exclude themselves from the proposed Settlement and other

14  rights under the terms of the Settlement Agreement; (iii) are reasonable and constitute due,

15  adequate and sufficient notice to all Settlement Class Members and other persons entitled

16  to receive notice; (iv) meet all applicable requirements of law, including Fed. R. Civ. P.

17  Rule 23(c); and (v) the Due Process clauses of the United States Constitution. The Court

18  further finds the Notice is written in plain language, uses simple terminology and is

19  designed to be readily understandable by Settlement Class Members.

20  The Claims Administrator is directed to carry out the Notice in conformance with

21  the Settlement Agreement.

22  **9**.  **Class Action Fairness Act Notice.** Within 10 days after the filing of the

23  motion for preliminary approval, the Claims Administrator, on behalf of Defendants, shall

24  have served or caused to be served a notice of the proposed Settlement on appropriate state

25  officials in accordance with the requirements under the Class Action Fairness Act

26  ("CAFA"), 28 U.S.C. § 1715(b).

27  **10**.  **Exclusion from Class.** Any Settlement Class Member who wishes to be

28  excluded from the Settlement Class must mail a written opt-out Request for Exclusion to

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1   the Claims Administrator at the address and in the manner provided in the Notice. Such

2   opt-out Requests for Exclusion must meet the Opt-Out Deadline established by this Order

3   and stated in the Notice.

4          For a Request for Exclusion to be properly completed and executed, subject to

5   approval by the Court, it must: (i) state the Settlement Class Member's full name, address

6   and telephone number; (ii) contain the Settlement Class Member's personal and original

7   signature or the original signature of a person authorized by law to act on the Settlement

8   Class Member's behalf with respect to a claim or right such as those asserted in the

9   Litigation, such as a trustee, guardian or person acting under a power of attorney; and (iii)

10  state unequivocally the Settlement Class Member's intent to be excluded from the

11  settlement. All Requests for Exclusion must be submitted individually in connection with

12  a Settlement Class Member (i.e., one request is required for every Settlement Class

13  Member seeking exclusion).

14         Within 7 days after the Opt-Out Deadline, the Claims Administrator shall provide

15  the Settling Parties with a complete and final list of all Opt-Outs who have timely and

16  validly excluded themselves from the Settlement Class and, upon request, copies of all

17  completed Requests for Exclusions.

18         If the Final Approval Order is entered, any Settlement Class Member who has not

19  submitted a timely, valid written Opt-Out Request for Exclusion from the Settlement Class

20  shall be bound by all subsequent proceedings, orders and judgments in this Litigation,

21  including but not limited to the release set forth in the Final Approval Order. Settlement

22  Class Members who submit valid and timely Opt-Out Requests for Exclusion shall not be

23  entitled to receive any benefits from the Settlement.

24         **11.    Objections and Appearances.** A Settlement Class Member who does not

25  file a valid and timely Request for Exclusion may file with the Court a notice of intent to

26  object to the Class Settlement Agreement. The Long Form Notice shall instruct Settlement

27  Class Members who wish to object to the Agreement to send their written objections to the

28  Clerk of Court, with copies to Class Counsel, Defendants' Counsel and the Settlement

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1  Administrator. The Notice shall make clear the Court can only approve or deny approval

2  of the Settlement Agreement and cannot change the terms. The Notice shall advise

3  Settlement Class Members of the deadline for submission of any objections. Any such

4  notices of an intent to object to the Class Settlement Agreement must be written and must

5  include all of the following: the name of this Litigation *(Rahman v. Erickson Companies,*

6  *LLC*, Case No. 2:25-cv-01866-SMB); the objector's full name, mailing address, telephone

7  number, and email address (if any);  (ii) the specific reasons for the objection, accompanied

8  by any legal support for the objection known to the objector or objector's counsel; (iii) the

9  number of times the objector has objected to a class action settlement within the 5 years

10  preceding the date that the objector files the objection, the caption of each case in which

11  the objector has made such objection, and a copy of any orders related to or ruling upon

12  the objector's prior objections that were issued by the trial and appellate courts in each

13  listed case; (iv) the identity of all counsel who represent the objector, including any former

14  or current counsel who may be entitled to compensation for any reason related to the

15  objection to the Settlement and/or Application for Attorneys' Fees, Costs, and Service

16  Awards; (v) the number of times in which the objector's counsel and/or counsel's law firm

17  have objected to a class action settlement within the 5 years preceding the date of the filed

18  objection, the caption of each case in which counsel or the firm has made such objection

19  and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's

20  prior objections that were issued by the trial and appellate courts in each listed case in

21  which the objector's counsel and/or counsel's law firm have objected to a class action

22  settlement within the preceding 5 years; (vi) any and all agreements that relate to the

23  objection or the process of objecting—whether written or oral—between objector or

24  objector's counsel and any other person or entity; (vii) the identity of all counsel (if any)

25  representing the objector and whether they will appear and address the Court at the Final

26  Approval Hearing; (viii) a list of all persons who will be called to testify at the Final

27  Approval Hearing in support of the objection (if any); (ix) a statement confirming whether

28

1  the objector intends to personally appear and/or testify at the Final Approval Hearing; and

2  the objector's signature (an attorney's signature is not sufficient).

