# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anwar Abdel Rahman, | No. CV-25-01866-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Erickson Companies LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Preliminary Approval of Class Action Settlement (the "Motion") (Doc. 19), the terms of which are set forth in a Settlement Agreement with accompanying exhibits attached as Exhibit A to the Declaration of Scott Edward Cole in Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement (the "Settlement Agreement").[1] Having fully considered the issue,

**IT IS HEREBY ORDERED** granting the Motion as follows:

**1.** <u>**Class Certification for Settlement Purposes Only**</u>. The Settlement Agreement provides for a Settlement Class defined as follows:

> "[A]ll persons in the United States whose Private Information was potentially compromised as a result of the Data Security Incident and who were sent notice by mail of the Data Security Incident prior to the execution of this Agreement."

---

[1] All defined terms herein have the same meaning as set forth in the Settlement Agreement.

Excluded from the Settlement Class is (a) all persons who are governing board members of Defendants; (b) governmental entities; (c) the Court, the Court's immediate family, and Court staff; and (d) any individual who timely and validly opts-out of the Settlement.

Pursuant to Federal Rules of Civil Procedure Rule 23(e)(1), the Court finds giving notice is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable and adequate. The Court also finds it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement because it meets the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the Court finds for settlement purposes only that (i) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable, (ii) there are issues of law and fact that are common to the Settlement Class, (iii) the claims of Representative Plaintiff are typical of and arise from the same operative facts and Representative Plaintiff seeks similar relief as the claims of the Settlement Class Members, (iv) Representative Plaintiff will fairly and adequately protect the interests of the Settlement Class as Representative Plaintiff has no interest antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this Litigation on behalf of the Settlement Class, (v) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members, and (vi) a class action and class settlement are superior to other methods available for a fair and efficient resolution of this Litigation.

**2.     Settlement Class Representatives and Settlement Class Counsel.** The Court finds Plaintiff Anwar Abdel Rahman will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Settlement Class Representative. Additionally, the Court finds that Scott Edward Cole of Cole & Van Note satisfies the requirements of Rule 23(e)(2)(A) and should be appointed as Settlement Class Counsel pursuant to Rule 23(g)(1).

**3**.     **Preliminary Settlement Approval.** Upon preliminary review, the Court

finds the Settlement is fair, reasonable and adequate to warrant providing Notice of Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and nonmonetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the stage of the proceedings at which the Settlement was reached and the discovery that was conducted, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members and all of the other factors required by Rule 23.

**4**.     **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1).

**5.**     **Final Approval Hearing.** A Final Approval Hearing shall be held on **March 12, 2026 at 10:00 a.m.** (30 minutes allowed) at the Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, SPC 19, Phoenix, Arizona 85003, to determine, among other things, whether (i) this Litigation should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. Rule 23(a) and (b)(3), (ii) the Settlement should be approved as fair, reasonable and adequate and finally approved pursuant to Fed. R. Civ. P. Rule 23(e), (iii) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement, (iv) the application of Settlement Class Counsel for an award of attorneys' fees, costs and expenses should be approved pursuant to Fed. R. Civ. P. Rule 23(h) and (v) the application of the Settlement Class Representative for a Service Award should be approved.

**6**.     **Claims Administrator.** The Court appoints CPT Group, Inc. as the Claims Administrator, with responsibility for class notice and claims administration. The Claims Administrator is directed to perform all tasks the Settlement Agreement requires. The Claims Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

**7.** **Notice.** The proposed Notice Plan set forth in the Settlement Agreement and the Notices and Claim Form attached to the Settlement Agreement as **Exhibits 1-3** are hereby approved. Non-material modifications to these Exhibits may be made with approval by the Parties but without further order of the Court.

**8.** **Findings Concerning Notice.** The Court finds the proposed form, content and method of giving Notice to the Settlement Class as described in the Notice Plan and the Settlement Agreement and its Exhibits: (i) will constitute the best practicable notice to the Settlement Class; (ii) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the proposed Settlement and their rights under the proposed Settlement, including but not limited to, their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (iii) are reasonable and constitute due, adequate and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (iv) meet all applicable requirements of law, including Fed. R. Civ. P. Rule 23(c); and (v) the Due Process clauses of the United States Constitution. The Court further finds the Notice is written in plain language, uses simple terminology and is designed to be readily understandable by Settlement Class Members.

The Claims Administrator is directed to carry out the Notice in conformance with the Settlement Agreement.

**9**. **Class Action Fairness Act Notice.** Within 10 days after the filing of the motion for preliminary approval, the Claims Administrator, on behalf of Defendants, shall have served or caused to be served a notice of the proposed Settlement on appropriate state officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

**10**. **Exclusion from Class.** Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written opt-out Request for Exclusion to the Claims Administrator at the address and in the manner provided in the Notice. Such opt-out Requests for Exclusion must meet the Opt-Out Deadline established by this Order

and stated in the Notice.

For a Request for Exclusion to be properly completed and executed, subject to approval by the Court, it must: (i) state the Settlement Class Member's full name, address and telephone number; (ii) contain the Settlement Class Member's personal and original signature or the original signature of a person authorized by law to act on the Settlement Class Member's behalf with respect to a claim or right such as those asserted in the Litigation, such as a trustee, guardian or person acting under a power of attorney; and (iii) state unequivocally the Settlement Class Member's intent to be excluded from the settlement. All Requests for Exclusion must be submitted individually in connection with a Settlement Class Member (i.e., one request is required for every Settlement Class Member seeking exclusion).

