Robert T. Mills, Esq. (Arizona Bar #018853)
Sean A. Woods, Esq. (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 N. 12th Street, Suite 100
Phoenix, Arizona 85014
Telephone: (480) 999-4556
Email: docket@millsandwoods.com
Email: swoods@millsandwoods.com

Scott Edward Cole, Esq. (CA S.B. #160744)*
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone: (510) 891-9800
Email: sec@colevannote.com

*Admitted Pro Hac Vice*

Attorneys for Representative Plaintiff
and the Plaintiff Class

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| ANWAR ABDEL RAHMAN individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ERICKSON COMPANIES, LLC, ERICKSON FRAMING AZ, LLC, and DOES 1 through 100, inclusive,<br><br>Defendants. | **Case No. 2:25-CV-01866-SMB**<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS AND REQUEST FOR SERVICE AWARD** |

## TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................................... 1

II.   CASE SUMMARY ........................................................................................................ 1

III.   ARGUMENT ................................................................................................................ 2

   A.   The Court Should Approve the Request for Attorneys' Fees ............................... 2

      1.   The Requested Fee Is Reasonable Under the Percentage Method ....................... 4

      2.   The Requested Fee is Reasonable Under the Lodestar Approach ....................... 5

      3.   The Requested Fee Award Is the Product of Arm's-Length Negotiation ............ 6

      4.   The Settlement Provides a Remarkable Recovery for Settlement Class Members ................................................................................................................ 7

      5.   The Value Ascribed to Defendants' Remedial Measures Is Not Included in the Measurement of Settlement Value ....................................................................... 7

      6.   The Requested Amount Is Comparable to Attorneys' Fees Awarded in Other Cases ..................................................................................................................... 8

   B.   Class Counsel is Entitled to Reimbursement of Litigation Costs ......................... 9

   C.   The Court Should Approve the Service Award ..................................................... 9

IV.   CONCLUSION ............................................................................................................. 10

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

# TABLE OF AUTHORITIES

**Cases**

*Adtrader, Inc. v. Google LLC*,
　No. 17-cv-07082-BLF, 2020 U.S. Dist. LEXIS 71654 (N.D.Cal. Mar. 16, 2020) ................... 6

*Alyeska Pipeline Serv. Co. v. Wilderness Soc.*,
　421 U.S. 240 (1975) .................................................................................................................. 2

*Banas v. Volcano Corp.*,
　47 F. Supp. 3d 957 (N.D.Cal. 2014) ........................................................................................ 6

*Bebchick v. Wash. Metro. Area Transit Comm'n*,
　805 F.2d 396 (D.C. Cir. 1986) .................................................................................................. 7

*Camacho v. Bridgeport Fin., Inc.*,
　523 F.3d 973 (9th Cir. 2008) .................................................................................................... 6

*Caudle v. Bristow Optical Co.*,
　224 F.3d 1014 (9th Cir. 2000) .................................................................................................. 5

*Fischel v. Equitable Life Assurance Soc'y*,
　307 F.3d 997 (9th Cir. 2002) .................................................................................................... 5

*George v. Academy Mortgage Corporation (UT)*, 369 F. Supp. 3d 1356, 1378 (N.D. Ga. 2019) . 3

*Gordon v. Chipotle Mexican Grill, Inc.*, No. 17-cv-01415-CMA-SKC, 2019 WL 6972701, at ..... 3

*Grey Fox, LLC v. Plains All-Am. Pipeline, L.P.*,
　No. CV 16-03157 PSG (JEMx), 2024 U.S. Dist. LEXIS 167594 (C.D.Cal. Sep. 17, 2024) ..... 4

*Hanlon v. Chrysler Group*,
　150 F.3d 1011 (9th Cir. 1998) .............................................................................................. 2, 3

*Harris v. Marhoefer*,
　24 F.3d 16, 19 (9th Cir. 1994) .................................................................................................. 9

*Hensley v. Eckerhart*,
　461 U.S. 424 (1983) .................................................................................................................. 3

*In re Activision Sec. Litig.*,
　723 F. Supp. 1373 (N.D.Cal. 1989) .......................................................................................... 3

*In re Anthem, Inc. Data Breach Litig.*,
　No. 15-MD-02617-LHK, 2018 U.S. Dist. LEXIS 140137 (N.D. Cal. Aug. 17, 2018) .......... 8, 9

