# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anwar Abdel Rahman,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Erickson Companies LLC, et al.,<br><br>　　　　　Defendants. | No. CV-25-01866-PHX-SMB<br><br>**CLASS ACTION**<br><br>**ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

This matter came before the United States District Court for the District of Arizona, at 10:00 a.m. on March 12, 2026, with Cole & Van Note appearing as counsel for Representative Plaintiff Anwar Abdel Rahman, individually, and on behalf of the Settlement Class, and counsel appearing for Defendants. Having carefully considered the briefs, argument of counsel and all matters presented to the Court and good cause appearing, the Court hereby **GRANTS** Plaintiff's Motion for Final Approval of Class Action Settlement.

## FINDINGS

Based on the oral and written argument and evidence presented in connection with the Motion, the Court makes the following findings:

1. All terms used herein shall have the same meaning as defined in the proposed Settlement Agreement ("Agreement").

2. This Court has jurisdiction over the subject matter of the above-captioned litigation and over all Parties to this Litigation, including the Settlement Class.

**Preliminary Approval of the Settlement**

3. On November 12, 2025, the Court granted preliminary approval of a class-wide settlement. At this same time, the Court approved certification of a provisional Settlement Class for settlement purposes only.

**Notice to the Plaintiff Class**

4. In compliance with the Preliminary Approval Order, the Class Notice was sent via first class mail on December 12, 2025. Mailing the Class Notice was the best notice practicable under the circumstances and was reasonably calculated to communicate actual notice of the Litigation and the proposed settlement to the Settlement Class. To the extent Class Notices were returned as undeliverable, the Settlement Administrator performed reasonable address traces then, when possible, re-mailed those Notices to better mailing addresses. Of the 11,504 Notices mailed, 1,547 Notices were undeliverable following attempted service. The Class Notice fully satisfied Rule 23 of the Federal Rules of Civil Procedure and all due process requirements.

5. According to the Claims Administrator, there are 438 members of the Settlement Class who will receive a benefit from a Settlement Claim. The deadline for opting out and objecting has passed and no Settlement Class Members have done so. There was an adequate interval between mailing of the Notice and the deadline to permit Settlement Class Members to choose what to do and act on their decision.

6. The Parties also have complied fully with the notice provisions of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. None of the numerous officials to whom notice was given under CAFA has filed an objection to the Settlement or otherwise sought to be heard.

7. There were no objections filed to the Settlement and no Settlement Class Members timely opted out of the Settlement in accordance with the Agreement.

8. The Court held a final approval hearing on March 12, 2026, of which Settlement Class Members were given notice and had an opportunity to be heard if they so desired.

**Fairness of the Settlement**

9. The proposed Agreement is approved as fair, adequate and reasonable and is in the best interests of Settlement Class Members, after careful consideration of all of the factors set forth in Rule 23(e)(2) of the Federal Rules of Civil Procedure and *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011).

**IT IS HEREBY ORDERED THAT:**

1. The Settlement Class is certified for the purposes of settlement only. The Settlement Class is hereby defined as:

> All persons in the United States whose Private Information was potentially compromised as a result of the Data Security Incident and who were sent notice by mail of the Data Security Incident prior to the execution of the Settlement Agreement.

2. Excluded from the Settlement Class are (a) all persons who are governing board members of Defendants; (b) governmental entities; (c) the Court, the Court's immediate family, and Court staff; and (d) any individual who timely and validly opts-out of the Settlement.

3. The Agreement is hereby finally approved as fair, reasonable, adequate and in the best interest of the Settlement Class.

4. A Final Judgment in this action is hereby entered and this shall constitute a Judgment for purposes of Federal Rules of Civil Procedure Rule 54.

5. This Final Judgment shall bind each Settlement Class Member and shall operate as a full release and discharge of the Released Claims against the Released Parties. All rights to appeal the Final Judgment have been waived. This Final Judgment and Final Approval Order shall have *res judicata* effect and bar all Settlement Class Members from bringing any action asserting Settlement Class Members' Released Claims under the Agreement.

6. The Agreement and Settlement are not an admission by Defendants or any Released Parties, nor is this Final Approval Order a finding, of the validity of any claims in this action or of any wrongdoing by Defendants or any Released Parties. Neither this Final Approval Order, this Final Judgment, the Agreement, nor any document referred to herein, nor any action taken to carry out the Agreement is, may be construed as, or may be used as an admission by or against Defendants or any Released Parties of any fault, wrongdoing or liability whatsoever. The entering into or carrying out of the Agreement, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Defendants or any Released Parties and shall not be the subject of discovery in, or offered in evidence in any action or proceeding against Defendants or any Released Parties in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of this Final Approval Order, this Final Judgment, the Agreement or any related agreement or release. Notwithstanding these restrictions, any of the Released Parties may file in this case or any other proceeding this Final Approval Order, this Final Judgment, the Agreement or any other papers and records on file in the case as evidence of the Settlement to support a defense of *res judicata*, collateral estoppel, release or other theory of claim or issue preclusion or similar defense as to the Released Claims.

7. Notice of entry of this Final Approval Order and Final Judgment shall be given to Class Counsel on behalf of Plaintiff and all Settlement Class Members. It shall not be necessary to send notice of entry of this Final Approval Order and Final Judgment to individual Settlement Class Members, but it shall be posted on the settlement website. The time for any appeal shall run from service of entry of the Final Approval Order and Final Judgment on the Court's docket.

8. After entry of this Order and Final Judgment, the Court shall retain jurisdiction to construe, interpret, implement and enforce the Agreement and this Judgment, to hear and resolve any contested challenge to a claim for settlement benefits

and to supervise and adjudicate any dispute arising from or in connection with the distribution of settlement benefits.

     9.    Confidential information shall be handled in accordance with Paragraph 142 of the Agreement.

Dated this 12th day of March, 2026.

_____
Honorable Susan M. Brnovich
United States District Judge