3     To be timely, written notice of an objection in the appropriate form must be filed or

4  postmarked no later than the Objection Deadline. Any Settlement Class Member who files

5  an objection will remain a Settlement Class Member and will be bound by the Agreement

6  if approved and by the Final Approval Order if entered.

7     Any Settlement Class Member who fails to comply with the provisions in this Order

8  will waive and forfeit any and all rights they may have to object, will have their objection

9  stricken from the record and will lose their rights to appeal from approval of the Settlement.

10  Any such Settlement Class Member also shall be bound by all subsequent proceedings,

11  orders and judgments in this Litigation, including but not limited to the release set forth in

12  the Final Approval Order.

13     **12.** **Claims Process.**  Settlement Class Counsel and Defendants have created a

14  process for Settlement Class Members to claim benefits under the Settlement. The Court

15  preliminarily approves this process and directs the Claims Administrator to make the Claim

16  Form or its substantial equivalent available to Settlement Class Members in the manner

17  specified in the Notice. The Claims Administrator will be responsible for effectuating the

18  claims process. The Claims Administrator, together with counsel for the parties are hereby

19  authorized to utilize all reasonable procedures in connection with the administration of the

20  Settlement which are not materially inconsistent with either this Order or the terms of the

21  Settlement Agreement.

22     Settlement Class Members who qualify for and wish to submit a Claim Form shall

23  do so in accordance with the requirements and procedures specified in the Notice and the

24  Claim Form. If the Final Approval Order is entered, all Settlement Class Members who

25  qualify for any benefit under the Settlement but fail to submit a claim in accordance with

26  the requirements and procedures specified in the Notice and the Claim Form shall be

27  forever barred from receiving any such benefit but will in all other respects be subject to

28  and bound by the provisions in the Final Approval Order, including the release.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-7-
[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 2:24-CV-01866-SMB

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

**13.** **Termination of Settlement.** This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing before the Court entered this Order and before they entered the Settlement Agreement, if: (i) Settlement is not finally approved by the Court or any approval is reversed or vacated on appeal, or the Settlement is terminated in accordance with the Settlement Agreement; (ii) the Effective Date does not occur; or (iii) the number of Opt-Outs is greater than one percent of the estimated Settlement Class and Defendants timely exercise their option to terminate the Agreement under the terms thereof. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

**14.** **No Admission of Liability.** The Settlement is not a concession or admission and shall not be used against Defendants or any of the Released Parties as an admission or indication with respect to any claim of any fault or omission by the Defendants or any of the Released Parties. Whether or not the Settlement Agreement is finally approved, neither the Settlement Agreement, nor any document, statement, proceeding or conduct related to the Settlement Agreement, nor any reports or accounts thereof, shall in any event be deemed or construed to be an admission or evidence of any violation of any statute or law, of any liability or wrongdoing by the Defendants or any of the Released Parties or of the truth of any of the claims or allegations made; and evidence of the Settlement shall not be discoverable or used directly or indirectly by the Settlement Class or any third party, in any way for any purpose, except that the provisions of the Settlement Agreement may be used by the Parties to enforce its terms, whether in this action or in any other action or proceeding.

**15.** **Use of Order.** This Order shall be of no force or effect if the Final Approval Order is not entered or there is no Effective Date and shall not be construed or used as an admission, concession or declaration by or against Defendants of any fault, wrongdoing,

1  breach or liability. Nor shall this Order be construed or used as an admission, concession

2  or declaration by or against the Representative Plaintiff or any other Settlement Class

3  Member that his or her claims lack merit or that the relief requested is inappropriate,

4  improper, unavailable or as a waiver by any party of any defense or claims they may have

5  in this Litigation or in any other lawsuit.

6      **16**.    **Continuance of Hearing.** The Court reserves the right to adjourn or continue

7  the Final Approval Hearing and related deadlines without further written notice to the

8  Settlement Class. If the Court alters any of those dates or times, the revised dates and times

9  shall be posted on the Settlement Website maintained by the Claims Administrator. The

10 Court may approve the Settlement, with such modifications as may be agreed upon by the

11 Parties, if appropriate, without further notice to the Settlement Class.

12      **17.**    **Stay of Litigation.** All proceedings in the Litigation other than those related

13 to approval of the Settlement Agreement are hereby stayed. Further, any actions brought

14 by Settlement Class Members concerning the Released Claims are hereby enjoined and

15 stayed pending Final Approval of the Class Settlement Agreement.

16      **18.**    **Schedule and Deadlines.** The Court orders the following schedule of dates

17 for the specified actions/further proceedings:

18

| **Grant of Preliminary Approval** | |
|---|---|
| Notice Date | 30 days after entry of Preliminary Approval Order. |
| Objection Deadline | 60 days after Notice Date |
| Opt-Out/Exclusion Deadline | 60 days after Notice Date |
| Claims Deadline | 60 days after Notice Date |
| Deadline for filing Motion for Final Approval & Attorneys Fees, Costs & Service Award | 45 days after Notice Date |
| **Final Approval Hearing** | _____, 2026 |

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 2:24-CV-01866-SMB

1      **SO ORDERED**.

2

3    Dated: _____            _____

4                                      **HONORABLE SUSAN M. BRNOVICH**
                                       **UNITED STATES DISTRICT JUDGE**
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-10-
[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 2:24-CV-01866-SMB