Within 7 days after the Opt-Out Deadline, the Claims Administrator shall provide the Settling Parties with a complete and final list of all Opt-Outs who have timely and validly excluded themselves from the Settlement Class and, upon request, copies of all completed Requests for Exclusions.

If the Final Approval Order is entered, any Settlement Class Member who has not submitted a timely, valid written Opt-Out Request for Exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders and judgments in this Litigation, including but not limited to the release set forth in the Final Approval Order. Settlement Class Members who submit valid and timely Opt-Out Requests for Exclusion shall not be entitled to receive any benefits from the Settlement.

**11.** **Objections and Appearances.** A Settlement Class Member who does not file a valid and timely Request for Exclusion may file with the Court a notice of intent to object to the Class Settlement Agreement. The Long Form Notice shall instruct Settlement Class Members who wish to object to the Agreement to send their written objections to the Clerk of Court, with copies to Class Counsel, Defendants' Counsel and the Settlement Administrator. The Notice shall make clear the Court can only approve or deny approval of the Settlement Agreement and cannot change the terms. The Notice

shall advise Settlement Class Members of the deadline for submission of any objections. Any such notices of an intent to object to the Class Settlement Agreement must be written and must include all of the following: the name of this Litigation *(Rahman v. Erickson Companies, LLC*, Case No. 2:25-cv-01866-SMB); the objector's full name, mailing address, telephone number, and email address (if any); (ii) the specific reasons for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel; (iii) the number of times the objector has objected to a class action settlement within the 5 years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case; (iv) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards; (v) the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the 5 years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years; (vi) any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity; (vii) the identity of all counsel (if any) representing the objector and whether they will appear and address the Court at the Final Approval Hearing; (viii) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any); (ix) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and the objector's signature (an attorney's signature is not sufficient).

To be timely, written notice of an objection in the appropriate form must be filed or postmarked no later than the Objection Deadline. Any Settlement Class Member who files an objection will remain a Settlement Class Member and will be bound by the Agreement if approved and by the Final Approval Order if entered.

Any Settlement Class Member who fails to comply with the provisions in this Order will waive and forfeit any and all rights they may have to object, will have their objection stricken from the record and will lose their rights to appeal from approval of the Settlement. Any such Settlement Class Member also shall be bound by all subsequent proceedings, orders and judgments in this Litigation, including but not limited to the release set forth in the Final Approval Order.

**12.     Claims Process.** Settlement Class Counsel and Defendants have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Claims Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice. The Claims Administrator will be responsible for effectuating the claims process. The Claims Administrator, together with counsel for the parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form. If the Final Approval Order is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit but will in all other respects be subject to and bound by the provisions in the Final Approval Order, including the release.

**13.     Termination of Settlement.** This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to

their respective positions existing before the Court entered this Order and before they entered the Settlement Agreement, if: (i) Settlement is not finally approved by the Court or any approval is reversed or vacated on appeal, or the Settlement is terminated in accordance with the Settlement Agreement; (ii) the Effective Date does not occur; or (iii) the number of Opt-Outs is greater than one percent of the estimated Settlement Class and Defendants timely exercise their option to terminate the Agreement under the terms thereof. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

**14.     No Admission of Liability.** The Settlement is not a concession or admission and shall not be used against Defendants or any of the Released Parties as an admission or indication with respect to any claim of any fault or omission by the Defendants or any of the Released Parties. Whether or not the Settlement Agreement is finally approved, neither the Settlement Agreement, nor any document, statement, proceeding or conduct related to the Settlement Agreement, nor any reports or accounts thereof, shall in any event be deemed or construed to be an admission or evidence of any violation of any statute or law, of any liability or wrongdoing by the Defendants or any of the Released Parties or of the truth of any of the claims or allegations made; and evidence of the Settlement shall not be discoverable or used directly or indirectly by the Settlement Class or any third party, in any way for any purpose, except that the provisions of the Settlement Agreement may be used by the Parties to enforce its terms, whether in this action or in any other action or proceeding.

**15.     Use of Order.** This Order shall be of no force or effect if the Final Approval Order is not entered or there is no Effective Date and shall not be construed or used as an admission, concession or declaration by or against Defendants of any fault, wrongdoing, breach or liability. Nor shall this Order be construed or used as an admission, concession or declaration by or against the Representative Plaintiff or any

other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable or as a waiver by any party of any defense or claims they may have in this Litigation or in any other lawsuit.

**16**. **Continuance of Hearing.** The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Claims Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

**17.** **Stay of Litigation.** All proceedings in the Litigation other than those related to approval of the Settlement Agreement are hereby stayed. Further, any actions brought by Settlement Class Members concerning the Released Claims are hereby enjoined and stayed pending Final Approval of the Class Settlement Agreement.

**18.** **Schedule and Deadlines.** The Court orders the following schedule of dates for the specified actions/further proceedings:

| **Grant of Preliminary Approval** | |
| --- | --- |
| Notice Date | 30 days after entry of Preliminary Approval Order. |
| Objection Deadline | 60 days after Notice Date |
| Opt-Out/Exclusion Deadline | 60 days after Notice Date |
| Claims Deadline | 60 days after Notice Date |
| Deadline for filing Motion for Final Approval & Attorneys Fees, Costs & Service Award | 45 days after Notice Date |
| **Final Approval Hearing** | **March 12, 2026** |

Dated this 12th day of November, 2025.

_____
Honorable Susan M. Brnovich
United States District Judge