*In re Banner Health Data Breach Litig.*,
　No. 2:16-cv-02696-SRB, 2020 U.S. Dist. LEXIS 70837 (D.Ariz. Apr. 21, 2020) ................... 6

*In re Checking Account Overdraft Litig.*,
　No. 1:09-MD-02036-JLK, 2013 U.S. Dist. LEXIS 190562 (S.D.Fla. Aug. 2, 2013) ............... 8

*In re Experian Data Breach Litig.*,
　No. SACV 15-01592 AG (DMFx), 2019 U.S. Dist. LEXIS 81243 (C.D.Cal. May 10, 2019) .. 9

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

*In re Home Depot Inc., Customer Data Sec. Breach Litig.*,
  No. 1:14-md-02583-TWT, 2016 U.S. Dist. LEXIS 200113 (N.D.Ga. Aug. 23, 2016) .............. 8

*In re Lidoderm Antitrust Litig.*,
  No. 14-md-02521-WHO, 2018 U.S. Dist. LEXIS 162425 (N.D.Cal. Sep. 20, 2018) ................ 4

*In re Pac. Enters. Secs. Litig.*,
  47 F.3d 373 (9th Cir. 1995) ............................................................................................................ 4

*In re Sonic Corp. Customer Data Sec. Breach Litig.*, No. 1:17-md-2807, MDL No. 2807, 2019
  WL 3773737, at *7 (N.D. Ohio Aug. 12, 2019) .......................................................................... 3

*In re Target Corp. Customer Data Sec. Breach Litig.*,
  892 F.3d 968 (8th Cir. 2018) ........................................................................................................ 9

*In re: Wash. Pub. Power Supply Sys. Sec. Litig.*,
  19 F.3d 1291 (9th Cir. 1994) ........................................................................................................ 4

*Jones v. GN Netcom, Inc. (In re Bluetooth Headset Prods. Liab. Litig.)*,
  654 F.3d 935 (9th Cir. 2011) ............................................................................................ 2, 3, 4, 5

*McCoy v. Health Net, Inc.*,
  569 F. Supp. 2d 448 (D.N.J. 2008) .............................................................................................. 8

*McKinney-Drobnis v. Oreshack*,
  16 F.4th 594 (9th Cir. 2021) ......................................................................................................... 6

*Mercury Interactive Corp. Sec. Litig. v. Mercury Interactive Corp.*,
  618 F.3d 988 (9th Cir. 2010) ........................................................................................................ 2

*Moore v. James H. Matthews & Co.*,
  682 F.2d 830 (9th Cir. 1982) ........................................................................................................ 5

*Morris v. Lifescan, Inc.*,
  54 F. App'x 663 (9th Cir. 2003) ................................................................................................... 4

*Nguyen v. Radient Pharms. Corp.*,
  No. SACV 11-00406 DOC(MLGx), 2014 U.S. Dist. LEXIS 63312 (C.D. Cal. May 6, 2014) . 3

*Rodriguez v. W. Publ'g Corp.*,
  563 F.3d 948 (9th Cir. 2009) ...................................................................................................... 10

*Saliba v. KS Statebank Corp.*,
  No. CV-20-00503-PHX-JAT, 2021 U.S. Dist. LEXIS 196634 (D.Ariz. Oct. 13, 2021) ........... 9

*Silicon Genesis Corp. v. Ev Grp. E.Thallner GmbH*,
  No. 22-cv-04986-JSC, 2024 U.S. Dist. LEXIS 68331 (N.D. Cal. Apr. 15, 2024) ...................... 6

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003) .................................................................................................... 7, 9

*Staton*, 327 F.3d at 974 ...................................................................................................................... 8

*Stetson v. Grissom*,
  821 F.3d 1157 (9th Cir. 2016) ...................................................................................................... 5

*Vizcaino v. Microsoft Corp.*,
   290 F.3d 1043 (9th Cir. 2002) ............................................................................... 2, 4, 7, 8

*Vizcaino*, 290 F.3d at 1048 ............................................................................................. 2

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011) .................................................................................................... 2

**Other Authorities**

*Manual for Complex Litigation*, § 27.71, 336 (4th ed. 2004) ......................................... 3

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On November 12, 2025, this Court preliminarily approved the Settlement between Plaintiff and Defendants and ordered that notice be given to the Class. The Settlement negotiated on behalf of the Class provides a $225,000 non-reversionary Settlement Fund will be used to provide Participating Class Members who submit valid claims with Documented Losses reimbursement of up to $5,000 and Flat Cash Payment representing a *pro-rata* share of what remains in the Settlement Fund ($225,000) after payment of Documented Losses. Furthermore, the Settlement mandates that Defendant implement substantial business practice changes.

This is an excellent Settlement of a risky and complex matter that provides substantial relief for Class Members. As discussed further in this Motion, the parties arrived at the Settlement after significant litigation, including informal discovery efforts. The matter was ultimately settled after several months of negotiation.

Pursuant to the terms of the preliminarily-approved Settlement Agreement, Plaintiff requests an award of (a) $74,992.50 in attorneys' fees (i.e. one third of the gross settlement amount) based on Class Counsel's extensive work in prosecuting this case and delivering an excellent Settlement, (b) $1,318.32 in reasonable litigation costs and (c) a Service Award of $2,500 to the Representative Plaintiff.

## II. CASE SUMMARY

On November 18, 2024, Defendants discovered unusual activity on their network. Following a forensic investigation and manual review, on February 19, 2025, Defendants confirmed that Private Information may have been made accessible to unauthorized parties (the "Data Breach"). On or about March 12, 2025, Defendants began sending notice of the Data Breach to Plaintiff and approximately 11,820 other individuals whose Private Information is believed to have been exposed in the Data Breach. Declaration of Scott Edward Cole ("Cole Decl.") ¶ 3.

On April 2, 2025, Plaintiff Rahman filed a Complaint against Defendants in Superior Court of the State of Arizona in and for the County of Maricopa on a class action basis, asserting claims for Negligence, Breach of Implied Contract and Unfair Business Practices. *Id.* at ¶ 4. Defendants removed the case to this Court and then filed a Motion to Dismiss. After the exchange of information tailored to the settlement process, the Parties engaged in extensive arm's-length negotiations which ultimately resulted in a settlement that Class Counsel considers fair, adequate and reasonable. *Id.* The Settlement Agreement, executed on August 29, 2025, provides substantial benefits to the Settlement Class, eliminates the costs and burdens of continued litigation and fully accomplishes Plaintiff's goals in this Action. *Id.*

## III. ARGUMENT

### A. The Court Should Approve the Request for Attorneys' Fees

District courts may award attorneys' fees and costs to a prevailing plaintiff where "'the successful litigants have created a common fund for recovery or extended substantial benefit to the class.'" *Jones v. GN Netcom, Inc. (In re Bluetooth Headset Prods. Liab. Litig.)*, 654 F.3d 935, 941 (9th Cir. 2011) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc.*, 421 U.S. 240, 275 (1975)). Where counsel for a class seek fees from a common fund, courts within the Ninth Circuit have discretion to employ either the percentage-of-fund or the lodestar-multiplier method to determine whether the fee request is reasonable. *See Mercury Interactive Corp. Sec. Litig. v. Mercury Interactive Corp.*, 618 F.3d 988, 992 (9th Cir. 2010); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-49 (9th Cir. 2002); *Hanlon v. Chrysler Group*, 150 F.3d 1011, 1029 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). Regardless of the chosen method, courts must award attorneys' fees based on an evaluation of "all of the circumstances of the case." *Vizcaino*, 290 F.3d at 1048.

Under the "percentage-of-the-fund" method, the "court simply awards the attorneys a percentage of the fund sufficient to provide class counsel with a reasonable fee." *Hanlon*,

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

150 F.3d at 1029. Most courts have found the percentage approach superior in cases with a common-fund recovery because it (i) parallels the use of percentage-based contingency fee contracts; (ii) aligns the lawyers' interests with that of the class in achieving the maximum possible recovery; and (iii) reduces the burden on the court by eliminating the detailed and time-consuming lodestar analysis. *See In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1374–77 (N.D.Cal. 1989); *Nguyen v. Radient Pharms. Corp.*, No. SACV 11-00406 DOC(MLGx), 2014 U.S. Dist. LEXIS 63312, at *24 (C.D. Cal. May 6, 2014) ("There are significant benefits to the percentage approach, including consistency with contingency fee calculations in the private market, aligning the lawyers' interests with achieving the highest award for the class members, and reducing the burden on the courts that a complex lodestar calculation requires.").

Whether applying the lodestar or percentage method, "the most critical factor is the degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983); *see also Bluetooth*, 654 F.3d at 942 ("Foremost among these considerations . . . is the benefit obtained for the class."); Federal Judicial Center, *Manual for Complex Litigation*, § 27.71, 336 (4th ed. 2004) ("[The] fundamental focus is on the result actually achieved for class members.").

As detailed in Plaintiff's accompanying Motion for Final Approval, Data breach litigation is difficult and presents cutting edge issues. *See Gordon v. Chipotle Mexican Grill, Inc.*, No. 17-cv-01415-CMA-SKC, 2019 WL 6972701, at *1 (D. Colo. Dec. 16, 2019) ("Data breach cases . . . are particularly risky, expensive, and complex."); *accord In re Sonic Corp. Customer Data Sec. Breach Litig.*, No. 1:17-md-2807, MDL No. 2807, 2019 WL 3773737, at *7 (N.D. Ohio Aug. 12, 2019). The "novelty and difficulty of the issues" here favor approving the requested fee, particularly because the novelty and difficulty "created significant risk for Class Counsel." *George v. Academy Mortgage Corporation (UT)*, 369 F. Supp. 3d 1356, 1378 (N.D. Ga. 2019). The Court should approve the requested fee award in light of these risks and challenges and the results achieved.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

**1. The Requested Fee Is Reasonable Under the Percentage Method**

Under the percentage method, the district court may award plaintiffs' attorneys a percentage of the common fund, so long as that percentage represents a reasonable fee. *See e.g.*, *In re: Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1294 n.2 (9th Cir. 1994). Although the Ninth Circuit has set 25% of a common fund as a "benchmark" award under the percentage-of-the-fund method, courts award more than the benchmark when justified, considering factors much like those considered when determining whether a multiplier is appropriate under the lodestar approach. *Vizcaino*, 290 F.3d at 1048, 1051. *See also In re Pac. Enters. Secs. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (approving an award of 33% of a $12 million settlement fund); *Morris v. Lifescan, Inc.,* 54 F. App'x 663, 664 (9th Cir. 2003) (approving an award of 33% of a $14.8 million settlement fund).

Indeed, numerous Court have found that a 33% fee award is "within the range of awards in this Circuit." *See In re Lidoderm Antitrust Litig.*, No. 14-md-02521-WHO, 2018 U.S. Dist. LEXIS 162425, at *39 (N.D.Cal. Sep. 20, 2018) (approving an award of 33% of a $104 million settlement fund); *Grey Fox, LLC v. Plains All-Am. Pipeline, L.P.*, No. CV 16-03157 PSG (JEMx), 2024 U.S. Dist. LEXIS 167594, at *10 (C.D.Cal. Sep. 17, 2024) (approving an award of 33% of a $70 million settlement fund).

The analysis begins by determining the size of the fund, and the Court has discretion to determine what portion of the common fund is "for the benefit of the entire class." *Bluetooth*, 654 F.3d at 942. Here, the Settlement Fund is $225,000—before consideration of the value from Defendants' business changes. As such, the requested fee award of $74,992.50 represents 33.33% of the settlement value. As explained above, the excellent result presented by the Settlement, the contingent nature of representation, the risks of nonpayment, and the highly complex nature of the litigation and the high caliber of lawyering required and employed by all counsel weigh in favor of the 33.33% of the fund sought by Class Counsel here.

### 2. The Requested Fee is Reasonable Under the Lodestar Approach

In the alternative, application of the lodestar method here confirms the propriety of Class Counsel's fee request. Under the lodestar method, "the district court 'multiplies a reasonable number of hours by a reasonable hourly rate.'" *Stetson v. Grissom*, 821 F.3d 1157, 1166 (9th Cir. 2016) (quoting *Fischel v. Equitable Life Assurance Soc'y*, 307 F.3d 997, 1006 (9th Cir. 2002)). The lodestar amount may then be adjusted by a risk multiplier, and/or "a multiplier that reflects 'a host of "reasonableness" factors.'" *Stetson*, 821 F.3d at 1166 (quoting *In re Bluetooth*, 654 F.3d at 941-42).

#### i. The Number of Hours Claimed Is Reasonable

Class Counsel maintained contemporaneous, detailed time records billed in 6-minute increments. Cole Decl. ¶ 9. The result is a total number of 153.51 hours and total lodestar of $79,969.50. The total fee award of $75,000 thus represents a negative lodestar.

This number of hours and corresponding lodestar sought by Class Counsel is reasonable and should be reflected in the fees awarded to Class Counsel. *See Caudle v. Bristow Optical Co.*, 224 F.3d 1014, 1028-29 (9th Cir. 2000), *as amended on denial of reh'g* (Nov. 2, 2000) (counsel entitled to recover for all hours reasonably expended); *Moore v. James H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982) ("'every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest . . . .'") (citation omitted).

As detailed above and in the declarations, these hours include: (1) engaging in extensive efforts to develop strategic plans, (2) extensively researching and filing the initial complaint, (3) legal research and drafting an opposition to Defendants' motion to dismiss, (4) drafting the Amended Complaint, (5) meeting and conferring regarding informal discovery, (6) undertaking substantial investigation of the Data Breach and the corporate structure of Defendants, (7) negotiating the details of the Settlement Agreement over multiple months and securing preliminary approval of the Settlement, and (8) overseeing the claims process. Cole Decl. ¶¶ 10-11.

### ii. The Hourly Rates Are Reasonable

Class Counsel is entitled to the hourly rates charged by attorneys of comparable experience, reputation and ability for similar complex federal litigation. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). Class Counsel has brought to this case extensive experience in the area of consumer class actions and complex litigation. Cole Decl. ¶¶ 23-29, Exhibit C. Here, Class Counsel's hourly rates are reasonable in light of their significant experience, expertise and skill. Courts in the Ninth Circuit have approved rates similar to and greater than the ones sought here. *See e.g.*, *Silicon Genesis Corp. v. Ev Grp. E.Thallner GmbH*, No. 22-cv-04986-JSC, 2024 U.S. Dist. LEXIS 68331, at *4 (N.D. Cal. Apr. 15, 2024) (approving of rate of $1,000 per hour for partner); *Adtrader, Inc. v. Google LLC*, No. 17-cv-07082-BLF, 2020 U.S. Dist. LEXIS 71654, at *25 (N.D.Cal. Mar. 16, 2020) (approving of rate of $1,000 per hour for partner); *Banas v. Volcano Corp.*, 47 F. Supp. 3d 957, 965 (N.D.Cal. 2014) (approving rates ranging from $355 to $1,095 per hour for partners and associates).

### 3. The Requested Fee Award Is the Product of Arm's-Length Negotiation

The Parties negotiated at arm's-length for months to achieve this Settlement. This began with substantial motion practice and discovery. Representative Plaintiff procured sufficient documentation to inform his position on the claims and defenses in this case. This supports a finding that the negotiations were performed at arm's-length without collusion or fraud. *See*, *e.g.*, *In re Banner Health Data Breach Litig.*, No. 2:16-cv-02696-SRB, 2020 U.S. Dist. LEXIS 70837, at *16 (D.Ariz. Apr. 21, 2020) ("A settlement is presumed to be fair if it follows sufficient discovery and genuine arm's-length negotiation") (internal citation omitted) (cleaned up).

Further, the Settlement is non-reversionary—a factor that heavily supports claims of fair dealing. *See*, *e.g.*, *McKinney-Drobnis v. Oreshack*, 16 F.4th 594, 610 (9th Cir. 2021) ("[W]e have identified 'reverter' or 'kicker' provisions as red flags.").

#### 4. The Settlement Provides a Remarkable Recovery for Settlement Class Members

Class Counsel's efforts generated an exceptional Settlement, which includes a $225,000 non-reversionary Settlement Fund as well as business practice changes by Defendants with an estimated cost of $332,758. Cole Decl. ¶ 5.

As further described in Representative Plaintiff's Motion for Preliminary Approval (Dkt. No. 19), the $225,000 non-reversionary Settlement Fund will be used to provide Participating Class Members who submit valid claims with out-of-pocket loss reimbursement of up to $5,000 and a Flat Cash Payment of any money remaining in the Settlement Fund after paying all other expenses and costs, subject to increase or decrease *pro-rata* to expend all funds remaining in the Settlement Fund.

#### 5. The Value Ascribed to Defendants' Remedial Measures Is Not Included in the Measurement of Settlement Value

"Incidental or non-monetary benefits conferred by the litigation are relevant circumstances" in determining an appropriate award of attorneys' fees, under both the lodestar and percentage methods. *Vizcaino*, 290 F.3d at 1049 (concluding that change in employer practices and clarification of law were factors supporting fee award) (citing with approval *Bebchick v. Wash. Metro. Area Transit Comm'n*, 805 F.2d 396, 408 (D.C. Cir. 1986) ("[A]n upward adjustment to the lodestar is appropriate to reflect the benefits to the public flowing from this litigation.")); *Staton v. Boeing Co.*, 327 F.3d 938, 974 (9th Cir. 2003) ("[C]ourts should consider the value of the injunctive relief obtained as a 'relevant circumstance' in determining what percentage of the common fund class counsel should receive as attorneys' fees.").

As Class Counsel has detailed, Defendants have already and will continue to invest in remedial measures. S.A. ¶ 71. Because the remedial measures bolster Defendants' global security—not just the attack used for the Data Breach—these remedial measures provide an enormous benefit to *all* Class Members (and any individuals for whom Defendants store PII), regardless of whether they submit a claim for other benefits. Cole Decl. ¶ 6.

Because "'the value to individual class members of benefits deriving from

injunctive relief can be accurately ascertained,'" the amount of such relief may be included "'as part of the value of a common fund for purposes of applying the percentage method of determining fees.'" *Staton*, 327 F.3d at 974; *see also In re Checking Account Overdraft Litig.*, No. 1:09-MD-02036-JLK, 2013 U.S. Dist. LEXIS 190562, at *37-8 (S.D.Fla. Aug. 2, 2013) (adding value of non-assessed overdraft fees to common fund before applying percentage method); *McCoy v. Health Net, Inc.*, 569 F. Supp. 2d 448, 478 (D.N.J. 2008) (including value of injunctive relief that benefits the class in percentage-of-recovery calculation). Here, where Class Counsel have not increased the value of the Settlement Fund beyond the cash payment by Defendant, the Court should "consider the value of this nonmonetary relief as 'a "relevant circumstance" in determining what percentage of the common fund class counsel should receive as attorneys' fees, rather than as part of the fund itself.'" *In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2018 U.S. Dist. LEXIS 140137, at *93 (N.D. Cal. Aug. 17, 2018).

### 6. The Requested Amount Is Comparable to Attorneys' Fees Awarded in Other Cases

In determining whether an award is reasonable, courts may look to awards made in similar cases. *See Vizcaino*, 290 F.3d at 1050 n.4. The request here is incredibly modest in absolute terms when compared with awards in other data breach cases. For instance, the fee requested here compares favorably with that awarded in *Home Depot* where relying primarily on the lodestar method, the court approved a fee award of $7,536,497.80 after applying a 1.3 multiplier to counsel's base lodestar of $5,797,306, where the settlement featured a $13 million settlement fund, and was valued at $27 million total. *In re Home Depot Inc., Customer Data Sec. Breach Litig.*, No. 1:14-md-02583-TWT, 2016 U.S. Dist. LEXIS 200113 (N.D.Ga. Aug. 23, 2016) (granting fee motion); *see also id.* No. 1:14-md-02583, at Dkt. No. 226-1 (explaining settlement benefits in detail in motion for final approval).

In *Experian Data Breach Litigation*, the court awarded $10.5 million in attorneys'

fees. *In re Experian Data Breach Litig.*, No. SACV 15-01592 AG (DMFx), 2019 U.S. Dist. LEXIS 81243, at *30, 32 (C.D.Cal. May 10, 2019). The *Anthem* court applied the percentage-of-fund approach to award plaintiffs' counsel in that data breach case 27% of the settlement fund, for a total of $31.05 million. *Anthem*, 2018 U.S. Dist. LEXIS 140137 at *16. Similarly, the *Target* court approved a fee award of $6.75 million, which represented 29% of defendant's total payout, which included a $10 million settlement fund. *In re Target Corp. Customer Data Sec. Breach Litig.*, 892 F.3d 968, 977 (8th Cir. 2018)).

Here, Class Counsel's requested fee of $74,992.50 for the litigation of virtually identical facts under the same laws represent significant efficiency for the Settlement Class. Although Class Counsel request 33.33% of the Settlement Fund, a lesser amount—which would entail a negative multiplier—would disincentivize future plaintiffs where class sizes are not sufficient to secure large enough settlements.

### B. Class Counsel is Entitled to Reimbursement of Litigation Costs

Under well-settled law, Class Counsel are entitled to recover "out-of-pocket expenses that would normally be charged to a fee-paying client." *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (internal citation and quotation marks omitted).

To date, Class Counsel have collectively incurred $1,318.32 in unreimbursed litigation costs. Cole Decl. ¶ 21. These costs were reasonably necessary for the prosecution and resolution of this litigation (*Id.*), and were incurred by Class Counsel for the benefit of Class Members with no guarantee that they would be reimbursed. *See Staton,* 327 F.3d at 974 (class counsel entitled to reimbursement of expenses reasonably incurred). Class Counsel's litigation costs are reasonable in amount, and the Court should approve their reimbursement.

### C. The Court Should Approve the Service Award

"The Ninth Circuit recognizes that named plaintiffs in class action litigation are eligible for reasonable incentive payments." *Saliba v. KS Statebank Corp.*, No. CV-20-00503-PHX-JAT, 2021 U.S. Dist. LEXIS 196634, at *18 (D.Ariz. Oct. 13, 2021). Service

awards, which are discretionary, "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009).

The Court should grant the modest Service Award of $2,500 to the Representative Plaintiff to compensate him for the effort and risk entailed in pursuing this litigation. Cole Decl. ¶ 22. The Representative Plaintiff has been enthusiastic and active and has fought for the best interests of the Class. The Representative Plaintiff actively participated in the litigation by: investigating the matter prior to and after retaining his attorney; reviewing and approving his original complaint and/or the Amended Complaint; participating in discovery by collecting documents and gathering evidence; and corresponding and communicating with counsel to monitor the progress of the litigation and settlement. *Id.* The Representative Plaintiff put his name and reputation on the line for the sake of the Class, and no recovery would have been possible without their critical role. *Id.*

## IV. CONCLUSION

For all the foregoing reasons, Representative Plaintiff respectfully requests that the Court award $74,992.50 in attorneys' fees, $1,318.32 in costs, as well as a Service Award of $2,500 to the Representative Plaintiff.

Dated: January 23, 2026          By: */s/ Scott Edward Cole*
                                 Scott Edward Cole, Esq. (CA S.B. #160744)*
                                 **COLE & VAN NOTE**
                                 555 12th Street, Suite 2100
                                 Oakland, California 94607
                                 Telephone: (510) 891-9800
                                 Facsimile: (510) 891-7030
                                 Email: sec@colevannote.com

                                 Robert T. Mills (Arizona Bar #018853)
                                 Sean A. Woods (Arizona Bar #028930)
                                 **MILLS + WOODS LAW, PLLC**
                                 5055 N. 12th Street, Suite 100
                                 Phoenix, Arizona 85014
                                 Telephone: (480) 999-4556
                                 Email: docket@millsandwoods.com
                                 Email: swoods@millsandwoods.com

*Admitted Pro Hac Vice*

Attorneys for Representative Plaintiff and the Plaintiff Class

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2025, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Gena L. Sluga
gsluga@cdslawfirm.com
Justin Vanderveer
jvanderveer@cdslawfirm.com
ycanez@cdslawfirm.com
file@cdslawfirm.com
**CHRISTIAN DICHTER & SLUGA, P.C.**
2800 N Central Ave., Ste. 860
Phoenix, Arizona 85004
Telephone: (602) 792-1700

Wystan M. Ackerman
wackerman@rc.com
William M. Daley
wdaley@rc.com
**ROBINSON & COLE LLP**
One State Street
Hartford, Connecticut 06103
Telephone: (860) 275-8200

*Attorneys for Defendants*

                                          */s/ J. Taylor Locke*
                                          J. Taylor Locke